# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **FINANCIAL EDUCATION SERVICES, INC.**, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-11120-BAF-APP <br><br> Hon. Bernard A. Friedman |

**FTC'S *EX PARTE* MOTION TO TEMPORARILY SEAL CASE FILE**

Plaintiff, the Federal Trade Commission ("FTC"), respectfully submits this motion *ex parte* for an order pursuant to E.D. Mich. LR 5.3(b) temporarily sealing the entire docket and all pleadings in this matter until 5:00 p.m. on the later of (a) May 26, 2022 or (b) the third business day after entry of any temporary restraining order in this case. In support of its motion and pursuant to E.D. Mich. LR 5.3(b)(3), the FTC states as follows:

1. In accordance with E.D. Mich. LR 5.3(b)(3)(A)(i), the FTC seeks a temporary seal of the entire docket and all pleadings in this matter, including the following documents in their entirety:

    (a) Complaint for Permanent Injunction, Monetary Relief, and Other Relief;

    (b) Civil Cover Sheet

    (c) FTC's *Ex Parte* Motion to Temporarily Seal Case File

1

(d) FTC's Memorandum in Support of Its *Ex Parte* Motion to Temporarily Seal Case File

(e) Proposed Order Temporarily Sealing Case File

(f) FTC's *Ex Parte* Motion for Temporary Restraining Order with an Asset Freeze, Appointment of Receiver, and Other Equitable Relief

(g) FTC's Memorandum in Support of Its *Ex Parte* Motion for Temporary Restraining Order with an Asset Freeze, Appointment of Receiver, and Other Equitable Relief

(h) FTC's Exhibits in Support of Its *Ex Parte* Motion for Temporary Restraining Order with an Asset Freeze, Appointment of Receiver, and Other Equitable Relief

(i) Declaration of FTC Counsel in Support of Its *Ex Parte* Motion for Temporary Restraining Order with an Asset Freeze, Appointment of Receiver, and Other Equitable Relief

(j) FTC's Recommendation for Receiver

(k) Proposed Temporary Restraining Order;

(l) FTC's *Ex Parte* Motion to File Brief in Excess of Page Limits;

(m) FTC's Memorandum in Support of Its *Ex Parte* Motion to File Brief in Excess of Page Limits;

(n) Proposed Order Allowing FTC to File Brief in Excess of Page Limits;

(o) Summonses; and

(p) Any Temporary Restraining Order, Seal Order, Page Limit Order, or other order entered by the Court.

2. In accordance with E.D. Mich. LR 5.3(b)(3)(A)(ii), the FTC states that a temporary seal is needed to prevent the likely destruction of evidence and

dissipation of assets by Defendants prior to service of the temporary restraining order upon them. Placing the file immediately on the public record, or in any way identifying the relief requested, would be contrary to the public interest.

3. In accordance with E.D. Mich. LR 5.3(b)(3)(A)(iii), the FTC states that none of the documents at issue were designated as "confidential" under any protective order.

4. In accordance with E.D. Mich. LR 5.3(b)(3)(A)(iv), the FTC bases its motion on the Court's power to limit access to documents in service of the public interest. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("Every court has supervisory power over its own records and files . . . ."). As further explained in the accompanying memorandum in support of this motion, as well as in the accompanying certification and declaration of FTC counsel Gregory A. Ashe, the FTC hereby seeks this temporary relief to prevent the likely destruction of evidence and dissipation of assets by Defendants prior to service of the temporary restraining order upon them.

5. The FTC seeks a temporary seal until 5:00 p.m. on the later of (a) May 26, 2022 or (b) the third business day after entry of any temporary restraining order in this case, which would allow the FTC sufficient time to serve the first Defendant. At that time, the seal would expire by its own terms.

6. Because (a) the FTC seeks a temporary seal of the entire docket and all pleadings and documents that have been filed in their entirety and (b) the FTC seeks only a temporary seal, after which the entire docket and all pleadings and documents that have been filed would be unsealed and available to the public, the FTC requests that it be relieved from the requirements of E.D. Mich. LR 5.3(b)(3)(A)(v) and (vi).

WHEREFORE, the FTC respectfully requests that the Court grant this motion by entering the proposed order temporarily sealing the entire file and docket in this matter. A proposed order is lodged herewith.

