# FTC MOTION FOR TEMPORARY RESTRAINING ORDER

# EXHIBIT 17

**Affidavit of Michael Toloff filed as Document #7 in** *Pharel v. Financial Education Services, Inc.*, **Index No. 521603/2020 (N.Y. Sup. Ct.)**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
================================================ X
JEAN DAVID PHAREL,

                               Plaintiff,

      -against-

FINANCIAL EDUCATION SERVICES, INC.,
UNITED CREDIT EDUCATION SERVICES,
YOUTH FINANCIAL LITERACY FOUNDATION,
MICHAEL TOLOFF, PARIMAL NAIK,
GERALD R. THOMPSON, PAT KARAS,
LES KEYSHIAN, and VRJJESH PATEL,

                               Defendants.
================================================ X

Index No.: 521603/2020

**AFFIDAVIT**

STATE OF MICHIGAN      )
                                  )ss.:
COUNTY OF OAKLAND     )

     *MICHAEL TOLOFF,* being duly sworn hereby deposes and says as follows:

1. I am the co-founder and was previously the President of Financial Education Services, Inc. ("FES"), a named **Defendant** herein. FES is a Michigan business corporation. I am no longer the President of or an officer of FES but I remain a consultant for FES after having left my position as President in September 2019. I am also individually named as a Defendant herein.

2. The offices of FES are located in Farmington Hills, Michigan.

3. The offices of the Co-defendant United Credit Education Services ("UCES") are also located in Farmington Hills, Michigan.

4. I am a resident of the State of Michigan.

5. I have no ties to New York.

1

w:\selena\jacqui\motions60\financial(affidavit)

6. Neither FES or UCES have an office in New York.

7. None of the individual Defendants named in the complaint work in New York or live in New York.

8. Pat Karas, is individually named Defendant. Pat Karas is the Vice President of Operations of UCES and is a resident of the State of Michigan.

9. Primal Naik, a named Defendant, is a co-founder of FES and is currently the Chief Executive Officer of FES. Mr. Naik is a resident of the State of Michigan.

10. Gerald R. Thompson, a named Defendant, is the President of UCES and is a named Defendant. Mr. Thompson resides in Michigan.

11. Les Keyshian is a named Defendant and is a board member of UCES. Mr. Keyshian is a resident of the State of Michigan.

12. Vrjjesh Patel is a named Defendant and is a board member of UCES. Mr. Patel is a resident of the State of Michigan.

13. FES is a marketing company that markets various financial services or financial service resources through its agents. The services or resources are designed to help customers better manage their individual financial situations.

14. FES utilizes and engages independent contractors as agents to represent and sell the FES products. The agents can build his/her own organization and recruit additional agents for their downline.

15. UCES, a named corporate co-Defendant, is a dba for Youth Financial Literacy Foundation, a not-for-profit 501(c)(3) charity that provides services which help individuals improve their financial situation. One of their services it to help customers understand

2

w:\selena\jacqui\motions60\financial(affidavit)

FILED: KINGS COUNTY CLERK 12/09/2020 02:38 PM
Case 2:22-cv-11120-BAF-APP   ECF No. 5-17, PageID.620   Filed 05/23/22   Page 3 of 10
INDEX NO. 521603/2020
RECEIVED NYSCEF: 12/09/2020

PX17 - 2

2 of 9

and improve their credit ratings. UCES also provides money management educational services to middle school children across the United States and funds an annual scholarship program for financial literacy. In 2020 UCES gave away $600,000 in scholarships to high school senior and college freshman.

16. FES does not sell credit improvement services or products that help people improve their credit ratings. Its products are separate from those offered by UCES.

17. UCES can sell credit related services as it is a 501(c)(3) charity and is exempt from CROA regulation.

18. FES and UCES are separate entities but do have a contractual relationship. FES provides services to UCES in the form of marketing and operational functions for UCES such as IT service, paying commissions to the agents, maintaining websites, and agent back office functions.

19. Plaintiff agreed to be an agent for both FES and UCES and, in doing so, agree to be bound to the terms of the standard form agreements that both FES and UCES utilize for their agents.

20. Plaintiff signed up to be an agent online, through the website. The website is utilized by all agents of both FES and UCES to become agents and all agents follow the same protocol to become agents of the companies.

