UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

FINANCIAL EDUCATION SERVICES,
INC., *et al*.,

    Defendants.
_____/

Case No. 2:22-cv-11120-BAF-APP

Hon. Bernard A. Friedman

**DEFENDANTS FINANCIAL EDUCATION
SERVICES, INC., UNITED WEALTH SERVICES,
INC., VR-TECH, LLC, YOUTH FINANCIAL LITERACY
FOUNDATION, AND PARIMAL NAIK'S MOTION TO STRIKE
DECLARATION OF ELENA HOFFMAN (DKT. NOS. 5-30 & 5-31)**

Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik (the "FES Defendants"), through and by undersigned counsel, hereby move to strike the Declaration of Elena Hoffman (Dkt. Nos. 5-30 & 5-31) (the "Hoffman Declaration") offered by Plaintiff Federal Trade Commission ("FTC") in support of its *Ex Parte* Motion for Temporary Restraining Order (Dkt. No. 3), which has been converted to a Motion for a Preliminary Injunction, in particular Paragraphs 5 through 178 and Attachments A through D regarding "Consumer Interviews."

In support of their motion, the FES Defendants submit the accompanying

memorandum and state that Paragraphs 5 through 178 and Attachments A through D in the Hoffman Declaration are or related to plainly inadmissible hearsay testimony (double or triple hearsay), beyond the scope of even the more lenient approach taking by courts in deciding motions for preliminary injunction.

WHEREFORE, the FES Defendants respectfully request that the Court grant this Motion and enter an Order striking Paragraphs 5 through 178 and Attachments A through D to the Hoffman Declaration.

Dated:   June 27, 2022                     Respectfully submitted,

/s/ Richard W. Epstein
RICHARD W. EPSTEIN
ROY TAUB
Greenspoon Marder LLP
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
Facsimile: 954-333-4027
richard.epstein@gmlaw.com
roy.taub@gmlaw.com

GEORGE S. FISH
Young Basile Hanlon & MacFarlane, P.C.
3001 W. Big Beaver Road, Suite 624
Troy, MI 48084
fish@youngbasile.com

*Attorneys for Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

FINANCIAL EDUCATION SERVICES, INC., *et al*.,

    Defendants.
_____/

Case No. 2:22-cv-11120-BAF-APP

Hon. Bernard A. Friedman

**MEMORANDUM IN SUPPORT OF DEFENDANTS FINANCIAL EDUCATION SERVICES, INC., UNITED WEALTH SERVICES, INC., VR-TECH, LLC, YOUTH FINANCIAL LITERACY FOUNDATION, AND PARIMAL NAIK'S MOTION TO STRIKE DECLARATION OF ELENA HOFFMAN (DKT. NOS. 5-30 & 5-31)**

## ISSUES PRESENTED

1. Should the Court strike Paragraphs 5 through 178 of, and Attachments A through D to, the Declaration of Elena Hoffman offered by Plaintiff Federal Trade Commission in Support of its Motion for Preliminary Injunction (Dkt. No. 3)?

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Fed. Trade Comm'n v. CCC Holdings Inc.*, No. CV 08-2043 (RMC), 2009 WL 10631282 (D.D.C. Jan. 30, 2009)

Fed. R. Evid. 801

Fed. R. Evid. 802

Fed. R. Evid. 901

To support its request for the extraordinary interim relief of a temporary restraining order and preliminary injunction with, among other things, an asset freeze and a receivership, the FTC relies upon the Declaration of Elena Hoffman (the "Hoffman Declaration"). *See* **Exhibit A**. Ms. Hoffman is an Honors Paralegal in the Division of Litigation Technology and Analysis with the Bureau of Consumer Protection at the FTC. *See* Ex. A at ¶ 2. For the vast majority of the Hoffman Declaration, from Paragraph 5 through 178, Ms. Hoffman describes statements made to her during telephone interviews she says she conducted with eleven customers of FES over nearly two and a half years, from "on or around" January 14, 2020 up to May 5, 2022. All we have are Ms. Hoffman's recollections. None of these people provided a declaration. Nor is there any indication that they ever reviewed, let alone agreed with, the characterizations of their statements in the declaration prepared by an employee of the FTC. Rather, the FTC tries to introduce *their* testimony through a document Ms. Hoffman prepared consisting of her testimony about what they told her (primarily about what others told her).

