IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** Plaintiff, vs. **FINANCIAL EDUCATION SERVICES, INC.,** *et al*, Defendants. | Case No.: 2:22-CV-11120-BAF-APP Honorable Judge Bernard A. Friedman |

## DECLARATION OF CHRISTOPHER TOLOFF

## PURSUANT TO 28 U.S.C. § 1746

I, Christopher Toloff, have personal knowledge of the facts below and am competent to testify about them:

1. I am over 18 years old.

2. I am a resident of South Lyon, Michigan.

3. I am currently employed by Financial Education, Services, Inc. ("FES") and V-R Tech MGT, LLC (collectively, the "Companies").

4. I do not currently work for YFL or CM Rent. I have only worked for YFL for about one year in 2012 through 2013. Attached as Exhibit A is a true and accurate list of most of my job duties that I performed for all the Corporate Defendants. From at least 2006, my tax returns list my position at the Companies as "controller" until 2016. After that time, my tax returns listed

my position as "finance executive." Informally, Parimal Naik ("Naik") called me the chief financial officer starting many years ago. Notwithstanding those titles, I performed clerical, bookkeeping functions. With the exception of two college classes that I did not complete, I have not received training or formal education in any type of financial or accounting areas. Naik and Michael Toloff ("Toloff") instructed me on what functions to perform and I did those tasks. When the Companies required accounting services, it hired a CPA to perform those functions.

5. Although I was authorized to sign checks and make online payments, I was not authorized to do so without instruction and approval from Naik and Toloff while both owned the Companies. When Naik was the sole owner, he authorized all my check writing/online payment duties.

6. When Huntington Bank closed all the Companies' accounts there, I notified Naik and explained that Huntington required that I write a check for the amounts in each account. I would then have to take those checks to the new bank and deposit them there. Naik approved me writing these checks and I did so.

7. Pranav Yadav ("Yadav") also had check signing/online payment authority. Yadav was Naik's nephew. We served as checks against each other. We both were privy to the same information and would check each other. Board

documents that I reviewed after the FTC filed this suit show that Yadav was also a board member of the Companies. For a period of time, the Companies accepted remotely created checks. TeleCheck and Authorize.net provided these services for the Companies. The Companies have not accepted these checks since about December 31, 2020.

8. During the pandemic, the Companies' bank encouraged us to apply for PPP loans. I did not feel the Companies had been detrimentally impacted by the pandemic, so I advised the Companies not to apply for these benefits and they did not.

9. I am a 1% owner member of VR-Tech MGT, LLC with a profit and loss sharing percentage of 0%. When it was formed, our CPA Antony Hawkins advised that for tax reasons that I didn't understand, I should own 1%. I never received any money from the company for that ownership interest. Mr. Hawkins advised that my tax return would show a "pass-through" would appear on my tax return, but I would not actually receive that cash in hand.

10. Apparently, I am listed as a board member for FES and YFL. I did not recall that fact. I have never attended a board meeting of either company's board. I have never voted as a board member on any issue for either company's board. I have never signed anything as a board member on any issue for either company's board. I have never seen any board documents for either

company's board. Naik or Michael Toloff have never discussed any board matters for either company's board. I am not aware of any board decision that was ever made, if any.

11. I did not realize that Yadav was also listed as a board member for the companies until the FTC filed this lawsuit. I have never discussed any board matters with Yadav. Yadav is Naik's nephew. I worked with Yadav on a daily basis for approximately ten years.

12. I have used our credit repair product myself and it worked perfectly. It assisted me in 2004 deleting two erroneous items from my credit report. My credit score went from the 500s to the 700s during this time.

13. I was aware of the claim that CM rent made to build a positive payment history for consumers by reporting their rental payments to credit reporting agencies. Outside of that claim, I was not aware of any of the claims made in the Complaint in paragraphs 23-43. I never made any of these claims myself.

14. Although I am familiar with some of the price points on our products, I could not name all the price point options for all the companies.

15. I am aware that the three-day rate to cancel exists. I am not aware of any other issues or requirements about it. I had no responsibilities within my job duties with regards to this right.

16. I am not aware of any of the claims alleged in paragraphs 28 through 36 of the Complaint.

17. Prior to 2021, I received all the incoming chargebacks. Since that time, I do not handle those chargebacks except for our small merchant. My experience was that over 90% of the chargebacks were from customers who use the service. I believe the banking world refers to this as "Friendly Fraud."

18. I have never posted anything on social media or YouTube about the companies or their products.

19. I do list FES as my employer on Facebook. I have never reviewed anything anyone else has ever posted on social media or YouTube about the companies or their products.

20. I never spoke directly with independent agents unless it was something regarding a garnishment, support order or missing commission as it related to my duties.

21. I did not know how the agent commission system worked. I did not need this knowledge to complete my required duties in my job.

22. I have never seen the claims set forth in paragraphs 40 and 41 in the Complaint.

23. I don't recall that I have ever processed a credit card transaction or had anything to do with batching or processing payments. I did have access to

the merchant portals to get daily totals and to search for transactions if a chargeback occurred.

24. I was not aware that agents conducted Zoom and Facebook live meetings and trainings before I read the Complaint. I do not know how agents conduct their business.

25. I am aware that agents can receive a monthly bonus. I do not know how it is calculated or the qualifications to receive it.

26. I understood that because YFL was a nonprofit, it did not have to comply with state and federal laws regarding advanced fees and credit repair.

27. I have never belonged to a MLM program. I don't recall anyone ever calling FES a pyramid scheme.

28. I do not know what a lineage organization is as alleged in paragraph 52 of the Complaint.

29. The expenses I have requested in the Motion for Limited Modification and in the accompanying exhibits to this Declaration are true and accurate to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 27, 2022

*Christopher Toloff*
Christopher Toloff (Jun 27, 2022 17:27 EDT)
Christopher Toloff

# Exhibit D- Declaration of Christopher Toloff

Final Audit Report                                                              2022-06-27

| | |
|---|---|
| Created: | 2022-06-27 |
| By: | Devyn Quick (dquick@mslawgroup.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAMBV6zglEULnLtX5b0s0GavW6aXUUBBQW |

## "Exhibit D- Declaration of Christopher Toloff" History

📄 Document created by Devyn Quick (dquick@mslawgroup.com)
2022-06-27 - 9:03:16 PM GMT- IP address: 71.66.0.106

✉ Document emailed to torfman@yahoo.com for signature
2022-06-27 - 9:06:03 PM GMT

📄 Email viewed by torfman@yahoo.com
2022-06-27 - 9:24:51 PM GMT- IP address: 69.147.93.14

✍ Document e-signed by Christopher Toloff (torfman@yahoo.com)
Signature Date: 2022-06-27 - 9:27:55 PM GMT - Time Source: server- IP address: 99.104.237.151

✅ Agreement completed.
2022-06-27 - 9:27:55 PM GMT

**Adobe Acrobat Sign**