UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

FINANCIAL EDUCATION SERVICES, INC., *et al*.,

    Defendants.
_____/

Case No. 2:22-cv-11120-BAF-APP

Hon. Bernard A. Friedman

**DEFENDANTS FINANCIAL EDUCATION SERVICES, INC., UNITED WEALTH SERVICES, INC., VR-TECH, LLC, YOUTH FINANCIAL LITERACY FOUNDATION, AND PARIMAL NAIK'S *EX PARTE* MOTION FOR LEAVE TO PRESENT LIVE TESTIMONY AT JUNE 30, 2022 HEARING ON FEDERAL TRADE COMMISSION'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik (the "FES Defendants"), through and by undersigned counsel, hereby move *ex parte* for leave to present live testimony at the June 30, 2022 hearing on Plaintiff Federal Trade Commission's ("FTC") Motion for Preliminary Injunction (Dck. No. 3).

In support of their *ex parte* motion, the FES Defendants submit the accompanying memorandum and state that they should be permitted to present live testimony at the June 30, 2022 hearing in light of the genuine issues of material

50796269v1

fact raised in opposition to the Motion for Preliminary Injunction.

WHEREFORE, the FES Defendants respectfully request that the Court grant this *Ex Parte* Motion and enter an Order permitting live testimony at the forthcoming June 30, 2022 hearing on the FTC's Motion for Preliminary Injunction.

Dated:   June 28, 2022                        Respectfully submitted,

<div style="margin-left: 3em;">

<u>/s/ Richard W. Epstein</u>
RICHARD W. EPSTEIN
ROY TAUB
Greenspoon Marder LLP
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
Facsimile: 954-333-4027
richard.epstein@gmlaw.com
roy.taub@gmlaw.com

GEORGE S. FISH
Young Basile Hanlon & MacFarlane, P.C.
3001 W. Big Beaver Road, Suite 624
Troy, MI 48084
fish@youngbasile.com

*Attorneys for Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik*

</div>

50796269v1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

FINANCIAL EDUCATION SERVICES,
INC., *et al*.,

    Defendants.
_____/

Case No. 2:22-cv-11120-BAF-APP

Hon. Bernard A. Friedman

**MEMORANDUM IN SUPPORT OF DEFENDANTS FINANCIAL EDUCATION SERVICES, INC., UNITED WEALTH SERVICES, INC., VR-TECH, LLC, YOUTH FINANCIAL LITERACY FOUNDATION, AND PARIMAL NAIK'S MOTION FOR LEAVE TO PRESENT LIVE TESTIMONY AT JUNE 30, 2022 HEARING ON FEDERAL TRADE COMMISSION'S MOTION FOR PRELIMINARY <u>INJUNCTION</u>**

## ISSUES PRESENTED

1.     Should the Court permit the FES Defendants to present live testimony in opposition to the FTC's Motion for Preliminary Injunction (Dkt. No. 3)?

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Cobell v. Norton*, 391 F. 3d 251, 261 (D.C. Cir. 2004)

Fed. R. Civ. P. 65

On May 23, 2022 the FTC filed its Motion for Temporary Restraining Order (Dck. No. 3). This Court entered a Temporary Restraining Order on May 24, 2022 (Dck. No. 10) and set a hearing for June 6, 2022 where the Court would consider converting the Temporary Restraining Order to a Preliminary Injunction. (*Id*.) That hearing was subsequently moved to June 30, 2022 (the "Hearing"). (Dck. No. 19).

On June 27, 2022 counsel for Defendants advised the Court that in addition to the written declarations filed, it intended to present live testimony of three witnesses, Chet Seely, Michael Toloff, and Branko Jovanovic at the Hearing. The Court responded via email to the Parties on June 28, 2022 that it would not permit any live testimony at the Hearing. While the FES Defendants have fully briefed their position in opposition to the FTC's Motion for Temporary Restraining Order and provided declarations in support of the same, there are controverted facts between the FES Defendants' declarations and the FTC's supporting declarations. As there are factual disputes, the Court will greatly benefit from hearing live testimony on the issues presented so that it may weigh the credibility of the witnesses in ultimately determining whether or not to convert the TRO into a preliminary injunction or dissolve the TRO.

While a preliminary injunction may be granted on less formal procedures than a trial on the merits, "if there are genuine issues of material fact raised in

opposition to a motion for a preliminary injunction, an evidentiary hearing is required." *Cobell v. Norton*, 391 F. 3d 251, 261 (D.C. Cir. 2004) (*citing Ty, Inc. v. GMA Accessories, Inc.*, 132 F. 3d 1167 (7th Cir. 1997)). "Particularly when a court must make credibility determinations to resolve key factual disputes in favor of the moving party, it is an abuse of discretion for the court to settle the questions on the basis of documents alone, without an evidentiary hearing. *Id.* (*citing Prakash v. Am. Univ.*, 727 F. 2d 1174, 1181 (D.C. Cir. 1984)). In *Cobell* the appellate court held that the district court abused its discretion in not holding an evidentiary hearing on an application for a preliminary injunction and vacated the injunction rendered because a hearing was necessary to resolve the facts in dispute. *Id.* at 261-262.

Here, the FTC has presented numerous declarations from consumers (Dkt. No. 5) that are refuted by both the regularly maintained business records of the FES Defendants as well as the established practices and procedures of the FES Defendants. (Dkt. No. 51). These are factual disputes for which the live testimony the Defendants propose to present will allow the Court to better evaluate the credibility of, especially, the FTC's witnesses and understand the context of the evidence being presented. The FTC has had two years to prepare its case, yet presents little admissible or otherwise reliable evidence of the current business practices that the TRO enjoins. The FES Defendants, on the other hand, have had

2

only ten (10) days, as they were given access to the documents and records necessary to respond to this far-reaching lawsuit on June 18, 2022. To allow for a better balance of the equities already skewed in the FTC's favor, Defendants are entitled to present live testimony on the critical disputed issues this Court must resolve.

## CONCLUSION

For the foregoing reasons, the FES Defendants respectfully request that the Court enter an Order permitting live testimony at the June 30, 2022 hearing.

## CERTIFICATE OF CONFERRAL

On June 28, 2022, Aaron Williams, counsel for the FES Defendants conferred with Gregory A. Ashe, counsel for the FTC, regarding the nature and legal basis of the requested relief but did not obtain concurrence in the relief sought.

Dated: June 28, 2022

Respectfully submitted,

*/s/ Richard W. Epstein*
RICHARD W. EPSTEIN
ROY TAUB
Greenspoon Marder LLP
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-527-2427 (Krimsky)
Telephone: 954-491-1120 (Epstein)
Facsimile: 954-333-4027

3

beth-ann.krimsky@gmlaw.com
richard.epstein@gmlaw.com

GEORGE S. FISH
Young Basile Hanlon & MacFarlane, P.C.
3001 W. Big Beaver Road, Suite 624
Troy, MI 48084
fish@youngbasile.com

*Attorneys for Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 28, 2022, a true and correct copy of the foregoing was served on all counsel of record via ECF.

/s/ Richard W. Epstein
RICHARD W. EPSTEIN

4