IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>　　Plaintiff,<br><br>　　v.<br><br>**FINANCIAL EDUCATION SERVICES, INC.**, *et al.*,<br><br>　　Defendants. | Case No. 2:22-cv-11120-BAF-APP<br><br>Hon. Bernard A. Friedman |

### FTC'S OPPOSITION TO FES DEFENDANTS' MOTION TO PRESENT LIVE TESTIMONY AT PRELIMINARY INJUNCTION HEARING

#### ISSUE PRESENTED

Whether the Court may decline to accept live testimony at a preliminary injunction hearing where the issues are primarily questions of law, where facts in dispute are not material, or where the evidentiary record is sufficient to resolve facts in dispute.

#### CONTROLLING AUTHORITIES

The controlling or otherwise most useful authorities are:

- *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552-53 (6th Cir. 2007).

Plaintiff, the Federal Trade Commission ("FTC"), through its undersigned counsel, respectfully submits its opposition to Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik's (the "FES Defendants") request to present live testimony at the preliminary injunction hearing scheduled two days from now, Thursday June 30, 2022. (ECF No. 56.)

Federal Rule of Civil Procedure 65 does not require a district court to conduct an evidentiary hearing before issuing a preliminary injunction. Fed. R. Civ. P. 65. The Sixth Circuit has held that live testimony is not necessary "when the issues litigated are primarily questions of law," "where material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552-53 (6th Cir. 2007). Even when material facts are in dispute, live testimony is not required if the documentary record is sufficient to resolve it. *Id*. at 552.

Here, the parties have submitted volumes of evidence into the documentary record, which, collectively, are more than sufficient to resolve any material disputes of fact, to the extent that any exist. The body of evidence includes declarations from each of the witnesses the FES Defendants request to call for testimony (ECF Nos. 48-3, 51-2, 52-2 (Declarations of Michael Toloff), 51-1

(Declaration of Chet Seely), 51-21 (Declaration of Branko Jovanovic)), as well as numerous declarations by Defendants' employees, counsel, and consumers. As such, the FES Defendants would not be prejudiced by limiting the hearing to oral argument. The Court has made an unofficial determination (communicated to counsel through its case manager) that oral argument, the parties' briefs, and the various declarations filed on the record are sufficient to determine whether a preliminary injunction should issue (including, by implication, resolving any potential material dispute of fact).

Accordingly, the FTC respectfully requests that the Court deny the FES Defendants' motion.

Dated: June 28, 2022  Respectfully submitted,

/s/Gregory A. Ashe

GREGORY A. ASHE
K. MICHELLE GRAJALES
JULIA E. HEALD
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-3172 (Grajales)
Telephone: 202-326-3589 (Heald)
Facsimile: 202-326-3768
Email:gashe@ftc.gov, mgrajales@ftc.gov,
     jheald@ftc.gov

DAWN N. ISON
United States Attorney

        SUSAN K. DECLERCQ (P60545)
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226
        Telephone: 313-226-9149
        Email: susan.declercq@usdoj.gov

        Attorneys for Plaintiff
        FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 28, 2022, a true and correct copy of **FTC'S OPPOSITION TO FES DEFENDANTS' MOTION TO STRIKE DECLARATINON OF FTC PARALEGAL ELENA HOFFMAN** was filed electronically with the United States District Court for the Eastern District of Michigan using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

        */s/Gregory A. Ashe*
        Attorney for Plaintiff Federal Trade Commission