UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br><br>v.<br><br>**FINANCIAL EDUCATION SERVICES, INC.**, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-11120-BAF-APP<br><br>Hon. Bernard A. Friedman |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION, VACATING TEMPORARY RESTRAINING ORDER, TERMINATING ASSET FREEZE, AND CONVERTING RECEIVERSHIP TO MONITORSHIP**

Plaintiff, the Federal Trade Commission ("FTC"), commenced this civil action on May 23, 2022, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b), and Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(b).  On May 25, 2022, on motion by the FTC, the Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze, appointment of receiver, and other equitable relief against Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, VR-Tech MGT, LLC, CM Rent Inc., Youth Financial Literacy Foundation, Parimal Naik, Michael Toloff, Christopher Toloff, and

Gerald Thompson. (ECF No. 10.) On June 30, 2022, the Court held a hearing on an order to show cause why a preliminary injunction should not issue against Defendants.

The Court, having considered the Complaint, the *ex parte* Motion for a Temporary Restraining Order, declarations, exhibits, and memoranda filed in support thereof, Defendants' declarations, exhibits, and memoranda filed in opposition thereof, and the arguments of the parties at the June 30 hearing, and being otherwise advised, hereby enters the following order ("Order").

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "**Corporate Defendants**" means Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, VR-Tech Mgt, LLC, CM Rent Inc., and Youth Financial Literacy Foundation.

B. "**Defendants**" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination.

C. "**Individual Defendants**" means Defendants Parimal Naik, Michael Toloff, Christopher Toloff, and Gerald Thompson, individually, collectively, or in any combination.

D. "**Monitor**" means the monitor appointed in Section IV of this Order.

E. "**Monitored Entities**" means Corporate Defendants and any other entity conducting any business related to Defendants' multi-level marketing program or credit repair and other consumers services that the Monitor determines in a written report to the Court is owned in whole or in part or is otherwise controlled by any Defendant. Monitored Entities does not include any Individual Defendant.

F. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

## ORDER

### DENIAL OF MOTION FOR PRELIMINARY INJUNCTION

I. **IT IS THEREFORE ORDERED** that the FTC's motion for preliminary injunction (ECF No. 3) is hereby denied for the reasons stated on the record at the June 30, 2022 hearing.

### VACATION OF TEMPORARY RESTRAINING ORDER

II. **IT IS FURTHER ORDERED** that the Temporary Restraining Order (ECF No. 10) is hereby vacated effective June 30, 2022.

**TERMINATION OF ASSET FREEZE AND ASSET PRESERVATION**

**III.  IT IS FURTHER ORDERED** that:

A. The freeze over Defendants' assets established under Sections IV and V of the TRO is hereby terminated. Defendants may provide copies of this Order to any financial institution holding accounts affected by the TRO as sufficient evidence that the asset freeze is terminated and of no further effect.

B. The Receiver shall, within three (3) business days of entry of this Order, take all steps necessary to transfer to Defendants the balance of any receivership account created by the Receiver pursuant to Section XIII.O of the TRO; provided, however, that the Receiver may retain in such receivership account the amount set forth in Section X.B of this Order and an amount sufficient to cover any Court-approved fee application of the Receiver.

C. The Monitored Entities shall not (1) transfer or dispose of any material assets (beyond ordinary course sales and related transactions) or (2) transfer any asset to any person or account located outside the United States, without prior notice to the Court and the Monitor. Notwithstanding the foregoing, the Monitored Entities shall not engage in any ordinary course sale or related transaction if such sale or transaction results in a transfer or disposition of assets exceeding $500,000 without prior notice to the Court and the Monitor,

together with a written description of the nature of such sale or transaction and an explanation why such sale or transaction is "ordinary course." If the Monitor objects to any proposed asset disposition set forth above, the Monitored Entities will not proceed with such disposition until approved by the Court.

