PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

|  |  |
|---|---|
| Plaintiff, | Case No. 2:22-cv-11120-BAF-APP |
| v. | Hon. Bernard A. Friedman |

FINANCIAL EDUCATION SERVICES, INC., *et al.,*

Defendants.

_____

## DEFENDANT, GERALD THOMPSON'S, ONLY, ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, GERALD THOMPSON, only, by and through his Attorneys, **PENTIUK, COUVREUR & KOBILJAK, P.C.,** ("Thompson") and hereby files his Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

## ANSWER

1.     Thompson admits that Plaintiff purports to bring this action under the Federal Trade Commission Act, the Credit Repair Organizations Act, the Telemarketing and Consumer Fraud and Abuse Prevention Act, and the FTC's Telemarketing Sales Rule.

1

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## SUMMARY OF THE CASE

2.      Thompson denies the allegations contained in Paragraph 2 of the Complaint.

3.      Thompson denies the allegations contained in Paragraph 3 of the Complaint

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Thompson denies the allegations contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Thompson denies the allegations contained in Paragraph 5 of the Complaint.

## PLAINTIFF

6.      With regard to the allegations contained in Paragraph 6 of the Complaint, the cited legal provisions speak for themselves, and Thompson denies any characterization thereof.  Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

## DEFENDANTS

7.      Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint

2

8.  Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.  Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.  Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.  Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.  Thompson denies that YFLF's principal place of business is at 37637 Five Mile Road, Suite 397, Livonia, Michigan.  Thompson denies that YFLF has carried on business for its own profit. Thompson denies that YFLF has members.  Thompson denies that YFL has marketed and sold investment opportunities. As to the remaining allegations, Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. · ATTORNEYS AND COUNSELLORS AT LAW · EDELSON BUILDING, SUITE 200 · 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 · (734) 281-7100

13.     Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Thompson admits he is a Volunteer President/Director as per MCL 450.2110, MCL 450.2209(1)(d) and MCL 450.2541(6) of Defendant Youth Financial Literacy Foundation ("YFLF"), a 501(c)(3) tax exempt Michigan non-profit corporation. Thompson admits that he resides in this District. Thompson denies the remainder of the allegations contained in Paragraph 16 of the Complaint.

## **COMMON ENTERPRISE**

17.     Paragraph 17 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Thompson denies the allegations contained in Paragraph 17 of the Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

4

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## COMMERCE

18.     Paragraph 18 of the Complaint states legal conclusion as to which no response is required.  To the extent a response is required, Thompson denies the allegations contained in Paragraph 18 of the Complaint.

