UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

FINANCIAL EDUCATION SERVICES, INC., *et al*.,

    Defendants.

_____/

Case No. 2:22-cv-11120-BAF-APP

Hon. Bernard A. Friedman

**<u>MOTION OF DEFENDANTS CHRISTOPHER TOLOFF, MICHAEL TOLOFF, VR-TECH MGT, LLC AND CM RENT, INC. TO DISMISS PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF AND OTHER RELIEF</u>**

Defendants Christopher Toloff, Michael Toloff, VR-Tech MGT, LLC and CM Rent, Inc., by and through undersigned counsel, move the Court for an Order dismissing the Plaintiff's Complaint for Permanent Injunction, Monetary Relief and Other Relief (ECF No. 1), pursuant to Fed. R. Civ. P. 12(b)(6) and E.D. Mich. LR 7.1.

Pursuant to E.D. Mich. LR 7.1(2)(A), counsel for Defendants Christopher Toloff, Michael Toloff, VR-Tech MGT, LLC and CM Rent, Inc. held a conference with counsel for Plaintiff Federal Trade Commission in good faith regarding the

1

nature of this Motion on July 22, 2022. Plaintiff's counsel advised that the FTC objects to this Motion.

In support of this Motion, Defendants Christopher Toloff, Michael Toloff, VR-Tech MGT, LLC and CM Rent, Inc. rely upon their Brief in Support being filed simultaneously herewith.

                                             Respectfully submitted,

                                             */s/ Helen Mac Murray*
                                             Helen Mac Murray (Ohio # 0038782)
                                             Lisa A. Messner (Ohio # 0074034)
                                             Mac Murray & Shuster LLP
                                             6525 West Campus Oval, Suite 210
                                             New Albany, Ohio 43054
                                             Tel: (614) 939-9955
                                             Fax: (614) 939-9954
                                             hmacmurray@mslawgroup.com
                                             lmessner@mslawgroup.com

                                             *Counsel for Defendants,*

                                             *Christopher Toloff, Michael Toloff,*
                                             *CM Rent, Inc. and VR-TECH MGT.,*
                                             *LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 25th day of July, 2022, with the Clerk of the Court using CM/ECF, which will serve all parties and counsel having appeared in this matter.

*/s/ Helen Mac Murray*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

FEDERAL TRADE COMMISSION,

    Plaintiff,                               Case No. 2:22-cv-11120-BAF-APP

    v.

FINANCIAL EDUCATION SERVICES,   Hon. Bernard A. Friedman
INC., *et al*.,

    Defendants.

**BRIEF IN SUPPORT OF MOTION OF DEFENDANTS CHRISTOPHER TOLOFF, MICHAEL TOLOFF, VR-TECH MGT, LLC AND CM RENT, INC. TO DISMISS PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF AND OTHER RELIEF**

# **TABLE OF CONTENTS**

**INTRODUCTION**......................................................................................................5

**FACTS PLEAD IN THE COMPLAINT** ..............................................................7

**LAW AND ARGUMENT**......................................................................................8

   Applicable legal standard..................................................................................8

   Plaintiff fails to state a claim for relief as to the Toloff Defendants in their individual capacity. .............................................................................................9

   A permanent injunction cannot lie against the Defendants' for alleged past conduct. ..............................................................................................................12

   The FTC cannot obtain monetary relief under Section 13(b). ..............................14

**CONCLUSION**....................................................................................................15

# **TABLE OF AUTHORITIES**

**Cases**

*AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341, 1348 (U.S. 2021) ................................................................................................................13
*AMG Capital*, 141 S. Ct. at 1347 ....................................................................... 13, 14
*AMG Capital*, 141 S. Ct. at 1349 ..............................................................................15
*AMG Capital*, 141 S. Ct. at 1348 ..............................................................................14
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................5
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .............................................................8
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .....................................................5
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .............................................9
*Fed. Trade Comm'n v. Shire ViroPharma, Inc.*, 917 F.3d 147, 156 (3d Cir. Feb. 25, 2019) ......................................................................................................................13
*FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014) ................................5
*FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 636 (6th Cir. 2014) ......................10
*FTC v. Swish Mktg.*, Case No. C 09-03814 RS, 2010 ........................................5, 12
Howard v. City of Girard, Ohio, 346 F. App'x 49 (6th Cir. 2009) ............................5
Howard v. City of Girard, Ohio, 346 F. App'x 49, 51 (6th Cir. 2009) ......................9
*Maybin v. Booker,* No. 09-13755, 2010 WL 3070163 (E.D. Mich. July 14, 2010)..5
*Maybin v. Booker,* No. 09-13755, 2010 WL 3070163, at *2 (E.D. Mich. July 14, 2010................................................................................................................................11

**Statutes**

15 U.S.C. § 45(b) .....................................................................................................14
15 U.S.C. § 53(b) .....................................................................................................13

## **ISSUES PRESENTED**

1.  Whether the FTC pled facts sufficient to establish individual liability against Christopher Toloff and Michael Toloff where the conclusory allegations lack any facts indicating that either participated or controlled any of the alleged unlawful conduct?

