# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** <br><br> Plaintiff, <br><br> v. <br><br> **FINANCIAL EDUCATION SERVICES, INC.**, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-11120-BAF-APP <br><br> Hon. Bernard A. Friedman <br><br> **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

Plaintiff the Federal Trade Commission ("FTC"), Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik (collectively, the "FES Defendants"), Defendants VR-Tech MGT, LLC, CM Rent Inc., Michael Toloff, and Christopher Toloff (collectively, the "Toloff Defendants"), and Defendant Gerald Thompson (together with the FES Defendants and Toloff Defendants, "Defendants"), through their respective counsel, held the conference required by Rule 26(f) of the Federal Rules of Civil Procedure via telephone on July 25, 2022 and exchanged communications thereafter. They now, in accordance with Fed. R. Civ. P. 26(f), submit the following joint discovery plan:

**I.  Procedural History**

The FTC commenced this action on May 23, 2022, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, Section 410(b) of the

1

Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b), and Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(b). On May 25, 2022, on motion by the FTC, the Court entered an *ex parte* temporary restraining order ("TRO") providing for, among other things, appointment of a receiver, immediate access to the Defendants' business premises by the FTC and receiver, and expedited discovery by the FTC and receiver. (ECF No. 10.) On June 30, 2022, the Court held a hearing on an order to show cause why a preliminary injunction should not issue against Defendants. On July 18, 2022, the Court entered an order denying the FTC's motion for preliminary injunction, vacating the TRO, terminating the asset freeze, and converting the receivership to a monitorship. (ECF No. 76.)

## II. Discovery Conducted to Date

Pursuant to the TRO, the FTC collected and made copies of electronic and hard copy documents located at Defendants' business premises. The FTC has returned to the Receiver all hard copy documents removed from Defendants' business premises.

Following entry of the TRO and at the FTC's request, Defendants provided the FTC with the names and email addresses of their past and present counsel in order to identify documents potentially subject to the attorney-client privilege. The

FTC has sequestered, and hidden from the case team's view, documents containing the terms Defendants provided.

Defendants have, as yet, conducted no discovery nor have they ascertained the full scope of the documents and ESI already obtained by the FTC. Defendants preserve, retain and assert all claims of privilege and preserve all clawback rights.

**III.  Fed. R. Civ. P. 26(f)(3)(A):** *Initial Disclosures*.

The parties agree that Fed. R. Civ. P. 26(a)(1)(A) will govern as to the form or requirements for the disclosures. The parties propose that the initial disclosures shall be exchanged no later than 30 days after entry of a scheduling order.

**IV.  Fed. R. Civ. P. 26(f)(3)(B):** *Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to particular issues.*

### A. Subjects on which Discovery May Be Needed

**1. The FTC's Statement of Issues Requiring Discovery**

a. The FTC alleges that Defendants are violating Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), multiple provisions of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679-1679j, and multiple provisions of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the marketing and sale of credit repair services and investment opportunities.

b. In particular, the FTC alleges that Defendants make false or misleading claims relating to the efficacy of their credit repair services. Discovery is necessary relating to any marketing, advertising, or other representations made by Defendants containing these claims, as well as to the falsity or misleading nature of the claims.

c. The FTC further alleges that Defendants fail to make required CROA disclosures and provide consumers with written contracts. Discovery is necessary relating to whether Defendants made these required disclosures or provided required contracts.

d. The FTC further alleges that Defendants illegally collect advance fees for their credit repair services. Discovery is necessary relating to whether Defendants collect such advance fees.

e. The FTC further alleges that Defendants make false or misleading claims relating to the amount of income consumers can earn as agents for Defendants. Discovery is necessary relating to any marketing, advertising, or other representations made by Defendants containing these claims, as well as to the falsity or misleading nature of the claims.

f.  The FTC further alleges that Defendants' investment opportunity is an illegal pyramid scheme. Discovery is necessary relating to whether Defendants' investment opportunity is a pyramid scheme.

g.  The FTC further alleges that Defendants provide consumers with the means and instrumentalities to engage in deceptive acts and practices. Discovery is necessary relating to the marketing materials and other information and documents provided to consumers and their use of such material.

h.  The FTC further alleges that Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, VR-Tech MGT, LLC, CM Rent Inc., and Youth Financial Literacy Foundation operate as a common enterprise while engaging in the unlawful acts and practices alleged in the Complaint. Discovery is necessary on the ways in which these Corporate Defendants acted as a common enterprise.

