UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

FINANCIAL EDUCATION SERVICES, INC., *et al*.,

    Defendants.

_____/

Case No. 2:22-cv-11120-BAF-APP

**FES DEFENDANTS NON-OPPOSITION TO MONITOR'S MOTION FOR ORDER APPROVING PAYMENT TO RECEIVER'S AND <u>PROFESSIONAL'S FEES AND COSTS</u>**

Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik (the "FES Defendants"), respectfully submits this statement of non-opposition to the Monitor's Motion for Order Approving Payment of Receiver's and professional's Fees and Costs ("Motion"). (ECF 75).

The FES Defendants have reviewed the Fee Motion and supporting documents submitted therewith, and does not object to the overall fee request. The FES Defendants do, however, request that for future invoices, any services provided by professionals hired by the Monitor be broken down by discreet task, rather than a block bill, so that the FES Defendants can properly evaluate future invoices. (ECF

76 at 11-12 ("Block billing shall be prohibited"). *Compare* (ECF 75-2 *and* 75-3 (discreet tasks and time entries broken down)) *with* (ECF 75-4 at 2 (block billing without discreet time entries)); See *Potter v. Blue Cross Blue Shield of Michigan,* 10 F. Supp. 3d 737, 764 (E.D. Mich. 2014) *citing United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO v. Kelsey–Hayes Co.*, 2013 WL 2634815, at *4 (E.D. Mich. June 12, 2013) (reducing class counsel's requested fees, in part, "because of their use of vague block billing entries such as "review documents," "research legal issues," and "plan strategy"); *Heath v. Metro. Life Ins. Co.*, 2011 WL 4005409, at *10–11 (M.D.Tenn. Sept. 8, 2011) (reducing fees by 20% because counsel's block billing made it impossible to "ensure with a high degree of certainty that the hours allegedly expended were in fact expended in a reasonable, non-duplicative fashion"); *Swapalease, Inc. v. Sublease Exchange.com, Inc.*, 2009 WL 1119591, at *2 (S.D.Ohio Apr. 27, 2009); *Gratz v. Bollinger*, 353 F.Supp.2d 929, 939 (E.D.Mich.2005) (reducing the requested fees by ten percent due block billing and vague entries because block billing frustrates the Court's ability to determine whether a reasonable number of hours were expended on each tack).

Dated:  July 28, 2022                                         Respectfully submitted,

                                                    /s/ Richard Epstein
                                                    RICHARD W. EPSTEIN
                                                    ROY TAUB
                                                    Greenspoon Marder LLP

>200 E. Broward Blvd., Suite 1800
>Fort Lauderdale, FL 33301
>Telephone: 954-491-1120
>Facsimile: 954-333-4027
>richard.epstein@gmlaw.com
>roy.taub@gmlaw.com
>
>MATTHEW S. RAPKOWSKI
>Greenspoon Marder LLP
>590 Madison Avenue, Suite 1800
>New York, New York 10022
>Telephone: 212-524-5000
>Facsimile: 212-524-5050
>matthew.rapkowski@gmlaw.com
>
>GEORGE S. FISH
>Young Basile Hanlon & MacFarlane, P.C.
>3001 W. Big Beaver Road, Suite 624
>Troy, MI 48084
>fish@youngbasile.com
>
>*Attorneys for Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 28, 2022, a true and correct copy of the foregoing was served on all counsel of record via ECF.

>*/s/ Richard W. Epstein*
>RICHARD W. EPSTEIN