Dated:  May 23, 2022	Respectfully submitted,

   */s/Gregory A. Ashe*
GREGORY A. ASHE
K. MICHELLE GRAJALES
JULIA E. HEALD
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-3172 (Grajales)
Telephone: 202-326-3589 (Heald)
Facsimile: 202-326-3768
Email:gashe@ftc.gov, mgrajales@ftc.gov,
     jheald@ftc.gov

DAWN N. ISON
United States Attorney

PETER A. CAPLAN (P30643)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Telephone: 313-226-9784
Email: peter.caplan@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br><br>v.<br><br>**FINANCIAL EDUCATION SERVICES, INC.**, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-11120-BAF-APP<br><br>Hon. Bernard A. Friedman |

**FTC'S MEMORANDUM IN SUPPORT OF ITS *EX PARTE* MOTION TO TEMPORARILY SEAL CASE FILE**

Plaintiff, the Federal Trade Commission ("FTC"), respectfully submits this memorandum in support of its motion *ex parte* for an order pursuant to E.D. Mich. LR 5.3(b) temporarily sealing the entire docket and all pleadings in this matter until 5:00 p.m. on the later of (a) May 26, 2022 or (b) the third business day after entry of any temporary restraining order in this case. In support of its motion, the FTC states:

1. As detailed in the FTC's memorandum in support of its *ex parte* motion for a Temporary Restraining Order ("TRO") and in the certification and declaration of FTC counsel Gregory A. Ashe in support thereof ("Ashe Certification"), Defendants persistently violate (1) Section 5 of the FTC Act, 15 U.S.C. § 45, (2) multiple provisions of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679-1679*l*, and (3) multiple provision of the

1

      FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in the course of marketing and selling credit repair services and investment opportunities to consumers nationwide.

2. If this case were docketed immediately as a matter of public record, there is a substantial possibility that Defendants would learn of the case before being served with the TRO.

3. Defendants' pervasive deceptive conduct indicates that they are likely to destroy or conceal business records or other tangible things and dissipate assets if they receive notice of the FTC's action before being served with the TRO. In the FTC's experience, defendants engaging in unfair and deceptive practices have secreted assets and destroyed documents upon learning of an impending law enforcement action. (*See* Ashe Certification ¶¶8, 9.) Indeed, as discussed in the TRO Memorandum, the Corporate Defendant funnels substantial amounts of their unlawful proceeds to the Individual Defendant. Should Defendants prematurely learn of this case, it is highly likely that they would attempt to place most, if not all, of the remaining proceeds of their scheme beyond the reach of this Court.

4. The dissipation, destruction, or concealment of assets and records would frustrate the FTC's ability to obtain, and this Court's ability to award, effective relief for the victims of defendants' unlawful practices.

5. This Court's inherent authority to control its docket warrants temporarily sealing the record. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 597, 598 (1978) ("Every court has supervisory power over its own records and files . . . ."). While there exists a presumption of public access to court documents, such presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Resnick v. Patton*, 258 F.3d Appx. 789, 792 (6th Cir. 2007); *UFrayer v. NSF Int'l*, 2021 U.S. Dist. LEXIS 165677, at *2 (E.D. Mich. Sep. 1, 2021). A seal is appropriate where, for example, a court determines that, if made public, "'court files might . . . become a vehicle for improper purposes.'" *Nixon*, 435 U.S. at 597. Indeed, "the danger of impairing law enforcement or judicial efficiency" is a factor weighing in favor of a seal. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *CFTC v. Bolze*, 2009 WL 605248 (E.D. Tenn. Mar. 3, 2009) (granting temporary seal motion noting agency's interests outweigh presumption that court files will be open to the public); *FTC v. USA Beverages, Inc.*, 2005 U.S. Dist. LEXIS 39064, at *6 (S.D. Fla. Nov. 4, 2005) (granting temporary seal order finding "compelling government interest of protecting the Court's ability to order restitution pending the outcome of the case"); *FTC v. Harry*, 2004 U.S. Dist. LEXIS 15588, at *26-27 (N.D. Ill. Jul. 27, 2004). And courts have routinely granted similar

3

temporary seals in other FTC law enforcement actions. *See, e.g., FTC v. Zurixx,* LLC, 2019 U.S. Dist. LEXIS 226551, at *2 (D. Utah. Oct. 4, 2019); *FTC v. Surescripts*, 2019 U.S. Dist. LEXIS 237763, at *5 (D.D.C. Apr. 17, 2019); *FTC v. Impetus Enter.*, 2018 U.S. Dist. LEXIS 232664, at *2 (C.D. Cal. Nov. 13, 2018); *FTC v. Click4Support, LLC*, 2015 U.S. Dist. 153945, at *3 (E.D. Pa. Nov. 10, 2015); *USA Beverages, Inc.*, 2005 U.S. Dist. LEXIS 39064, at *7-8.

WHEREFORE, the FTC respectfully requests that this Court grant this motion by entering the proposed order temporarily sealing the entire file and docket in this matter.

Dated:  May 23, 2022               Respectfully submitted,

                                       */s/Gregory A. Ashe*
GREGORY A. ASHE
K. MICHELLE GRAJALES
JULIA E. HEALD
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-3172 (Grajales)
Telephone: 202-326-3589 (Heald)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, mgrajales@ftc.gov,
       jheald@ftc.gov

DAWN N. ISON
United States Attorney

PETER A. CAPLAN (P30643)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Telephone: 313-226-9784
Email: peter.caplan@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

5