21. Plaintiff submitted an Independent Sales Agent application on August 2, 2018, and agreed to the terms of the Representative Agreement and Statement of Policies and Procedures for FES. Plaintiff also agreed to the Terms and Conditions for UCES. *(See Exhibits "A," "B," "C" and "D.")*

22. Jean Pharel electronically signed the documents on August 8, 2018. *(See Exhibits "A," "B," "C" and "D.")* Plaintiff, like all agent of FES and UCES, cannot fully submit his application and/or be approved as an Independent Agent until he agreed to all the Terms and Conditions of the relationship as well all of the policies and procedures.

23. In reviewing *Exhibit "E,"* the Court can see that the *"Terms and Conditions"* required Plaintiff to submit the Independent Agent Agreement online and to set forth that he did review and an understand all of the terms of the Independent Agent Agreement and UCES Protection Plan Term and Conditions of Enrollment. *(See Exhibit "E.")*

24. Pursuant to the terms thereof, the Agent Agreement was made in the State of Michigan and is governed exclusively by Michigan law. Any and all disputes are to be heard exclusively in Michigan. Moreover, there is a mandatory arbitration clause, that is also required to be held in Michigan under the laws of Michigan. The pertinent portions are as follows:

> "11. Jurisdiction and Governing Law. The formation, construction, interpretation, and enforceability of your contract with FES as set forth in this Independent Agent Agreement and any incorporated documents <u>shall be governed by and interpreted in all respects under the laws of the State of Michigan without regard</u> to conflict of law provisions. Louisiana residents: notwithstanding the foregoing, Louisiana residents may bring an action against FES with jurisdiction and venue as provided by Louisiana law." *[Emphasis added]*

> "13. Dispute Resolution. All disputes and claims relating to FES, its services, the rights and obligations of an Independent Agent and FES, <u>or any other claims or causes of action relating to the performance of either an Independent Agent or FES under the Agreement or the FES Policies and Procedures shall be settled totally and finally by arbitration as enumerated in the Policies and Procedures in Farmington Hills, Michigan</u>, or such other location as FES prescribes, in accordance with the Federal Arbitration Act

4

and the Commercial Arbitration Rules of the American Arbitration Association. Additionally, you agree not to initiate or participate in any class action proceeding against FES, whether in a judicial or mediation or arbitration proceeding, and you waive all rights to become a member of any certified class in any lawsuit or proceeding. <u>This agreement to arbitrate shall survive any termination or expiration of the Agreement</u>. Nothing in the Agreement shall prevent FES from applying to and obtaining from any court having jurisdiction a writ of attachment, garnishment, temporary injunction, preliminary injunction, permanent injunction or other equitable relief available to safeguard and protect its interest prior to, during or following the filing of any arbitration or other proceeding or pending the rendition of a decision or award in connection with any arbitration or other proceeding." *[Emphasis added]*

25. The United Credit Education Services (UCES) Agreement sets forth in Paragraphs "11" and "12" as follows:

"11. Jurisdiction and Governing Law. The formation, construction, interpretation, and enforceability of your contract with UCES as set forth in this Independent Agent Agreement and any incorporated documents <u>shall be governed by and interpreted in all respects under the laws of the State of Michigan</u> without regard to conflict of law provisions. Louisiana residents: notwithstanding the foregoing, Louisiana residents may bring an action against UCES with jurisdiction and venue as provided by Louisiana law." *[Emphasis added]*

"12. Dispute Resolution. <u>All disputes and claims relating to UCES</u>, its services, the rights and obligations of an Independent Agent and UCES, <u>or any other claims or causes of action relating to the performance of either an Independent Agent or UCES under the Agreement or the UCES Policies and Procedures shall be settled totally and finally by arbitration as enumerated in the Policies and Procedures in Farmington Hills, Michigan, or such other location as UCES prescribes</u>, in accordance with the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration Association. Additionally, you agree not to initiate or participate in any class action proceeding

5

w:\selena\jacqui\motions60\financial(affidavit)

against UCES, whether in a judicial or mediation or arbitration proceeding, and you waive all rights to become a member of any certified class in any lawsuit or proceeding. This agreement to arbitrate shall survive any termination or expiration of the Agreement. Nothing in the Agreement shall prevent UCES from applying to and obtaining from any court having jurisdiction a writ of attachment, garnishment, temporary injunction, preliminary injunction, permanent injunction or other equitable relief available to safeguard and protect its interest prior to, during or following the filing of any arbitration or other proceeding or pending the rendition of a decision or award in connection with any arbitration or other proceeding." *[Emphasis added]*

26. Statement of Policies and Procedures, which is signed by and provided to each agent and/or employee provides:

"10.6 Governing of Law, Jurisdiction and Venue.