While the FES Defendants acknowledge that the Federal Rules of Evidence do not apply fully on the FTC's Motion for Preliminary Injunction, those Rules are not a complete afterthought, either. This double and triple hearsay exceeds the bounds of what a party can properly rely upon in seeking a preliminary injunction.

*Accord* Fed. R. Evid. 801 & 802. The Court should therefore strike Paragraphs 5 through 178 of the Hoffman Declaration as well as Attachments A through D, documents that four of these interviewees purportedly provided to Ms. Hoffman, as there is no proper foundation for or authentication of said documents.

The Sixth Circuit does not appear to have explicitly addressed the question of whether inadmissible evidence may be considered in the context of a preliminary injunction hearing. *See In re DeLorean Motor Co.*, 755 F.2d 1223, 1230 n.4 (6th Cir. 1985). "Generally speaking, district courts within this circuit have not required stringent adherence to rules of evidence when reviewing petitions for injunctive relief and have considered such evidence." *Fid. Brokerage Servs. LLC v. Clemens*, No. 2:13-CV-239, 2013 WL 5936671, *4-5 (E.D. Tenn. Nov. 4, 2013) (collecting cases). *See also*, e.g., *Concentrix CVG Customer Mgmt. Grp. Inc. v. Daoust*, No. 1:21-CV-131, 2021 WL 1734284, *7 (S.D. Ohio May 3, 2021). *But see*, e.g., *AmMed Direct, LLC v. Liberty Med. Supply, Inc.*, No. 3:09-00288, 2009 WL 3680539, *8 (M.D. Tenn. Sept. 23, 2009) (declining to consider affidavits that were "hearsay or in some cases, double-hearsay").

Several factors unique to requests for a preliminary injunction are offered as reasons for not strictly adhering to the Rules of Evidence:

> These considerations do not apply in the Rule 65 context because a preliminary injunction only has the effect of maintaining the positions of the parties until the trial can be held; the order neither replaces the trial nor represents an adjudication of the merits. Furthermore, the

2

> urgency that necessitates a prompt determination of the preliminary-injunction application may make it more difficult to obtain affidavits from people who are competent to testify at trial and thus more appropriate to decide a Rule 65(a) request without them. Finally, inasmuch as the grant of a preliminary injunction is discretionary, the trial court should be allowed to give even inadmissible evidence some weight when it is thought advisable to do so in order to serve the primary purpose of preventing irreparable harm before a trial can be had. . . .
>
> Given these considerations, it is not surprising that in practice affidavits usually are accepted on a preliminary injunction motion without regard to the strict standards of Rule 56(c)(4), and that hearsay evidence also may be considered.

Charles Alan Wright & Arthur R. Miller, 11A *Fed. Prac. & Proc. Civ.* § 2949 (3d ed. Apr. 2022).

That does not, however, mean that courts accept and rely upon evidence significantly detached from the standard requirements of admissibility. Even where "stringent" compliance is not required, courts still justify the consideration of hearsay evidence as having indicia of reliability such as being based upon first-hand knowledge. For example, in *Bazzy Investors v. City of Dearborn*, No. 16-10879, 2018 WL 10962765, *5 (E.D. Mich. Aug. 2, 2018), the court ruled that even though a police report would have been inadmissible under the Federal Rules of Evidence, the court still gave "some weight" to it on a motion for preliminary injunction because "[t]he report contains the officers' first-hand impressions and accounts, [and] no witness statement is included."