**CONVERSION OF RECEIVERSHIP TO MONITORSHIP**

IV.    **IT IS FURTHER ORDERED** that:

A. The receivership established by the TRO is hereby terminated and Patrick A. Miles, Jr. is hereby discharged as Receiver and appointed Monitor for the Monitored Entities. The Monitor shall be solely the agent of this Court in acting as Monitor under this Order. The Monitor shall exercise independence from the influence of the parties and is not bound to any party's legal arguments, claims or defenses.

**DUTIES OF MONITOR**

V.    **IT IS FURTHER ORDERED** that the Monitor is directed and authorized to monitor the Monitored Entities' compliance with (1) this Order and any other order entered by the Court in this action, (2) Section 5 of the FTC Act, 15 U.S.C. § 45, the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679-1679*l*, and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and (3) all other laws, rules, and regulations.

## AUTHORITIES OF THE MONITOR

**VI.   IT IS FURTHER ORDERED** that to accomplish the Monitor's duties set forth in this Order, the Monitor is authorized to do the following:

A. Identify and review the Monitored Entities' marketing materials, advertisements, sales scripts, training materials, videos, webinars, websites, social media accounts, and any other document that reflects the marketing, advertising, promotion, distribution, offer for sale, or sale of any goods or services, and any other document that reflects the Monitored Entities' business activities;

B. Observe training or sales meetings or seminars conducted or authorized by the Monitored Entities;

C. Identify and review all materials, information, or other documents or services related to the provision by the Monitored Entities of goods or services to their customers;

D. Identify and review all training materials, policies, procedures, or any other document provided to employees, agents or independent contractors related to the Monitored Entities' compliance with this Order, any other order entered by the Court in this action, or any state or federal law, rule, or regulation;

E. Identify and review any other document, record, information, or material that reasonably relates to the carrying out of the Monitor's duties pursuant to this Order;

F. Identify and review any document retention and preservation policies and procedures;

G. Interview any current or former employee, officer, manager, agent, independent contractor, vendor, telecommunications provider, service bureau, bank, payment processor, or other financial institution, or other entity involved in the provision of any services from, to, or on behalf of the Monitored Entities.  The Monitored Entities shall designate a contact person with whom the Monitor shall coordinate in good faith to schedule any such interviews;

H. Identify and review the Monitored Entities' financial records and financial transactions to ascertain that all such documents are maintained in accordance with applicable document retention and preservation policies and procedures;

I. Identify customer and agent information held by the Monitored Entities and review or propose policies and procedures designed to ascertain that all such documents are maintained in accordance with applicable document retention and preservation policies and procedures;

J. Identify and inventory all assets of the Monitored Entities;

K. Identify and inventory all business records of the Monitored Entities to ascertain that all such records are maintained in accordance with applicable document retention and preservation policies and procedures;

L. Copy or image documents that the Monitor deems necessary for purposes of carrying out the Monitor's duties pursuant to this Order;

M. Investigate and bring to the Court's attention any violation of any law, rule, or regulation; and

N. Engage attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Monitor deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order, for which the Monitor shall provide the Monitored Entities, the FTC, and the Court a proposed estimated budget, to which the parties may object. If the objections cannot be resolved, then the proposed budget and the objections shall be submitted to the Court for resolution.

O. Should the Monitor determine to conduct any interviews as permitted by this Section, attendance at such interviews by any person other than the interviewee (or the interviewee's legal counsel) shall be subject to the Monitor's invitation, as determined in the Monitor's sole discretion.

P. The Monitor and his agents, acting within the scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Monitor or Retained Personnel be liable to anyone for their acts or omissions or their good faith compliance with their duties and responsibilities, except as a result of a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence or in reckless disregard of their duties.  Any party, person or entity seeking recovery from the Monitor or any Retained Personnel for conduct in the course of the administration of this monitorship must first obtain leave from this Court.  This Court shall retain jurisdiction over any action filed against the Monitor or Retained Personnel based upon acts or omissions committed in their representative capacities.