## DEFENDANTS' UNLAWFUL BUSINESS ACTIVITIES

19.     Thompson denies the allegations contained in Paragraph 19 of the Complaint.

20.     Thompson denies the allegations contained in Paragraph 20 of the Complaint.

21.     Thompson denies the allegations contained in Paragraph 21 of the Complaint.

22.     Thompson denies the allegations contained in Paragraph 22 of the Complaint.

23.     Thompson denies the allegations contained in Paragraph 23 of the Complaint.

24.     Thompson denies the allegations contained in Paragraph 24 of the Complaint.

25.     Thompson denies the allegations contained in Paragraph 25 of the Complaint.

26.     Thompson denies the allegations contained in Paragraph 26 of the Complaint.

27.     Thompson denies the allegations contained in Paragraph 27 of the Complaint.

28.     Thompson denies the allegations contained in Paragraph 28 of the Complaint.

29.     Thompson denies the allegations contained in Paragraph 29 of the Complaint.

30.     Thompson denies the allegations contained in Paragraph 30 of the Complaint.

31.     Thompson denies the allegations contained in Paragraph 31 of the Complaint.

32.     Thompson denies the allegations contained in Paragraph 32 of the Complaint.

33.     Thompson denies the allegations contained in Paragraph 33 of the Complaint.

34.     Thompson denies the allegations contained in Paragraph 34 of the Complaint.

35.     Thompson denies the allegations contained in Paragraph 35 of the Complaint.

6

36.     Thompson denies the allegations contained in Paragraph 36 of the Complaint.

37.     Thompson denies the allegations contained in Paragraph 37 of the Complaint.

38.     Thompson denies the allegations contained in Paragraph 38 of the Complaint.

39.     Thompson denies the allegations contained in Paragraph 39 of the Complaint.

40.     Thompson denies the allegations contained in Paragraph 40 of the Complaint.

41.     Thompson denies the allegations contained in Paragraph 41 of the Complaint.

42.     Thompson denies the allegations contained in Paragraph 42 of the Complaint.

43.     Thompson denies the allegations contained in Paragraph 43 of the Complaint.

44.     Thompson denies the allegations contained in Paragraph 44 of the Complaint.

45.     Thompson denies the allegations contained in Paragraph 45 of the Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

46.     Thompson denies the allegations contained in Paragraph 46 of the Complaint.

47.     Thompson denies the allegations contained in Paragraph 47 of the Complaint.

48.     Thompson denies the allegations contained in Paragraph 48 of the Complaint.

49.     Thompson denies the allegations contained in Paragraph 49 of the Complaint.

50.     Thompson denies the allegations contained in Paragraph 50 of the Complaint.

51.     Thompson denies the allegations contained in Paragraph 51 of the Complaint.

52.     Thompson denies the allegations contained in Paragraph 52 of the Complaint.

53.     Thompson denies the allegations contained in Paragraph 53 of the Complaint.

54.     Thompson denies the allegations contained in Paragraph 54 of the Complaint.

55.     Thompson denies the allegations contained in Paragraph 55 of the Complaint.

56.     Thompson denies the allegations contained in Paragraph 56 of the Complaint.

57.     Thompson denies the allegations contained in Paragraph 57 of the Complaint.

58.     Thompson denies the allegations contained in Paragraph 58 of the Complaint.

59.     Thompson denies the allegations contained in Paragraph 59 of the Complaint.

60.     Thompson denies the allegations contained in Paragraph 60 of the Complaint.

61.     Thompson denies the allegations contained in Paragraph 61 of the Complaint.

62.     Thompson denies the allegations contained in Paragraph 62 of the Complaint.

### **VIOLATIONS OF THE FTC ACT**

63.     With regard to the allegations contained in Paragraph 63 of the Complaint, the cited legal provision speaks for itself, and Thompson denies any characterization thereof.  Thompson respectfully refers the Court to the cited legal provision for a complete and accurate statement of its contents.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

64.     Paragraph 64 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, Thompson denies the allegations contained in Paragraph 64 of the Complaint.

## COUNT I
### Misrepresentations Regarding Credit Repair Services

65.     Thompson denies the allegations contained in Paragraph 65 of the Complaint.

66.     Thompson denies the allegations contained in Paragraph 66 of the Complaint.

67.     Thompson denies the allegations contained in Paragraph 67 of the Complaint.

## COUNT II
### Illegal Pyramid

68.     Thompson denies the allegations contained in Paragraph 68 of the Complaint.

69.     Thompson denies the allegations contained in Paragraph 69 of the Complaint.

## COUNT III
### Misrepresentations Regarding Investment Opportunities

70.     Thompson denies the allegations contained in Paragraph 70 of the Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

71.     Thompson denies the allegations contained in Paragraph 71 of the Complaint.

72.     Thompson denies the allegations contained in Paragraph 72 of the Complaint.

## COUNT IV
### Means and Instrumentalities

73.     Thompson denies the allegations contained in Paragraph 73 of the Complaint.

74.     Thompson denies the allegations contained in Paragraph 74 of the Complaint.

## VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

75.     With regard to the allegations contained in Paragraph 75 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

76.     With regard to the allegations contained in Paragraph 76 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

PENTIUK, COUVREUR & KOBILJAK, P.C.  •  ATTORNEYS AND COUNSELLORS AT LAW  •  EDELSON BUILDING, SUITE 200  •  2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192  •  (734) 281-7100