2.  Whether a permanent injunction may issue for alleged unlawful conduct occurring in the past?

3.  Whether Section 19(b) of the FTC Act permits the FTC to seek monetary relief?

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

In support of the Toloff Defendants' position that the FTC fails to plead facts sufficient to establish individual liability against Christopher Toloff and Michael Toloff, they rely on the following authority:

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

*Howard v. City of Girard, Ohio*, 346 F. App'x 49 (6th Cir. 2009)

*FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014).

*Maybin v. Booker,* No. 09-13755, 2010 WL 3070163 (E.D. Mich. July 14, 2010)

*FTC v. Swish Mktg.*, Case No. C 09-03814 RS, 2010 U.S. Dist. LEXIS 15016 (N.D. Cal. Feb. 22, 2010)

In support of the Defendants' position that a permanent injunction cannot issue for alleged unlawful conduct occurring in the past, they rely on the following authority:

*AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341 (U.S. 2021)

In support of the Defendants' position that monetary relief is not available under Section 13(b) of the FTC act, they rely on the following authority:

*AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341 (U.S. 2021)

## **INTRODUCTION**

Defendant Christopher Toloff previously worked for Financial Education Services as its Chief Financial Officer. Also, Defendant Michael Toloff formerly owned and operated some of the Corporate Defendants. Defendants VR-Tech MGT, LLC and CM Rent, Inc. operate as entirely separate companies performing different functions unique to each of them.

In its Complaint, Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") asserts claims arising under the Credit Repair Organization Act ("CROA"), the Telemarketing Sales Rule (the "TSR"), and the FTC Act. The FTC seeks relief, in part, against Defendants Christopher Toloff and Michael Toloff (the "Toloff Defendants") in their individual capacities. However, the FTC's Complaint relies entirely on conclusory allegations to support its claims against the Toloff Defendants. It fails to sufficiently state claims against the Toloff Defendants.

In particular, the Complaint seeks to hold the Toloff Defendants individually liable for substantial money penalties and injunctive relief, despite failing to allege the Toloff Defendants participated in the alleged unlawful conduct as required by the law. Additionally, the FTC does not allege the Toloff Defendants exercised the requisite control over the Corporate Defendants justifying any finding of individual liability. Absent such facts, the FTC cannot hold the Toloff Defendants individually

liable for violations of CROA, the TSR and the FTC Act, warranting dismissal of the Toloff Defendants from the Complaint.

Additionally, the FTC seeks injunctive relief and monetary recover against not only as to the Toloff Defendants but also as to VR-Tech MGT, LLC and CM Rent, Inc. (collectively the "CM Rent Defendants"). However, these forms of relief are not available to the FTC based on recent Supreme Court authority. Accordingly, the FTC fails to state claims for relief against the Toloff Defendants and the CM Rent Defendants to the extent that injunctive and monetary damages are sought.

## FACTS PLEAD IN THE COMPLAINT

Plaintiff named ten separate defendants in its Complaint—six corporate defendants and four individual defendants, including the Toloff Defendants. The FTC does not distinguish between the corporate and individual defendants. Instead, the FTC simply alleges that the *Defendants* collectively operated an unlawful credit repair scheme. (ECF No. 1 at ¶2) Plaintiff alleges that all defendants misrepresented the efficacy of the credit repair services, and defendants' ability to permanently remove negative items from credit reports. (*Id* at ¶20-21) Additional allegations include conclusory statements related to marketing practices, the enrollment process, and payment structure. (*Id* at ¶¶ 4; 23-25; 38-40; 49; 56-57)

The FTC makes "group allegations" and fails to state any specific allegations against the Toloff Defendants. Other than the case caption, the Toloff Defendants

7

are only each mentioned a mere one time in the Complaint in the "Parties" Section. In that section, Plaintiff only alleges the following facts against Christopher Toloff: "Defendant Christopher Toloff is or was an owner, officer, director, or manager of Youth Financial and CM Rent. He is an authorized signatory on many of Defendants' bank accounts. At all times relevant to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint." (Complaint, ECF No. 1 at ¶15) These are the same presumptive allegations that the FTC makes about every other individual defendant, including Michael Toloff. (Complaint, ECF No. 1 at ¶13, 14 and 16) These allegations lack factual context about how the Toloff Defendants controlled or participated in any misconduct.