i.  The FTC further alleges that Defendants Parimal Naik, Michael Toloff, Christopher Toloff, and Gerald Thompson have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants. Discovery is

necessary on each Individual Defendant's involvement in the business activities of the Corporate Defendants.

j. The FTC further alleges that Defendant Youth Financial Literacy Foundation operates for the profit of others. Discovery is necessary on Defendant Youth Financial's financial accounts, organization, control, and operation.

k. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other equitable relief as the Court deems necessary to prevent future violations of any provision of law enforced by the FTC. Discovery is necessary relating to the scope of such equitable relief. Section 19(b) of the FTC Act, 15 U.S.C. § 57b(b), expressly authorizes this Court to grant "such other relief as the court finds necessary" to remedy violations of CROA and the TSR, including "the rescission or reformation of contracts, the refund of money or return of property." Discovery is necessary relating to the amount of consumer injury caused by Defendants' violations of CROA and the TSR and any other issue relating to the appropriate remedy or remedies allowable by law.

l. If the FTC files an amended complaint, discovery will be necessary on any new facts or counts alleged.

    m. Discovery is also necessary on any affirmative defenses raised by Defendants.

    n. Discovery is permitted on any other matters within the scope of Federal Rule of Civil Procedure 26(b)(1).

**2. FES Defendants' Statement of Issues Requiring Discovery**

In addition to that discovery provided for under FRCP 26(b)(1), the FES Defendants are entitled to discovery regarding Plaintiff's FRCP 26(a)(1) disclosures and any supplementation thereof. The FES Defendants will seek discovery of Plaintiff's investigators, affiants, experts and other persons, whether or not identified in the pleadings, motions and exhibits, regarding any claims or factual matters asserted in the complaint. Discovery is needed in support of the FES Defendants' defenses and affirmative defenses. Discovery is also needed of the Monitor, his team, auditors, agents and assistants (excluding legal counsel) solely regarding the factual basis of any Receiver or Monitor Report filed with the court touching upon any alleged violation of law. Discovery is also needed of witnesses, corporate agents and/ or consumer that may have factual knowledge about any matter touching the complaint or a defense. Finally, factual discovery is needed regarding the Internal Revenue Service (IRS) and Michigan Department of

Licensing and Regulatory Affairs (LARA) regarding federal tax exempt status criteria and non-profit corporate criteria.

### 3. Toloff Defendants' Statement of Issues Requiring Discovery

As a threshold matter, the Individual Defendants, Christopher Toloff and Michael Toloff, submit that discovery should be limited as to only those facts and discoverable information related to the FTC's claims against the Corporate Defendants pending resolution of the Motion to Dismiss the claims against them, which will be forthcoming. Accordingly, the Individual Toloff Defendants reserve the right to object to Plaintiff's discovery requests to the extent they are overbroad or disproportionate in light of the same.

To the extent that any portion of the claims against the Individual Toloff Defendants remain pending after resolution of their Motion to Dismiss, the Individual Toloff Defendants contemplate the need for discovery of information related to Plaintiff's investigators, affiants, consumer complainants, experts and other persons to be identified by Plaintiff with knowledge about the facts giving rise to Plaintiff's claims. The Individual Defendants also contemplate the need for discovery from the Monitor and his agents related to the facts asserted in the Receiver's Report and any subsequent report by the Monitor. Additionally, the Individual Toloff Defendants contemplate the need for discovery related to any factual basis for the FTC's claims that violations of the law occurred.

8

## 4. Defendant Thompson's Statement of Issues Requiring Discovery

In addition to that discovery provided for under the Court Rules and enjoyed by other parties, Defendant Thompson needs discovery of Plaintiff's investigators, affiants, experts and other persons, whether or not identified in the pleadings and exhibits, regarding any claims or issues raised in the complaint or an Order of this Court. Discovery is also needed of the Monitor, his team, auditors, agents and assistants (excluding legal counsel) solely regarding the factual basis of any Receiver or Monitor Report filed with the court touching upon any alleged violation of law. Discovery is also needed of witnesses, corporate agents and/ or consumer that may have factual knowledge about any matter touching the complaint or a defense. Finally, factual discovery is needed regarding the Internal Revenue Service (IRS) and Michigan Department of Licensing and Regulatory Affairs (LARA) regarding federal tax exempt status criteria and non-profit corporate criteria. Thompson contemplates conducting discovery depositions in his own right of a duration as provided by Fed. R. Civ. P. 30(d)(1) without regard to any time spent on the deposition of a deponent by any other party.

### B. Whether Discovery Should Be Limited or Conducted in Phases

The parties agree that discovery shall not be conducted in phases or otherwise limited in focus, with the exception of separating fact discovery from expert discovery.