Jurisdiction and venue of any matter not subject to arbitration shall reside exclusively in Farmington Hills, Michigan. The Federal Arbitration Act shall govern all matters relating to arbitration. The laws of Michigan shall govern all other matters relating to or arising from the Agreement."

27. As Defendants' attorneys have explained, based upon the forum selection clause, disputes are to be resolved in the State of Michigan, not within New York's jurisdiction. In addition, parties to the aforementioned agreement did agree that the method for dispute resolution is arbitration as per the arbitration clause. Accordingly, this matter must be dismissed.

28. While this Court should not delve into the merits, the causes of action are utterly frivolous and do not state a cause of action.

29. The Plaintiff sues each Defendant premised upon his Termination Letter. The Corporate Defendants, FES and UCES, properly sent a Termination Letter *(see Exhibit "G")* only to Plaintiff. To be clear, neither I nor any of the Defendants published the Termination Letter.

6

w:\selena\jacqui\motions60\financial(affidavit)

The Termination Letter was not disseminated to third parties and was not "*published*" as alleged by Plaintiff. In fact, the only publication of the Termination Letter publicly happened when Plaintiff attached the Termination Letter to his complaint which I understand is a now a public document filed with the Courts in New York. *(See Exhibit "F.")*

30. The content of the Termination Letter is not actionable, nor has it been published by Defendants to give rise to a defamation claim. The contents therein also are not so outrageous to rise to an intentional, emotional distress claim or a claim of negligence.

31. Furthermore, pursuant to the Agreements to which Plaintiff acknowledged governed his relationship with both FES and UCES, the Corporate Defendants were entirely permitted to discharge Plaintiff in their sole discretion based upon any conduct that they deemed may damage Defendants' reputations or good will. *(See Par. "10.1" of the Policies and Procedures – Exhibit "C.")*

32. Plaintiff's conduct was unbecoming of the type of person Defendants sought to be affiliated with their companies. The conduct of Plaintiff to which the Corporate Defendants objected was not outlined in the Termination Letter and was not made public by way of any publication by any of the Defendants. However, the Court should be aware the conduct which let to Plaintiff's termination included that he had posted sexual videos *(see Exhibit "I")* and, upon information and belief, Plaintiff has also threatened employees of FES and UCES. Plaintiff was not a team player or respectful of others' privacy, and thus his affiliation was terminated.

33. Regardless of whether or not the termination of Plaintiff was proper, any issues related to such termination are required to be resolved in Michigan via arbitration as agreed.

More importantly, Plaintiff's termination does not and should not require each and every individual Defendant, all non-domiciliaries of New York, to defend themselves in a New York Court, especially when they were not even properly served and Covid-19 is a significant risk factor for travel and to require a quarantine for 14 days upon arrival. The cost and inconvenience is not something that they should incur when the suit does not involve them personally and an Agreement providing for jurisdiction in Michigan is in place.

34. The summons and complaint was never served upon me personally. No attempt to serve me personally was ever made by anyone. A copy of the complaint was mailed to my attention at the Farmington Hills, Michigan office and was received prior to any attempt at personal service on FES.

35. The only attempt at personal service upon FES was made on December 1, 2020. The attempt at service upon FES was, to my understanding, not proper. The person at the FES offices to whom only one copy of the complaint delivered, Pranav Yadav, is not an owner or officer of FES and is not an agent authorized to accept service for me personally or for FES. To my understanding, the person that tried to serve made no inquiry as to whether Pranav Yadav is an authorized person to accept service for FES or for any of the defendants. This surely is not proper service.

36. Plaintiff's very transparent attempt to try a get-rich-fast tactic by suing the Corporate Defendants and naming individuals affiliated within the Corporate Defendant structure clearly is meritless. The action should be dismissed, and Plaintiff warned to review his feeble claims before recommencing a new action in Michigan.

Based upon the aforesaid, the Complaint should be dismissed against all Defendants and/or, at the very least, stayed pending arbitration.

_____
MICHAEL TOLOFF

Sworn to before me this
7th day of November 2020.
December

_____
NOTARY PUBLIC

SUSAN D. GRIFFIN
NOTARY PUBLIC - MICHIGAN
WAYNE COUNTY
ACTING IN THE COUNTY OF Oakland
MY COMMISSION EXPIRES 11/20/2024

9

w:\selena\jacqui\motions60\financial(affidavit)