The exact opposite is the case here. Paragraphs 5 through 178 do not

3

contain *any* first-hand impressions or accounts of Ms. Hoffman's separate and apart from her recollections of what she was told in telephone interviews with eleven people over a period of nearly two and a half years. The portions of the Hoffman Declaration at issue are far more problematic than an un-crossable "witness statement," which is usually an uninterrupted narrative written by the witness. The portions of the Hoffman Declaration that are subject of this Motion are words chosen and written by Ms. Hoffman, an FTC employee, about what other people allegedly told her, often about what yet other people (usually FES sales agents or other employees) told them, during interviews she conducted.[1]

This is the kind of evidence, testimony prepared by a party about what other people told it, including what other persons told them – multiple levels of hearsay – that stretches beyond the limits of what a court will accept even on a preliminary injunction proceedings. As previously mentioned, the Middle District of

---

[1] *See*, *e.g.*, Ex. A at ¶ 15 ("[Mr. Villarreal's] understanding from Fernandez was that FES had a special relationship with the credit bureaus that allowed it to remove all negative items from its customers' credit reports."); *id.* at ¶ 70 ("The friend stated that this credit repair service [the FES Protection Plan] would improve Mr. Igafo's credit score to 750 points or higher within a year."); *id.* at ¶ 144 ("[S]he noticed that when agents would advertise FES on their Facebook feeds, they would post about these benefits as if they were realistic goals that they had achieved and could be achieved by anybody else with hard work, thereby promoting a false illusion of what one could gain by registering as an agent with the company."); *id.* at ¶ 147 ("Whenever she mentioned to her mentor that she was considering leaving the company, he would ask her, 'Do you want to be remembered as a quitter?' He and other mentors would use reverse psychology tactics such as that in order to get agents in their downline to stay with the company.").

4

Tennessee declined to accept hearsay and double-hearsay in support of a motion for a preliminary injunction. *AmMed*, 2009 WL 3680539 at *8.² Perhaps more on point, so, too, did the District Court for the District of Columbia in a case brought by the FTC. In *Fed. Trade Comm'n v. CCC Holdings Inc.*, No. CV 08-2043 (RMC), 2009 WL 10631282, *1 (D.D.C. Jan. 30, 2009), the court found that while "[t]he existence of hearsay affects the weight to be accorded to the statement rather than the admissibility of the statement in these proceedings," "the Court will not admit double hearsay because it inherently lacks sufficient indicia of reliability," and granted a motion to preclude certain exhibits offered into evidence by the FTC in support of its motion for a preliminary injunction.

In a case involving a motion for preliminary injunction brought by another government agency, the National Labor Relations Board, the court disregarded triple hearsay evidence:

> As direct evidence, Petitioner offers the affidavit of PHPA Executive Director Larry Landon which sets forth the statement of Tracy Egeland, a member of Respondent's Board of Governors, who said that Lewis, Respondent's lead negotiator, told Egeland: "if [Respondent] drags out negotiations with the Union long enough, [Respondent] could get enough players to support a decertification

---

² *See also USA Visionary Concepts, LLC v. MR Int'l, LLC*, No. 4:09-CV-00874-DGK, 2009 WL 10672094, *5 (W.D. Mo. Nov. 17, 2009) ("[T]he Federal Rules of Evidence do not apply to preliminary injunction proceedings. . . . . Even so, the Court gives the Tartt affidavit limited weight because the Court is concerned with its reliability. The relevant portion of the affidavit is triple hearsay: It is the salon owner's recollection of what his wife allegedly remembers some unspecified customers and employees supposedly told her.").