## PROVISION OF INFORMATION TO MONITOR

VII. **IT IS FURTHER ORDERED** that Defendants shall provide to the Monitor, within a reasonable time upon request, the following:

A. A list of all assets and property, including accounts, of the Monitored Entities, including assets and property that are held in any name other than the name of a Monitored Entity, or by any person or entity other than a

    Monitored Entity, that have not already been identified in the financial disclosures previously submitted by the Monitored Entities pursuant to the TRO;

B. A list of all locations where documents of the Monitored Entities are located, and the means to access such documents;

C. The business records of the Monitored Entities, including but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records, customer lists, and other papers;

D. If Sections VII.A, B, or C are shown to be insufficient, supervised access to all computers, electronic devices and machines and data in whatever form used to conduct the business of the Monitored Entities;

E. If needed in connection with Section VII.D, single-time use keys, codes, usernames and passwords necessary to gain access; and

F. A list of all agents, employees, officers, attorneys, servants and those persons, or who have been associated or done business with the Monitored Entities; provided, however, that Defendants may designate such list as "CONFIDENTIAL" in accordance with any protective order entered in this action.

G. In the event that any person or entity fails to comply with any provision of this Section, the Monitor may file an Affidavit of Non-Compliance

regarding the failure. Upon filing the affidavit, the Court may take any action necessary to effect compliance with this Order.

## COOPERATION WITH THE MONITOR

VIII. **IT IS FURTHER ORDERED** that Defendants and Monitored Entities shall fully cooperate with and assist the Monitor. This cooperation and assistance shall include, but is not limited to, providing information to the Monitor that the Monitor deems necessary to exercise the authority and discharge the responsibilities of the Monitor under this Order.

## NON-INTERFERENCE WITH THE MONITOR

IX. **IT IS FURTHER ORDERED** that Defendants; Monitored Entities; Defendants' or Monitored Entities' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, shall not interfere with the Monitor's or the Monitor's duly authorized agents in the exercise of their duties or authority under this Order or any other order entered by the Court in this action.

## COMPENSATION OF MONITOR

X. **IT IS FURTHER ORDERED** that:

A. The Monitor and all personnel hired by the Monitor as herein authorized, including counsel to the Monitor and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for

the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Monitored Entities.  The Monitor shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, specifically identifying the name and date of each individual who performed labor and his or her rate.  Block billing shall be prohibited.  The first such request shall be filed no more than sixty (60) days after the date of entry of this Order.  The Monitor shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

B. The Corporate Defendants shall maintain a minimum balance of Five Hundred Thousand Dollars ($500,000) in the corporate receivership account established by the previously appointed Receiver under the TRO for the payment of any fees, costs, or other expenses approved by the Court pursuant to this Section.

## MONITOR'S REPORTS

XI.  **IT IS FURTHER ORDERED** that the Monitor shall report periodically to this Court, with copies to the parties, regarding (1) the steps taken by the Monitor to implement the terms of this Order; (2) whether the Monitored Entities are complying with this Order or any other order entered by the

Court; and (3) any other matters that the Monitor believes should be brought to the Court's attention. The Monitor may, at any time, immediately report to the Court should the Monitor determine that the Monitored Entities have not complied or are not complying with any provision of this Order. The parties may file objections or otherwise respond to any report within 14 days of receipt of a copy of such report.

## DURATION OF MONITORSHIP

**XII.** **IT IS FURTHER ORDERED** that the Monitorship shall remain in place, and the terms of this Order shall govern, until final resolution of this action, unless otherwise shortened, lengthened, or terminated by the Court.

## NO WAIVER OF PRIVILEGES OR RIGHTS

**XIII.** **IT IS FURTHER ORDERED** that nothing in this Order shall be deemed a waiver by Defendants of any privilege they may hold, including but not limited to the attorney-client privilege, or any rights they may have pursuant to the Fifth Amendment to the Constitution of the United States.

## RETENTION OF JURISDICTION

**XIV. IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

Dated: July 18, 2022
Detroit, Michigan

/s/ Bernard A. Friedman
_____
Bernard A. Friedman
Senior United States District Judge