77. With regard to the allegations contained in Paragraph 77 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

78. Thompson denies the allegations contained in Paragraph 78 of the Complaint.

79. With regard to the allegations contained in Paragraph 79 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

80. With regard to the allegations contained in Paragraph 80 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

81. With regard to the allegations contained in Paragraph 81 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof. Thompson

PENTIUK, COUVREUR & KOBILJAK, P.C. · ATTORNEYS AND COUNSELLORS AT LAW · EDELSON BUILDING, SUITE 200 · 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 · (734) 281-7100

respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

82.　With regard to the allegations contained in Paragraph 82 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.　Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

83.　With regard to the allegations contained in Paragraph 83 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.　Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

84.　With regard to the allegations contained in Paragraph 84 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.　Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

85.　With regard to the allegations contained in Paragraph 85 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.　Thompson

PENTIUK, COUVREUR & KOBILJAK, P.C. · ATTORNEYS AND COUNSELLORS AT LAW · EDELSON BUILDING, SUITE 200 · 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 · (734) 281-7100

respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

86.     Paragraph 86 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, Thompson denies the allegations contained in Paragraph 86 of the Complaint.

## COUNT V
### Misrepresentations Regarding Credit Repair Services

87.     Thompson denies the allegations contained in Paragraph 87 of the Complaint.

88.     Thompson denies the allegations contained in Paragraph 88 of the Complaint.

## COUNT VI
### Violation of Prohibition against Charging Advanced Fees for Credit Repair Services

89.     Thompson denies the allegations contained in Paragraph 89 of the Complaint.

90.     Thompson denies the allegations contained in Paragraph 90 of the Complaint.

## COUNT VII
### Failure to Make Required Disclosures

91.     Thompson denies the allegations contained in Paragraph 91 of the Complaint.

14

92.     Thompson denies the allegations contained in Paragraph 92 of the Complaint.

## COUNT VIII
### Failure to Obtain Signed Contracts from Consumers

93.     Thompson denies the allegations contained in Paragraph 93 of the Complaint.

94.     Thompson denies the allegations contained in Paragraph 94 of the Complaint.

## COUNT IX
### Failure to Include Required Terms and Conditions in Contracts

95.     Thompson denies the allegations contained in Paragraph 95 of the Complaint.

96.     Thompson denies the allegations contained in Paragraph 96 of the Complaint.

## COUNT X
### Failure to Provide Cancellation Form

97.     Thompson denies the allegations contained in Paragraph 97 of the Complaint.

98.     Thompson denies the allegations contained in Paragraph 98 of the Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

<u>**COUNT XI**</u>
**Failure to Provide Consumers with Copy of Contract and Other Disclosures**

99.    Thompson denies the allegations contained in Paragraph 99 of the Complaint.

100.    Thompson denies the allegations contained in Paragraph 100 of the Complaint.

<u>**VIOLATIONS OF THE TELEMARKETING SALES RULE**</u>

101.    With regard to the allegations contained in Paragraph 101 of the Complaint, provisions of the Telemarketing Act and Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

102.    With regard to the allegations contained in Paragraph 102 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof.  Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

103.    With regard to the allegations contained in Paragraph 103 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof.  Thompson respectfully

refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

104. With regard to the allegations contained in Paragraph 104 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provision for a complete and accurate statement of their contents.

105. With regard to the allegations contained in Paragraph 105 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provision for a complete and accurate statement of their contents.

106. With regard to the allegations contained in Paragraph 106 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provision for a complete and accurate statement of their contents.

107. With regard to the allegations contained in Paragraph 106 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

refers the Court to the cited legal provision for a complete and accurate statement of their contents.

108. With regard to the allegations contained in Paragraph 106 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

109. Paragraph 109 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Thompson denies the allegations contained in Paragraph 109 of the Complaint.