Further, no reference exists as to either Toloff Defendant regarding violations of the statues referenced or any other law.  No allegations exist stating that the Toloff Defendants acted in an unfair or deceptive manner, marketed services or products in an illegally or violated any laws related to enrollment or payment structure.

## LAW AND ARGUMENT

A.  Applicable legal standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009); *Iqbal* at 556 U.S. 662, 678. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*, 556 U.S. at 678 (quotations and citation omitted).

B.  <u>The FTC fails to state a claim for relief as to the Toloff Defendants in their individual capacity.</u>

The FTC names multiple corporate entities and individuals as Defendants in its Complaint. However, the FTC omits any facts differentiating the role of the Defendants. Although each corporation and individual performed different functions, Plaintiff makes no distinction between the roles and services that each offered. Two paragraphs exist in the Complaint which contain allegations about the Toloff Defendants which are the exact same conclusory allegations made about each

9

Individual Defendant. (ECF. No. 1 at ¶¶13-16)  Throughout the Complaint, FTC makes general, overly broad assertions that *Defendants* violated the FTC Act, CROA, the Telemarketing Act, and the TSR in connection with their marketing and sales of credit repair services and investment opportunities. (ECF No. 1 at ¶1) The FTC states no specific allegations or facts about how the Toloff Defendants allegedly engaged in such violations.  This is fatal to the FTC's claims.

Noteworthy is the fact that the FTC Act provides the FTC with the authority to issue a Civil Investigative Demand prior to filing a lawsuit. FTC Act Sec. 20, 15 U.S.C. Sec. 57b-1. Unlike plaintiffs in other civil litigation, the FTC Act permits the FTC to conduct discovery prior to filing a lawsuit through the Civil Investigative Demand. Despite its authority to engage in such pre-filing discovery, the FTC's allegations here amount to nothing more than conclusions lacking any factual detail based on its pre-filing discovery.

To survive a Motion to Dismiss, the FTC must plead that the corporate entity violated the FTC Act *and* the individuals *directly participated in the deceptive act or practice or had authority to control them*. Additionally, the FTC must show that an individual defendant knew or should have known of the alleged deceptive act or practice. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 636 (6th Cir. 2014).

Here, Plaintiff's Complaint fails for the simple reason that the FTC did not plead facts alleging that the Toloff Defendants *directly participated in the deceptive*

10

*act or practice or had authority to control them.* The Complaint includes no details whatsoever related to the Toloff Defendants' participation or control of any alleged deceptive telemarketing activity, praying on customers regarding financial uncertainty related to COVID, engaging in an unlawful enrollment process, operating an unlawful investment opportunity and pyramid scheme or making deceptive internet and social media claims.

More specifically, the Complaint omits any facts, which if proven true, give rise to individual liability to the Toloff Defendants. For example, the Complaint states that the Toloff Defendants were signatory on many of the Corporate Defendants' bank accounts. But this blanket assertion fails to distinguish whether they had signatory authority only as opposed to authority to approve expenses. Also, the Complaint lacks any facts showing that the Toloff Defendants knew or should have known about the alleged misconduct, such as reviewing or responding to consumer complaints or approving marketing materials used by the Corporate Defendants. These glaring omissions warrant dismissal of the Complaint for this reason alone. *See Maybin v. Booker,* No. 09-13755, 2010 WL 3070163, at *2 (E.D. Mich. July 14, 2010) (Where the Court found that the plaintiff did not make factual allegations that the defendant could be held personally liable and granted defendant's motion to dismiss.)

While the FTC makes one lone allegation against each Toloff Defendants, that

11

allegation fails to meet the pleading standard required to survive a motion to dismiss. In an instructive case, the Northern District of California rejected the FTC's assumption that the role of president and the authority to sign documents on behalf of the corporation demonstrated the requisite control needed to show individual liability. *FTC v. Swish Mktg.*, Case No. C 09-03814 RS, 2010 U.S. Dist. LEXIS 15016, at *14-15 (N.D. Cal. Feb. 22, 2010). That court explained that, with the civil investigative powers vested to the FTC, such threadbare allegations lacking in factual support or detail failed to plausibly state a claim for individual liability. *Id*.

Stated simply, the FTC failed to meet the standard set forth in *Twombly*; it pled nothing more than labels, conclusions, and a formulaic recitation of the elements of the causes of action. The Toloff Defendants are at a loss how to respond to such broad claims when Plaintiff offers no specifics. Such allegations cannot survive a Motion to Dismiss because they do not raise a right to relief above the speculative level. *See Twombly* at 555.