### C. Discovery and Case Schedule

The parties propose the following schedule:

| Event | Date |
|---|---|
| Deadline for Initial Disclosures | 30 days after entry of a scheduling order |
| Deadline for Amendment of Pleadings | 60 days before the end of fact discovery |
| Deadline for Disclosure of Potential Lay Witnesses | 14 days before the end of fact discovery |
| Fact discovery cut-off date (all fact discovery must be commenced so as to be completed by the fact discovery cut-off date) | 9 months after entry of scheduling order |
| The FTC's and Defendants' expert disclosures due | 30 days after close of fact discovery |
| Rebuttal expert disclosures due | 30 days after expert disclosures due |
| Expert discovery cut-off date (all expert discovery must be commenced so as to be completed by the expert discovery cut-off date) | 45 days after rebuttal expert disclosures due |
| Deadline for Dispositive Motions | 45 days after close of expert discovery |
| Deadline for Opposition to Dispositive Motions | 30 days after filing of dispositive motions |
| Deadline for Replies in Support of Dispositive Motions | 21 days after filing of oppositions to dispositive motions |

| | |
|---|---|
| Hearing on Dispositive Motions | To be determined by the Court |
| Deadline for Joint Final Pre-trial Order | 5 days before the Pre-Trial Conference |
| Deadline for Exchange of Exhibits and Witness List | Four weeks before the Pre-Trial Conference |
| Deadline for Motions in Limine | Three weeks before the Pre-Trial Conference with oppositions due one week before the Pre-Trial Conference |
| Pre-trial Conference | One week before Trial |
| Trial | 90 days after the Court rules on any dispositive motion |

V. **Fed. R. Civ. P. 26(f)(3)(C):** *Issues about disclosure, discovery, or electronically stored information.*

The FTC has taken steps to ensure the preservation of electronically stored information that is relevant to any claim or defense at issue in this case. Defendants have also taken steps to ensure the preservation of any electronically stored information that is relevant to any claim or defense at issue in this case.

VI. **Fed. R. Civ. P. 26(f)(3)(D):** *Issues about claims of privilege or of protection as trial-preparation materials.*

The parties agree that Fed. R. Civ. P. 26(b)(5) shall govern regarding claims of privilege or protection of trial-preparation materials.

The parties have also discussed the need for a protective order and are negotiating a stipulated motion that will be filed separately with the Court.

The parties have also discussed the need for an order pursuant to Fed. R. Evid. 502(b) regarding inadvertent disclosures and are negotiating a stipulated

motion that will be filed separately with the Court.

VII.    **Fed. R. Civ. P. 26(f)(3)(E):** *Proposed changes to the discovery limitations imposed under the federal and local rules of civil procedure.*

Unless otherwise noted, the parties agree to conduct discovery in accordance with the Federal Rules of Civil Procedure. The parties agree to accept service of discovery requests and responses electronically and do not require service by mail. The parties agree to make discovery requests so that the receiving party can respond or otherwise participate within the time set out in the Federal Rules of Civil Procedure.

### A. Interrogatories

Under Fed. R. Civ. P. 33(a)(1), each party may serve on any other party 25 interrogatories, including all discrete subparts.  The parties agree that, due to the number of parties, the FTC may serve on Defendants (collectively) 50 interrogatories, including all discrete subparts, and Defendants (collectively) may serve on the FTC 50 interrogatories, including all discrete subparts.

### B. Depositions

The parties agree that an individual who has been designated under Fed. R. Civ. P. 30(b)(6) to testify on behalf of an organization may also be subject to a separate deposition in his or her individual capacity.  They further agree that each defendant may take the separate independent deposition of the any deponent as provided by Fed. R. Civ. P. 30(d)(1) whether or not previously deposed by another

defendant, but in all cases shall endeavor to avoid duplication of testimony. Further, the parties will make their best efforts to limit depositions to 1 day of 7 hours as provided by Fed. R. Civ. P. 30(d)(1)and agree that in the event that one party proposes a deviation from that limit, the requesting party will either need to obtain the consent of the other party or the intervention of the Court if consent is not given. The parties agree that the upper limit should be extended to 14 hours over the course of 2 days.