5

> petition and that [Respondent] could get rid of the Union" (Doc. 25 Px. 16 at 654). . . . ***Although having probative value, Lewis' statement is weakened because it is triple hearsay***. While it is within the discretion of the Court to accept hearsay for purposes of deciding whether to issue a preliminary injunction, the Court will only do so if the movant provides some basis for accepting the proffered hearsay as reliable. Testimony subject to cross-examination is always preferable, especially when the burden of proof is high. Petitioner has failed to provide such supporting evidence, either in the moving papers or during the temporary injunction hearing, and thus Lewis' statement has limited value.

*Overstreet ex rel. Nat'l Lab. Rels. Bd. v. W. Pro. Hockey League, Inc.*, No. CV-09-0591-PHX-ROS, 2009 WL 2905554, *5 (D. Ariz. Sept. 4, 2009) (emphasis added) (internal quotation and brackets omitted).

Indeed, *none* of the factors that justify a less stringent application of the Federal Rules of Evidence applies here. The preliminary injunction being sought by the FTC does not have "the effect of maintaining the positions of the parties until the trial can be held . . . ." Wright & Miller, 11A *Fed. Prac. & Proc. Civ.* at § 2949. Quite the opposite, the preliminary injunction sought by the FTC seeks to extend severe and profound changes in the positions of the Defendants, among them an asset freeze, a receivership, and numerous restrictions.

Nor has there been "urgency that . . . may make it more difficult to obtain affidavits from people who are competent to testify at trial . . . ." *Id.* The FTC had *years* to put together its motion papers. In fact, Ms. Hoffman had been speaking with the consumers whose statements to her she related in her declaration since

6

January 14, *2020*. *See* Ex. A at ¶ 18. Another was interviewed on August 6, 2020, five more were interviewed in 2021, and even the most recent interview was held eighteen days before the FTC commenced this action and sought a temporary restraining order (the most recent one before that was on January 20, 2022). *See id.* at ¶¶ 6, 26, 61, 69, 96, 116, 155, 162. The FTC provides no reason why it could not have obtained declarations from these consumers and instead should be allowed to support its motion with an FTC employee's characterization of what she was told by them, mostly about what other people told them. Nor is there any reason for this Court to consider an adversary's characterization of another person's statements that were never reviewed or endorsed by that person – unlike, say, a signed declaration from that person – as reliable.

As Paragraph 5 through 178 should be stricken, Attachments A through D to the Hoffman Declaration necessarily should be stricken as well. They are attachments of materials purportedly provided to Ms. Hoffman by four of the consumers she interviewed and discusses in her declaration. *See id.* at ¶¶ 60, 95, 154, 178. These documents cannot be meaningfully considered by the Court on a freestanding basis. Without any testimony providing the foundation or authenticity for these documents, they are not only inadmissible, but can be given no probative weight. *Accord* Fed. R. Evid. 901.

7

## CONCLUSION

For the foregoing reasons, the FES Defendants respectfully request that the Court enter an Order striking Paragraphs 5 through 178 and Attachments A through D to the Hoffman Declaration and providing any further relief the Court deems appropriate.

## CERTIFICATE OF CONFERRAL

On June 24, 2022, Roy Taub, counsel for the FES Defendants conferred with Gregory A. Ashe, counsel for the FTC, regarding the nature and legal basis of the requested relief but did not obtain concurrence in the relief sought.

Dated:   June 27, 2022

Respectfully submitted,

/s/ Richard W. Epstein
RICHARD W. EPSTEIN
ROY TAUB
Greenspoon Marder LLP
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-527-2427 (Krimsky)
Telephone: 954-491-1120 (Epstein)
Facsimile: 954-333-4027
beth-ann.krimsky@gmlaw.com
richard.epstein@gmlaw.com

GEORGE S. FISH
Young Basile Hanlon & MacFarlane, P.C.
3001 W. Big Beaver Road, Suite 624
Troy, MI 48084
fish@youngbasile.com

*Attorneys for Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 27, 2022, a true and correct copy of the foregoing was served on all counsel of record via ECF.

/s/ Richard W. Epstein
RICHARD W. EPSTEIN

9