**COUNT XII**
**Misrepresentations Regarding Credit Repair Services**

110. Thompson denies the allegations contained in Paragraph 110 of the Complaint.

111. Thompson denies the allegations contained in Paragraph 111 of the Complaint.

**COUNT XIII**
**Misrepresentations Regarding Investment Opportunities**

112. Thompson denies the allegations contained in Paragraph 112 of the Complaint.

113. Thompson denies the allegations contained in Paragraph 113 of the Complaint.

## COUNT XIV
### Violation of Prohibition against Charging Advanced Fees for Credit Repair Services

114. Thompson denies the allegations contained in Paragraph 114 of the Complaint.

115. Thompson denies the allegations contained in Paragraph 115 of the Complaint.

## COUNT XV
### Use of Remotely Created Checks

116. Thompson denies the allegations contained in Paragraph 116 of the Complaint.

117. Thompson denies the allegations contained in Paragraph 117 of the Complaint.

## CONSUMER INJURY

118. Thompson denies the allegations contained in Paragraph 118 of the Complaint.

## PRAYER FOR RELIEF

Thompson denies that Plaintiff is entitled to any relief, and demands entry of judgment in his favor.

## THOMPSON'S AFFIRMATIVE DEFENSES

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

Thompson asserts the following affirmative defenses in accordance with Rules 8 and 12 of the Federal Rules of Civil Procedure.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that, without admitting any violation of any law, some or all of the allegedly violative statements alleged in the Complaint, if such statements were made, were not false or misleading statements of material fact, but were good faith sales practices.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted under Section 5 of the FTC Act, 15 U.S.C. § 45(a).  Plaintiff has failed to demonstrate the existence of any material representations of Thompson, and failed to demonstrate that any alleged material statements were likely to mislead customers acting reasonably under the circumstances pursuant to Section 5.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted under the Telemarketing and Consumer Fraud and Abuse Act, 15 U.S.C. §§ 6101-6108, or the Telemarketing Sales Rule, 16 C.F.R. Part 310.  Among other things, Plaintiff

PENTIUK, COUVREUR & KOBILJAK, P.C. · ATTORNEYS AND COUNSELLORS AT LAW · EDELSON BUILDING, SUITE 200 · 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 · (734) 281-7100

has failed to demonstrate that any of the alleged conduct referring to Thompson relates to "telemarketing."

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted under the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j. Plaintiff has failed to and cannot demonstrate that Thompson is a "credit repair organization," in particular, Thompson, who is an individual and President/Director of Defendant YFLF, which is a current Michigan "nonprofit organization which is exempt from taxation under section 501(c)(3) of title 26," and therefore is not a "credit repair organization." 15 U.S.C. §§ 1679a(3)(B)(i).

### FIFTH AFFIRMATIVE DEFENSE

Any injury or harm to any individual consumer or to the public in general alleged by the Plaintiff in the Complaint was cause by the acts or omissions of a third-party over which Thompson had no authority or control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable statutes of limitations.

21

PENTIUK, COUVREUR & KOBILJAK, P.C. · ATTORNEYS AND COUNSELLORS AT LAW · EDELSON BUILDING, SUITE 200 · 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 · (734) 281-7100

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of mistake or law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of consumer redress or injury given the value of the products and services consumers received, the moneys they earned, and any refunds issued relating to the practices at issue.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

Without admitting any violations occurred, any alleged violations by Thompson, if any such violations occurred on his behalf, did not rise to the level demonstrating the likelihood of repetition required to support injunctive relief against Thompson.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks equitable relief, the balance of equities tips in favor of Thompson, as imposition of such relief would cause undue hardship to Thompson.

22

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson for any monetary equitable relief are barred as Plaintiff has no right to such relief given the plain language of the Federal Trade Commission Act, 15 U.S.C. §§ 41-58. *See AMG Cap. Mgmt., LLC v. Fed. Trade Commi'n*, 144 S. Ct. 1341 (2021).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson are barred, in whole or in part, as there is no individual or personal liability under the Telemarketing and Consumer Fraud and Abuse Act, 15 U.S.C. §§ 6101-6108, the Telemarketing Sales Rule, 16 C.F.R. Part 310, or the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, regardless of whether any corporate entities may have any such liability, with none being admitted.