C.  <u>A permanent injunction cannot lie against the Toloff Defendants or the CM Rent Defendants for alleged past conduct.</u>

Even should the Court find that the allegations against the Toloff Defendants contain enough specificity to survive this Motion, the relief sought is not available under the law, warranting dismissal of the Complaint for this reason also. The U.S. Supreme Court's acknowledged that Section 13(b) of the FTC Act limits the FTC's

right to injunctive relief to only cases where the respondent "is violating" or "is about to violate" (not 'has violated') the law makes clear that Plaintiff cannot use Section 13(b) in this case to obtain permanent injunctive relief for Defendants' alleged past conduct. The plain language of the FTC Act provides the basis for the Supreme Court's conclusion:

> Whenever the [FTC] has reason to believe … that any person, partnership, or corporation <u>is violating</u>, or <u>is about to violate</u>, any provision of law enforced by the [FTC] … the [FTC] … may bring suit in a district court of the United States to enjoin any such act or practice.

15 U.S.C. § 53(b) (emphasis added); *AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341, 1348 (U.S. 2021).

As the Supreme Court noted, Section 13(b) explicitly states that the FTC's authority to seek injunctive relief in court is limited to circumstances in which a defendant's current conduct "is violating" or "is about to violate" the law, and "focuses upon relief that is prospective, not retrospective." *AMG Capital*, 141 S. Ct. at 1347 (holding the words, "is violating" and "about to violate" in Section 13(b), prohibit "existing or impending conduct," and do not permit the FTC "to bring a claim based on long-past conduct without some evidence that the defendant 'is' committing or 'is about to' commit another violation"); see also *Fed. Trade Comm'n v. Shire ViroPharma, Inc.*, 917 F.3d 147, 156 (3d Cir. Feb. 25, 2019)(same). The Supreme Court reasoned that Section 13(b)'s words "reflect that the provision

13

addresses a specific problem, namely, that of stopping seemingly unfair practices from taking place while the [FTC] determines their lawfulness [through its administrative process]." *AMG Capital*, 141 S. Ct. at 1348.

The Supreme Court's decision and its reasoning supports the fact that the FTC's Complaint improperly circumvents the limits on Plaintiff's authority under Section 13(b). This Section does not reach conduct that allegedly "has violated" such a law. *See* 15 U.S.C. § 45(b). Nevertheless, Plaintiff's Complaint repeatedly cites to allegations of past conduct. Accordingly, under *AMG Capital*, Plaintiff cannot seek permanent injunctive relief for alleged past conduct of either the Toloff Defendants or the CM Rent Defendants, justifying dismissal of those claims.

D.     The FTC cannot obtain monetary relief under Section 13(b).

While Section 13(b) authorizes Plaintiff to seek an injunction for current and future conduct, "[a]n 'injunction' is not the same as an award of equitable monetary relief." *AMG Capital*, 141 S. Ct. at 1347. According to the Supreme Court, "the words 'permanent injunction' have a limited purpose—a purpose that does not extend to the grant of monetary relief." *Id*. at 1348. Despite the Supreme Court's unanimous decision confirming this limitation, the FTC requests monetary relief. (ECF No. 1 at Prayer for Relief ¶D) If the FTC seeks monetary relief against the Toloff Defendants and the CM Rent Defendants, it must "first invok[e] its administrative procedures and then §19's redress provisions." *AMG Capital*, 141 S.

14

Ct. at 1349. The FTC failed to do so here. As such, Plaintiff's claims for monetary relief lack basis in the law and cannot survive a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint falls short of stating any plausible claim for relief against the Toloff Defendants. Additionally, the Complaint fails as a matter of law to the extent it seeks injunctive or monetary relief against the Toloff Defendants and the CM Rent Defendants. Accordingly, Defendants respectfully request that the Court grant this motion to dismiss and enter an order dismissing with prejudice Plaintiff's Complaint as to the Toloff Defendants and the CM Rent Defendants.

Respectfully submitted,

*/s/ Helen Mac Murray*
Helen Mac Murray (Ohio # 0038782)
Lisa A. Messner (Ohio # 0074034)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Tel: (614) 939-9955
Fax: (614) 939-9954
hmacmurray@mslawgroup.com
lmessner@mslawgroup.com

*Counsel for Defendants,*

*Christopher Toloff, Michael Toloff, CM Rent, Inc. and VR-TECH MGT., LLC*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 25th day of July, 2022, with the Clerk of the Court using CM/ECF, which will serve all parties and counsel having appeared in this matter.

<i>/s/ Helen Mac Murray</i>