      Under Fed. R. Civ. P. 30(a)(2)(A)(i), the parties are each entitled to take 10 depositions. The parties agree that due to the number of parties, the parties should be permitted to exceed the limits set forth in the Federal Rules, specifically that the FTC be allowed to take 15 depositions not counting depositions of experts, and Defendants (collectively) be allowed to take 15 depositions not counting depositions of experts. In addition, the FTC and Defendants (collectively) may each also conduct up to 25 depositions upon written questions. The parties may jointly increase the number of depositions on written questions without amendment to this discovery plan or any order thereon. Absent agreement, each party reserves the right to seek via an amendment to this discovery plan and any order thereon an increase in the number of depositions on written questions.

**VIII.**    **Fed. R. Civ. P. 26(f)(3)(F):** *Any other order that the Court should issue under Rule 26(c) or Rules 16(b) and (c) of the Federal Rules of Civil Procedure.*

      The parties do not propose any other orders at this time, but reserve the right

to request such orders, either through stipulation or motion, should any party deem it necessary during the course of this matter.

IX.     **Fed. R. Civ. P. 26(f)(2):** *Possibility of settlement.*

The parties certify they have discussed the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case. The parties will continue such settlement discussions in good faith.

Dated:      July 26, 2022            Respectfully submitted

| s/ K. Michelle Grajales | s/ with consent of Richard W. Epstein |
|---|---|
| GREGORY A. ASHE<br>K. MICHELLE GRAJALES<br>JULIA E. HEALD<br>Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Washington, DC 20580<br>Telephone: 202-326-3719 (Ashe)<br>Telephone: 202-326-3172 (Grajales)<br>Telephone: 202-326-3589 (Heald)<br>Facsimile: 202-326-3768<br>Email: gashe@ftc.gov,<br>mgrajales@ftc.gov,<br>jheald@ftc.gov<br><br>DAWN N. ISON<br>United States Attorney<br>SUSAN K. DECLERCQ (P60545)<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>Telephone: 313-226-9149<br>Email: susan.declercq@usdoj.gov<br><br>*Attorneys for Plaintiff Federal Trade* | RICHARD W. EPSTEIN<br>ROY TAUB<br>Greenspoon Marder LLP<br>200 E. Broward Blvd, Suite 1800<br>Fort Lauderdale, FL 33301<br>Telephone: 954-491-1120<br>Facsimile: 954-333-4027<br>Email: Richard.epstein@gmlaw.com,<br>roy.taub@gmlaw.com<br><br>MATTHEW S. RAPKOWSKI<br>Greenspoon Marder LLP<br>590 Madison Avenue, Suite 1800<br>New York, NY 10022<br>Telephone: 212-524-5000<br>Facsimile: 212-524-5050<br>Email:<br>matthew.rapkowski@gmlaw.com<br><br>GEORGE S. FISH<br>Young Basile Hanlon & MacFarlane, PC<br>3001 W. Big Beaver Road, Suite 624<br>Troy, MI 48084 |

| | |
|---|---|
| *Commission*<br><br><br>s/ with consent of Helen Mac Murray<br>HELEN MAC MURRAY<br>LISA A. MESSNER<br>WALTER C. BLACKHAM<br>ERICA R. HOLLAR<br>Mac Murray & Shuster LLP<br>6525 West Campus Oval, Suite 210<br>New Albany, OH 43054<br>Telephone: 614-939-9955<br>Facsimile: 614-939-9954<br>Email: hmacmurray@mslawgroup.com,<br>lmessner@mslawgroup.com,<br>wblackham@mslawgroup.com,<br>ehollar@mslawgroup.com<br><br>DAVID W. WARREN<br>EMILY R. WARREN<br>Joelson Rosenberg, PLC<br>30665 Northwestern Hwy, Suite 200<br>Farmington Hills, MI 48334<br>Telephone: 248-855-2233<br>Facsimile: 248-855-2388<br>Email: dwarren@jrlawplc.com,<br>ewarren@jrlawplc.com<br><br>*Attorneys for Defendants VR-Tech MGT, LLC, CM Rent Inc., Michael Toloff, and Christopher Toloff* | Email: fish@youngbasile.com<br><br>*Attorneys for Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik*<br><br><br>s/ with consent of Kerry Lee Morgan<br>KERRY LEE MORGAN<br>Pentiuk, Couvreur & Kobiljak P.C.<br>2915 Biddle Avenue, Suite 200<br>Wyandotte, MI 48192<br>Telephone: 734-281-7100<br>Facsimile: 734-281-7102<br>Email: kmorgan@pck-law.com<br><br>*Attorney for Defendant Gerald Thompson* |

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2022, a true and correct copy of **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** was filed electronically with the United States District Court for the Eastern District of Michigan using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                       *s/ K. Michelle Grajales*
                                       Attorney for Plaintiff Federal Trade Commission