## FOURTEENTH AFFIRMATIVE DEFENSE

YFLF is exempt from CROA because on December 31, 2003, MSU Common Sense Inc., as YFLF was then known, received a determination from the Internal Revenue Service ("IRS") that it was exempt from federal income tax under section 501(a) of the Internal Revenue Code as an organization described in section 501(c)(3). The IRS reconfirmed this 501(c)(3) classification for YFLF on August 23, 2010 after its name change to YFLF.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has admitted that Youth Financial was originally incorporated as MSU Common Sense, Inc., which changed its name to The Thompson Scholarship Foundation, Inc., which changed its name to Patro Scholarship Foundation, Inc., which changed its name to Youth Financial." ECF No. 1, PageID.7. Thus, Plaintiff's admission bars any challenge to YFLF's status as a federal tax exempt entity and as a Michigan nonprofit corporation.

## SIXTEETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted because Defendant Thompson is neither a Telemarketer nor Seller under the Telemarketing Sales Rule.

## SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted because the FTC fails to allege any illegal pyramid involving Defendant Thompson.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for monetary damages against Thompson are barred because Thompson is a volunteer President/Director as per MCL 450.2110, MCL 450.2209(1)(d) and MCL 450.2541(6) of Defendant Youth Financial

Literacy Foundation ("YFLF"), a 501(c)(3) tax exempt Michigan nonprofit corporation and therefore has no individual liability.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's CROA claims are barred in whole or in part on the ground that pursuant to MCL 450.2106, YFLF is a "Charitable purpose corporation" because it: (a) Is recognized by the United States internal revenue service as exempt or qualifies for exemption under section 501(c)(3) of the internal revenue code of 1986, 26 USC 501; and (b) Is a corporation whose purposes, structure, and activities are exclusively those that are described in section 501(c)(3) of the internal revenue code of 1986, 26 USC 501.

## TWENTITH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson are barred by MCL 450.2556 because YFLF's articles of incorporation contain the provision authorized under MCL 450.2209(e), and Thompson is a volunteer officer and director.  Consequently, a claim for monetary damages for a volunteer director, volunteer officer, or other volunteer's acts or omissions shall not be brought or maintained against a volunteer director, volunteer officer, or other volunteer. The claim shall be brought and maintained against the corporation.

25

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims challenging the nonprofit status of YFLF are barred because it is declared to be a nonprofit corporation by state law, specifically and MCL 450.2106(1)(a) and MCL 450.2108(2), since YFLF is a corporation incorporated in Michigan to carry out any lawful purpose or purposes that does not involve pecuniary profit or gain for its directors, officers, shareholders, or members.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims challenging the charitable (IRC 501(c)(3)) status of YFLF are barred because only the IRS has standing to make that challenge. Therefore, Plaintiff lacks standing to challenge YFLF's exemption under CROA (15 USC 1679a(3)(B)(i)) because YFLF is both a nonprofit organization under state law and is exempt from taxation under 26 USC 501(c)(3).  Since Defendant Thompson was an officer and director of YFLF, he is exempted from CROA.

**WHEREFORE**, Defendant, Gerald Thompson, respectfully requests that this Court enter judgment against Plaintiff and in favor of Defendant, Gerald Thompson, dismiss this action with prejudice, award Defendant, Gerald Thompson, his reasonable attorney's fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated:  July 22, 2022                      Respectfully submitted,
**PENTIUK, COUVREUR & KOBILJAK, P.C.**

By:  */s/Kerry L. Morgan*
Kerry L. Morgan (P32645)
*Attorneys for Defendant,*
 *Gerald Thompson, Only*
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
Telephone:  734-281-7100
Fascimile:   734-281-7102
Email: Kmorgan@pck-law.com

## CERTIFICATE OF SERVICE

I hereby certify that, on July 22, 2022, a true and correct copy of the foregoing was served on all counsel of record via ECF.

/s/ *Kerry L. Morgan*
Kerry L. Morgan