## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 2:22-cv-11120-BAF-APP |
| Plaintiff, | Hon. Bernard A. Friedman |
| v. | |
| **FINANCIAL EDUCATION SERVICES, INC.**, *et al.*, | |
| Defendants. | |

## FTC'S MEMORANDUM IN OPPOSITION TO THE TOLOFF DEFENDANTS' MOTION TO DISMISS

## ISSUE PRESENTED

Whether the detailed factual allegations set forth in the FTC's Complaint, as supplemented by numerous record citations in its motion for temporary restraining order, and when taken as true, sets forth a plausible claim for injunctive and monetary relief under Sections 13(b) and 19 of the FTC Act for the Toloff Defendants' violations of Section 5 of the FTC Act, multiple provisions of the Credit Repair Organizations Act, and multiple provisions of the FTC's Telemarketing Sales Rule.

## CONTROLLING AUTHORITIES

The controlling or otherwise most useful authorities are:

- Section 13(b) of the FTC Act, 15 U.S.C. § 53(b)
- Section 19 of the FTC Act, 15 U.S.C. § 57b
- Fed. R. Civ. P. 8(a)
- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)
- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001)
- *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014)

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................1

II.  SUMMARY OF THE TOLOFF DEFENDANTS' UNLAWFUL BUSINESS
     PRACTICES .....................................................................................1

III.  THE FTC'S COMPLAINT STATES A CLAIM FOR WHICH RELIEF CAN
      BE GRANTED ..................................................................................3

      A. Legal Standard for Motion to Dismiss ...........................................3

      B. The FTC's Complaint Adequately Pleads that Defendants Michael and
         Christopher Toloff Are Liable for Violating Section 5 of the FTC Act,
         CROA, and the TSR ......................................................................4

          1.  The Complaint Adequately Pleads Collective Wrongdoing through a
              Common Enterprise....................................................................6

          2.  The Complaint Properly Pleads that Michael and Christopher Toloff's
              Control Positions and Financial Involvement Set Forth a Plausible Basis
              for Individual Liability ..............................................................8

      C. The Court Has Authority to Enter Effective Final Relief ............................14

          1. Because the Complaint Alleges Current, Ongoing Misconduct, the Court
             Can Enter Permanent Injunctive Relief....................................................15

          2.  The Court Has Authority to Enter Monetary Relief................................17

IV.  CONCLUSION..................................................................................21

# TABLE OF AUTHORITIES

## CASES

*AMG Cap. Mgmt., LLC v. FTC*,
    141 S. Ct. 1341 (2021)..............................................................................18, 19

*Amini v. Oberlin College*,
    259 F.3d 493 (6th Cir. 2001) .....................................................4, 7, 10, 11, 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................3, 4, 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................3, 4, 8

*Clearly v. Corelogic Rental Property Solutions, LLC*,
    2018 WL 11430246 (E.D. Mich., Apr. 16, 2018) ........................................11

*Commonwealth of Penn. v. Think Finance, Inc.*,
    2016 WL 183289 (E.D. Pa. Jan. 14, 2016).....................................................7

*FTC v. Affordable Media, LLC*,
    179 F.3d 1228 (9th Cir. 1999) ..................................................................9, 13

*FTC v. Am. Screening, LLC*,
    2022 U.S. Dist. LEXIS 124760 (E.D. Mo. Jul. 14, 2022)............................20

*FTC v. Am. Standard Credit Sys., Inc.*,
    874 F. Supp. 1080 (C.D. Cal. 1994).............................................................13

*FTC v. Amy Travel Serv. Inc.*,
    875 F.2d 564 (7th Cir. 1989) .........................................................................9

*FTC v. Bay Area Bus. Council*,
    423 F.3d 627 (7th Cir. 2005) .......................................................................13

*FTC v. Cardiff*,
    2021 U.S. Dist. LEXIS 155342 (C.D. Cal. Jun. 29, 2021).....................19, 20

v

*FTC v. Credit Bureau Ctr., LLC*,
  2021 U.S. Dist. LEXIS 173180 (N.D. Ill. Sep. 13, 2021), *appeal docketed*,
  Case No. 21-2945 (7th Cir. Oct. 22, 2021) ....................................................20

*FTC v. Direct Mktg. Concepts, Inc.*,
  624 F.3d 1 (1st Cir. 2010)..................................................................................5

*FTC v. E.M.A. Nationwide, Inc.*,
  767 F.3d 611 (6th 2014) ................................................................4, 5, 7, 8, 9

*FTC v. Elegant Solutions, Inc.*,
  2022 U.S. App. LEXIS 15934 (9th Cir. Jun. 9, 2022) ...................................20

*FTC v. Hanley*,
  2022 U.S. App. LEXIS 1632 (9th Cir. Jan. 20, 2022) ...................................20

*FTC v. Hornbeam Special Situations, LLC*,
  2018 WL 1870094 (N.D. Ga., Apr. 16, 2018)..................................................9

*FTC v. Innovative Mktg., Inc.*,
  654 F. Supp. 2d 378 (D. Md. 2009)................................................................12

*FTC v. Ivy Capital, Inc.*,
  2011 WL 2118626 (D. Nev. May 25, 2011) ...................................................12

*FTC v. Moses*,
  913 F.3d 297 (2d Cir. 2019) .............................................................................9

*FTC v. Nat'l Urological Group, Inc.*,
  645 F. Supp. 2d 1167 (N.D. Ga. 2008), *aff'd* 356 Fed. Appx. 358 (11th Cir.
  2009) ...............................................................................................................10

*FTC v. OMICS Group Inc.*,
  302 F. Supp. 3d 1184 (D. Nev. 2017) ............................................................13

*FTC v. Publg Clearing House*,
  104 F.3d 1168 (9th Cir. 1997) ........................................................................13

*FTC v. QYK Brands LLC*,
  2022 U.S. Dist. LEXIS 67380 (C.D. Cal. Apr. 6, 2022)...............................20

*FTC v. Shire ViroPharma, Inc.*,
    917 F.3d 147 (3d Cir. 2019) ........................................................................16

*FTC v. Simple Health Plans LLC*,
    2021 U.S. Dist. LEXIS 168244 (S.D. Fla. Sep. 5, 2021), *appeal docketed
    sub nom. FTC v. Dorfman*, Case No. 21-13116 (11th Cir. Sep. 13, 2021)...20

*FTC v. Student Advocates Team, LLC*,
    2019 U.S. Dist. LEXIS 222000 (C.D. Cal., Dec. 18, 2019)..........................13

*FTC v. Swish Mktg.*,
    2010 U.S. Dist. LEXIS 15016 (N.D. Cal. Feb. 22, 2010).....................12, 13

*FTC v. Tax Club, Inc.*,
    994 F. Supp. 2d 461 (S.D.N.Y. 2014) .......................................................7, 8

*FTC v. Triangle Media Corp.*,
    2018 WL 6305675 (S.D. Cal. Dec. 3, 2018) ..................................................7

*FTC v. USA Fin., LLC*,
    415 Fed. Appx. 970 (11th Cir. 2011) .............................................................9

*FTC v. Vylah Tec, LLC*,
    2019 U.S. Dist. LEXIS 32087 (M.D. Fla. Feb. 28, 2019)............................17

*FTC v. Winsted Hosiery Co.*,
    258 U.S. 483 (1922)........................................................................................5

*Hernandez-Serrano v. Barr*,
    981 F.3d 459 (6th Cir. 2020) .......................................................................15

*Maybin v. Booker*,
    2010 WL 3070163 (E.D. Mich. July 14, 2010)............................................12

*People v. Debt Resolve, Inc.*,
    387 F. Supp. 3d 358 (S.D.N.Y. 2019) ............................................................7

*Reynolds v. FCA US LLC*,
    546 F. Supp. 3d 635 (E.D. Mich. 2021) .........................................................4

*Sears, Roebuck and Co. v. FTC*,
    676 F.2d 385 (9th Cir. 1982) ...........................................................................17

*SEC v. Mgmt. Dynamics, Inc.*,
    515 F.2d 801 (2d Cir. 1975) ...........................................................................17

*United States v. Concentrated Phosphate Export Ass'n, Inc.*,
    393 U.S. 199 (1968)...................................................................................16, 17

*United States v. Gold Unlimited, Inc.*,
    177 F.3d 472 (6th Cir. 1999) ............................................................................5

*United States v. W.T. Grant Co.*,
    345 U.S. 629 (1953)...........................................................................................17

## STATUTES

15 U.S.C. § 45 .........................................................................................................2, 18

15 U.S.C. § 53(b) .............................................................................................3, 15, 17

15 U.S.C. § 57a(d)(3).................................................................................................18

15 U.S.C. § 57b ............................................................................................................3

15 U.S.C. § 57b(a)(1).............................................................................................18, 19

15 U.S.C. § 57b(a)(2).................................................................................................19

15 U.S.C. § 57b(b) .....................................................................................................18

15 U.S.C. §§ 1679–1679j............................................................................................2

15 U.S.C. § 1679b(a)(3).............................................................................................5

15 U.S.C. § 1679b(b) ..................................................................................................6

15 U.S.C. § 1679c(a)...................................................................................................6

15 U.S.C. § 1679d(b)(2) ........................................................................6

15 U.S.C. § 1679d(b)(4) ........................................................................6

15 U.S.C. § 1679e(b) ............................................................................6

15 U.S.C. § 1679e(c) ............................................................................6

15 U.S.C. § 1679h(b)(1) ......................................................................18

15 U.S.C. § 1679h(b)(2) ..................................................................18, 19

15 U.S.C. § 6102(c) ............................................................................18

16 C.F.R. Part 310 ...............................................................................2

16 C.F.R. § 310.3(a)(2)(iii) ...................................................................6

16 C.F.R. § 310.3(a)(2)(vi) ...................................................................6

16 C.F.R. § 310.4(a)(2) ........................................................................6

Fed. R. Civ. P. 8(a)(2) .........................................................................4

## I.      INTRODUCTION

Plaintiff, the Federal Trade Commission ("FTC"), hereby submits its

opposition to the Motion of Defendants Christopher Toloff, Michael Toloff, VR-

Tech Mgt., LLC and CM Rent, Inc. ("Toloff Defendants") to Dismiss Plaintiff

Federal Trade Commission's Complaint for Permanent Injunction, Monetary

Relief and Other Relief.  (ECF No. 78).  The FTC's Complaint (ECF No. 1) sets

forth sufficient facts that, taken as true, would establish each of the law violations

and the culpability of Defendants Michael and Christopher Toloff.  Moreover, the

Toloff Defendants misconstrue the relevant caselaw as imposing limits on this

Court's ability to order a permanent injunction and monetary relief.  Accordingly,

the Court should deny the Toloff Defendants' motion to dismiss.

## II.     SUMMARY OF THE TOLOFF DEFENDANTS' UNLAWFUL BUSINESS PRACTICES

The FTC brought this action to halt the Toloff Defendants, along with their

co-defendants, from continuing a pernicious credit repair and pyramid scheme that

defrauded hundreds of millions of dollars from consumers nationwide.  Through

Internet websites, social media, telemarketing, and a network of sales agents,

Defendants target both English and Spanish-speaking consumers with false

promises that they will substantially improve consumers' credit scores by

removing all negative items on their credit reports and adding purported credit

building products.  Despite their promises and the extraction of sometimes

1

hundreds of dollars in illegal advance fees from individual consumers, Defendants routinely fail to repair consumers' credit or raise their credit scores.  In addition, Defendants routinely collect prohibited advanced fees and fail to make required CROA disclosures or provide written contracts.

Defendants also market an investment opportunity—soliciting consumers to become sales agents ("FES Agents") to recruit additional consumers to purchase their credit repair services and become FES Agents themselves.  In doing so, Defendants falsely promise that consumers will earn substantial income by becoming FES Agents.  In reality, however, Defendants are running an illegal pyramid scheme and few consumers ever realize the promised earnings. Defendants' compensation plan and policies and procedures show that they incentivize recruitment of new FES Agents over selling credit repair services.  In addition, Defendants provide consumers with the means and instrumentalities to commit deceptive acts and practices.

Defendants' actions violate Section 5 of the FTC Act, 15 U.S.C. § 45, multiple provisions of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679–1679j, and multiple provisions of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.  To halt these practices, the FTC filed its complaint,

pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, on

May 23, 2022.[1]

## III. THE FTC'S COMPLAINT STATES A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Contrary to the Toloff Defendants' contentions, the FTC's Complaint

properly pleads their violations of the FTC Act, CROA, and the TSR.[2] The factual

allegations set forth in the FTC's Complaint, supplemented by the case record,

satisfy every element required to establish a plausible claim that the Toloff

Defendants violated Section 5 of the FTC Act and multiple provisions of CROA

and the TSR, and that they are liable for injunctive and monetary relief.

### A. Legal Standard for Motion to Dismiss

To survive a motion to dismiss, a complaint need only allege "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss, the court

"must take all of the factual allegations in the complaint as true." *Ashcroft v.

---

[1] Upon motion by the FTC, the Court entered an *ex parte* temporary restraining order against Defendants on May 24, 2022, that, among other things, froze Defendants' assets and appointed a Receiver over the corporate Defendants. (ECF No. 10.) On June 30, 2022, the Court held a hearing on the FTC's motion to convert the temporary restraining order into a preliminary injunction. On July 18, 2022, the Court denied a preliminary injunction and converted the receivership to a monitorship. (ECF No. 76.)

[2] In filing their answers (*see* ECF Nos. 58, 77), none of the other Defendants have challenged the sufficiency of the Complaint's factual allegations regarding the underlying law violations of Section 5 of the FTC Act, CROA, and the TSR.

*Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, when evaluating the legal efficacy of

a plaintiff's complaint, "matters of public record, orders, items appearing in the

record of the case, and exhibits attached to the complaint, also may be taken into

account," *Amini v. Oberlin College*, 259 F.3d 493,v 502 (6th Cir. 2001); *Reynolds*

*v. FCA US LLC*, 546 F. Supp. 3d 635, 646 (E.D. Mich. 2021), including, in this

case, the FTC's TRO filing.

Rule 8(a), the general rule of pleading, states that a pleading must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  While Rule 8 "demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation," it "does not require 'detailed factual

allegations.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  The

plausibility standard is not a "probability requirement" and a plaintiff need only

"plea[d] factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

## B. The FTC's Complaint Adequately Pleads that Defendants Michael and Christopher Toloff Are Liable for Violating Section 5 of the FTC Act, CROA, and the TSR

To state a claim that Defendants engaged in deceptive acts or practices in

violation of Section 5(a) of the FTC Act, the FTC must allege that Defendants

made a material representation likely to mislead consumers acting reasonably

under the circumstances.  *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630-31

(6th Cir. 2014). A "material" misrepresentation is one that is "likely to affect a consumer's decision to buy a product or service." *Id.* at 631. Further, a representation is deceptive if the maker of the representation lacks a reasonable basis for the claim. *See FTC v. Direct Mktg. Concepts, Inc.*, 624 F.3d 1, 8 (1st Cir. 2010). The FTC need not allege that defendants' misrepresentations were made with an intent to defraud or deceive or were made in bad faith. *See*, *e.g.*, *E.M.A. Nationwide*, 767 F.3d at 631. It is also a violation of Section 5 of the FTC Act to provide others with the means and instrumentalities to commit deceptive acts or practices. *See FTC v. Winsted Hosiery Co.*, 258 U.S. 483, 494 (1922).

To establish that an investment opportunity is, in fact, an illegal pyramid scheme, the FTC must allege that the scheme is characterized by "the payment by participants of money to the company in return for which they receive (1) the right to sell a product and (2) the right to receive in return for recruiting other participants into the program rewards which are unrelated to sale of the product to ultimate users." *United States v. Gold Unlimited, Inc.*, 177 F.3d 472, 480 (6th Cir. 1999). Meanwhile, to establish violations of CROA or the TSR, the FTC must allege that Defendants engaged in the specific practice set forth in the statute or rule.[3]

---

[3] In particular, CROA (a) prohibits credit repair organizations from making or using "any untrue or misleading representation of the services of the credit repair organization," 15 U.S.C. § 1679b(a)(3); (b) prohibits taking advance fees for credit

In their motion to dismiss, the Toloff Defendants do not argue that the Complaint fails to set forth factual allegations sufficient to establish that the Corporate Defendants violated Section 5 of the FTC Act and multiple provisions of CROA and the TSR.  Instead, they argue only that the Complaint fails to set forth sufficient facts to hold individuals Michael and Christopher Toloff liable.  On the contrary, the FTC's Complaint properly alleges the liability of Michael and Christopher Toloff.

### 1. The Complaint Adequately Pleads Collective Wrongdoing through a Common Enterprise

The FTC has alleged that Defendants Michael and Christopher Toloff are individually liable for the law violations committed by the common enterprise of the Corporate Defendants.  The Toloff Defendants make much of the "group allegations" and use of the word "Defendants" in the Complaint.  (ECF 78 at 7).  However, the Complaint sets forth that the Corporate Defendants worked collectively as a common enterprise to accomplish the illegal activity alleged in the

---

repair services, *id*. § 1679b(b); and (c) requires credit repair organizations to make specific disclosures and provide consumers with written contracts that comply with the requirements of the statute.  *Id*. §§ 1679c(a), 1679d(b)(2), 1679d(b)(4), 1679e(b), and 1679e(c).  Meanwhile, the TSR prohibits sellers and telemarketers from misrepresenting any material aspect of (a) the performance, efficacy, nature, or central characteristics of goods or services that are subject of a sales offer or (b) an investment opportunity including, but not limited to, risk, liquidity, earnings potential, or profitability. 16 C.F.R. §§ 310.3(a)(2)(iii) and 310.3(a)(2)(vi).  The TSR also prohibits the taking of advance fees for credit repair services.  *Id*. § 310.4(a)(2).

Complaint.  (ECF No. 1 ¶ 17.)[4]  Where the same individuals transact business

through a "maze of integrated business entities," the whole enterprise may be held

liable as a joint enterprise.  *E.M.A. Nationwide*, 767 F.3d at 637.  In a matter

alleging common enterprise, it is appropriate to use groups or plural nouns to

indicate where conduct is being attributed to such groups or more than one

Defendant.  *See People v. Debt Resolve, Inc*., 387 F. Supp. 3d 358, 365 (S.D.N.Y.

2019) (holding that "complaints alleging the liability of a common enterprise need

not allege that each defendant committed a particular unlawful act" and "at the

motion to dismiss stage, Plaintiff need only allege facts plausibly supporting the

existence of a common enterprise, not prove that such an enterprise in fact exists");

*Commonwealth of Penn. v. Think Finance, Inc.*, 2016 WL 183289, at *11 (E.D. Pa.

Jan. 14, 2016) (rejecting argument that complaint should be dismissed because it

grouped six defendants "without distinguishing most allegations among them");

*FTC v. Triangle Media Corp*., 2018 WL 6305675, at *2 (S.D. Cal. Dec. 3, 2018)

(holding that, even if it Rule 9(b)'s heightened pleading standard were to apply "it

is unnecessary for the FTC to spell out" an individual's "exact participation in each

allegedly unlawful practice" because "[t]he FTC alleges a common enterprise in

which [the individual] is only one component"); *FTC v. Tax Club, Inc*., 994 F.

---

[4] The Complaint's factual allegations are supplemented, *see Amini*, 259 F.3d at
502, by numerous record citations in the FTC's motion for temporary restraining
order.  (*See* ECF No. 3 at 26-28.)

Supp. 2d 461, 469 (S.D.N.Y. 2014) (explaining that, "where multiple corporate

defendants operate a common enterprise," pleadings are not required to specify

"which defendant is alleged to have committed a particular act . . ."). The Toloff

Defendants provide no support for their argument they are entitled to notice at this

stage of which Defendant completed each fraction of each action taken in

furtherance of the common enterprise. The Supreme Court has held that such

detailed factual statements are not required. *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555).

### 2. The Complaint Properly Pleads that Michael and Christopher Toloffs' Control Positions and Financial Involvement Set Forth a Plausible Basis for Individual Liability

The Toloff Defendants' arguments for dismissal suffer further because the

Complaint sets forth sufficient facts to support a plausible finding of individual

liability for Michael and Christopher Toloff. Individual defendants may be liable

for injunctive relief for corporate acts or practices if they: (1) participated directly

in the challenged conduct or (2) had the authority to control it. *E.M.A. Nationwide*,

767 F.3d at 636. In general, an individual's status as a corporate officer and his or

her authority to sign documents on behalf of the corporation gives rise to a

presumption of control of a small, closely held corporation. *Id*. Even where an

individual is not officially designated as an officer, participation or control in an

entity's unlawful activity can be shown by a defendant's "active involvement in

business affairs and the making of corporate policy." *FTC v. Amy Travel Serv.*, 875 F.2d 564, 573 (7th Cir. 1989). Bank signatory authority or acquiring services on behalf of a corporation also evidences authority to control. *See FTC v. USA Fin., LLC*, 415 F. App'x. 970, 974-75 (11th Cir. 2011).

Individual defendants are further liable for monetary relief for corporate conduct if they had, or should have had, knowledge of the corporate defendant's misrepresentations. *E.M.A. Nationwide*, 767 F.3d at 636. The FTC need not allege that a "defendant had actual and explicit knowledge of the particular deception at issue." *FTC v. Moses*, 913 F.3d 297, 307 (2d Cir. 2019). Instead, the FTC need only show that an individual defendant had actual knowledge of material misrepresentations, reckless indifference to the truth or falsity of such misrepresentations, or had an awareness of a high probability of fraud with an intentional avoidance of the truth. *See id.*; *Amy Travel Serv.*, 875 F.2d at 574; *see also FTC v. Hornbeam Special Situations, LLC*, 2018 WL 1870094 at *4 (N.D. Ga., Apr. 16, 2018) (denying motion to dismiss where "the individual had some knowledge of the practices"). Courts are clear that participation in corporate affairs is probative of knowledge. *Moses*, 913 F.3d at 309. "[T]he extent of an individual's involvement in a fraudulent scheme alone is sufficient to establish the requisite knowledge for personal restitutionary liability." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1235 (9th Cir. 1999). And when a common enterprise

is present, an individual's liability for monetary relief is joint and several with all

entities participating in the enterprise. *See FTC v. Nat'l Urological Grp., Inc.*, 645

F. Supp. 2d 1167, 1213-14 (N.D. Ga. 2008), *aff'd*, 356 Fed. Appx. 358 (11th Cir.

2009).

The facts as stated in the Complaint set forth plausible liability for each

Toloff.[5]  In particular, the Complaint alleges that Michael Toloff:

- is or was an owner, officer, director, or manager of Defendants Youth
  Financial, FES, and VR-Tech Mgt (ECF No. 1 at 8 ¶ 14);

- is an authorized signatory on many of Defendants' bank accounts (*id*.); and

- formulated, directed, controlled, had the authority to control, or participated
  in the acts and practices set forth in this Complaint.  (*Id*.)

The Complaint's factual allegations are supplemented, *see Amini*, 259 F.3d at 502,

by numerous record citations in the FTC's motion for temporary restraining order

setting forth Michael Toloff's involvement.  (*See* ECF No. 3 at 25-26 (Michael

Toloff (1) is or was president, treasurer, and director of FES, manager, president,

and CEO of VR-Tech Mgt, and president, treasurer, and director of Youth

Financial, (2) is an authorized signatory on Defendants' bank accounts, and (3)

used his credit card to pay Defendants' telecommunications services).)

---

[5] The Toloff Defendants' repeated assertion that the individual liability facts in the
complaint are the **exact** same for each individual defendant is false.  As discussed
below, the Complaint specifies different corporate entities were controlled by the
different individual Defendants.

Meanwhile, the Complaint alleges that Christopher Toloff:

- is or was an owner, officer, director, or manager of Youth Financial and CM Rent (ECF No. 1 at 8 ¶ 15);

- is an authorized signatory on many of Defendants' bank accounts (*id*.); and

- has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. (*Id*.)

The Complaint's factual allegations are supplemented, *see Amini*, 259 F.3d at 502, by numerous record citations in the FTC's motion for temporary restraining order setting forth Christopher Toloff's involvement. (*See* ECF No. 3 at 26 (Christopher Toloff (1) is or was treasurer, director, and chief financial officer of FES, chief financial officer of VR-Tech, chief financial officer of VR-Tech Mgt, secretary and chief financial officer of CM Rent, and chief financial officer of Youth Financial, and (2) is an authorized signatory on Defendants' bank accounts).)

The Toloff Defendants also advance a dubious argument that having signatory authority over a bank account is not evidence of Michael or Christopher Toloff's participation or authority to control the fraud because having signatory authority to access funds at a bank is not the same as being "authorized" to pay expenses. At best, their argument amounts to a denial of the complaint allegation, and it would be premature to dismiss the Complaint based on a factual denial. *See Clearly v. Corelogic Rental Property Solutions, LLC*, 2018 WL 11430246 (E.D. Mich., Apr. 16, 2018) (Friedman, J.) (holding it was premature to dismiss a

Complaint before determining the facts of whether violations had occurred).  The

complaint further alleges that, by virtue of their positions and otherwise, Michael

and Christopher Toloff each controlled one or more Corporate Defendants in the

common enterprise and participated in, and had knowledge of, the unlawful

activities alleged.  (ECF No. 1 at 8-9 ¶¶ 14, 15, 17.)  Under similar circumstances,

courts have denied motions to dismiss.  *See FTC v. Ivy Capital, Inc.*, 2011 WL

2118626, at *5 (D. Nev. May 25, 2011) (denying individual defendants' motions to

dismiss because "the complaint alleges that each of the individual defendants

formulated, directed, controlled, had the authority to control, or participated in the

acts and practices set forth in the complaint" and "outlines each individual's

involvement in either [the corporate defendant] or its associated entities"); *FTC v.*

*Innovative Mktg., Inc*., 654 F. Supp. 2d 378, 388 (D. Md. 2009) (denying motion to

dismiss FTC Act claim against individual defendants where individual defendants,

a corporate officer and his father, harbored millions of dollars of proceeds from

marketing scheme).

The Toloff Defendants' reliance on *Maybin v. Booker*, 2010 WL 3070163

(E.D. Mich. July 14, 2010), is inapposite.  (*See* ECF 78 at 11.)  In *Maybin*, the

alleged basis for liability was *respondeat superior* which, as a matter of law, was

not a basis for personal liability for the violations alleged in that complaint.

*Maybin,* 2010 WL 3070163 at *4.  Similarly, their reliance on *FTC v. Swish Mktg.*,

2010 U.S. Dist. LEXIS 15016 (N.D. Cal. Feb. 22, 2010), is also misplaced because that complaint had only a bare allegation that individual defendant was a CEO of a company. *Id*. at *12-13. In distinguishing *Swish Marketing*, one court stated: "Various courts have held that control resulting in individual liability can be demonstrated by involvement in the business operations of the company, including assuming the duties of a corporate office, managing corporate funds, and having the authority to sign for corporate accounts." *FTC v. Student Advocates Team, LLC*, 2019 U.S. Dist. LEXIS 222000, at *4 (C.D. Cal., Dec. 18, 2019); *FTC v. OMICS Group Inc.*, 302 F. Supp. 3d 1184, 1193, (D. Nev. 2017) (rejecting *Swish Marketing* and denying motion to dismiss individual based, in part, on evidence of individual's participation in the court record); *see also FTC v. Bay Area Bus. Council*, 423 F.3d 627, 637 (7th Cir. 2005); *Affordable Media,* 179 F.3d at 1235; *FTC v. Publg Clearing House*, 104 F.3d 1168, 1170-71 (9th Cir. 1997); *FTC v. Am. Standard Credit Sys., Inc*., 874 F. Supp. 1080, 1087-89 (C.D. Cal. 1994).

The Toloff Defendants appear to argue that the factual allegations simply stop after the description of the Defendants in the Complaint. Rather, the entire business practices section of the Complaint (paragraphs 19-62) as supplemented, *see Amini*, 259 F.3d at 502, by numerous record citations in the FTC's motion for temporary restraining order (ECF No. 3 at 34-75) provides detailed allegations regarding the specific law violations including quotes from marketing materials,

corporate documents, and witness statements.  Certainly, all Defendants have the right to refute the complaint allegations through the litigation process.  But the Toloff Defendants' claim that the "Complaint relies entirely on conclusory allegations . . . " ignores the entire business practices section of the Complaint which provides each Defendant notice of the particular conduct underlying the charged law violations.

*   *   *

In sum, the factual allegations of the Complaint, as supplemented by the FTC's motion for temporary restraining order, taken as true, are more than sufficient to support the charges that Michael and Christopher Toloff engaged in unlawful practices in violation of Section 5 of the FTC, multiple provisions of CROA, and multiple provisions of the TSR.  Accordingly, the Court should deny the Toloff Defendants' motion to dismiss.

## C. The Court Has Authority to Enter Effective Final Relief

The Toloff Defendants' remaining arguments to dismiss amount to the proposition that this Court does not have authority to grant the requested relief.  In particular, they assert this Court has no plausible basis to grant an injunction because (1) the Complaint includes misconduct that occurred in the past, and (2) that the Court cannot grant monetary relief because the Complaint includes

reference to Section 13(b) of the FTC Act.  Both arguments mischaracterize the Complaint and the law.

## 1. Because the Complaint Alleges Current, Ongoing Misconduct, the Court Can Enter Permanent Injunctive Relief

Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), expressly authorizes the Court to enter permanent injunctive relief to remedy violations of the laws enforced by the FTC, a fact not disputed by the Toloff Defendants.  Instead, they argue the Complaint does not state a basis upon which a permanent injunction can be granted because the complaint covers past conduct.  (ECF No. 78 at 12-14). This argument is factually and legally flawed.

First, the Toloff Defendants' specious reliance on "past conduct" is factually incorrect.  The Complaint is written using a combination of present and present-perfect tense, clearly indicating current and ongoing conduct.[6]  (*See, e.g.*, ECF No. 1 at 16 ¶ 28 ("Before providing any of the promised credit repair services, Defendants *require* consumers to make an upfront payment for these services.")(emphasis added), 11 ¶ 21 ("For example, Defendants and their agents *have made* the following statements regarding Defendants' credit repair services")(emphasis added)).  Further, in a section captioned "Ongoing Nature of

---

[6] The present-perfect tense "denotes an action that began at some indefinite time in the past but 'is still continuing.'"  *Hernandez-Serrano v. Barr*, 981 F.3d 459, 467 n.1 (6th Cir. 2020) (citing Margaret Shertzer, The Elements of Grammar 28-29 (1986)).

Defendants' Unlawful Practices," the Complaint expressly alleges "Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendants are violating or are about to violate laws enforced by the FTC." (ECF No. 1 at 31 ¶ 62.)  Indeed, Defendants were engaged in ongoing operations on the day they were served with the Complaint.  (*See, e.g.*, ECF No. 55-1 at 4 (Receiver noting that when he entered Defendants' premises "[a] customer service training session was in progress").)  Taken as true, the Complaint more than adequately alleges that "any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the [FTC]." 15 U.S.C. § 53(b). The Toloff Defendants' reliance on *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, 156 (3d Cir. 2019)—an out of circuit case where the unlawful conduct stopped *five years* before the filing of a complaint—to argue that this Court has no power to issue a permanent injunction over conduct at issue here is misplaced given the allegations of current and ongoing activity.

Moreover, the Complaint does not need to allege every defendant engaged in ongoing conduct (although it does).  Even if the Toloff Defendants ceased all illegal conduct before initiation of this case (which they did not), "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant . . . free to return to his old ways." *United States v. Concentrated Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 203

(1968) (internal quotations omitted).  A permanent injunction is justified when there is a "cognizable danger of recurrent violation, or some reasonable likelihood of future violations," *United States v. W.T. Grant Co*., 345 U.S. 629, 633 (1953), "[e]ven if the defendants have altered some of their deceptive practices." *FTC v. Vylah Tec, LLC*, 2019 U.S. Dist. LEXIS 32087, at *8 (M.D. Fla. Feb. 28, 2019). To determine whether violations are likely to recur, courts look to two factors: (1) the deliberateness and seriousness of the present violation, and (2) the violators' past record with respect to unfair advertising practices.  *Sears, Roebuck and Co. v. FTC*, 676 F.2d 385, 392 (9th Cir. 1982).  Prior illegal conduct is highly suggestive of the likelihood of future violations.  *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975).

By including both past and current conduct, the Complaint states a plausible basis for injunctive relief.[7]  Accordingly, the Court should deny the Toloff Defendants' motion to dismiss.

## 2. The Court Has Authority to Enter Monetary Relief

Finally, the Toloff Defendants argue that the FTC cannot obtain monetary relief under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).  However, they

---

[7] And, again, if the Toloff Defendants are trying to advance the unsupported argument that Michael or Christopher Toloff should not be subject to an injunction because their illegal conduct is in the long-distant past, such amounts to a factual denial and is not a basis to dismiss the Complaint.

17

conveniently ignore that the FTC brings this case under both Sections 13(b) and 19 of the FTC Act.  (*See* ECF No. 1 at 2 ¶ 1 ("The FTC brings this action under Sections 13(b) and 19 of the [FTC] Act"), 37-38 ¶ 86, 44 ¶ 109.)  Section 19(b) of the FTC Act, 15 U.S.C. § 57b(b), expressly authorizes courts to grant "such relief as the court finds necessary" for violations of CROA[8] and the TSR,[9] including "the refund of money or return of property."

The Toloff Defendants' reliance on *AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021), is unavailing.  In *AMG Cap. Mgmt.*, the FTC filed suit against the defendants solely under Section 13(b) of the FTC Act and alleging only violations of Section 5 of the FTC Act.  *Id.* at 1345.  The Court ruled that Section 13(b) did not authorize monetary relief.  *Id.* at 1352.  Because the case only involved allegations of unfair or deceptive practices in violation of Section 5, the Court

---

[8] Section 410(b)(1) of CROA, 15 U.S.C. § 1679h(b)(1), states that a violation of CROA "shall constitute an unfair or deceptive act or practice in commerce in violation of section 5(a) of the Federal Trade Commission Act." Section 410(b)(2) of CROA, 15 U.S.C. § 1679h(b)(2), provides that the FTC may enforce violations of CROA "in the same manner as if the violation had been a violation of any Federal Trade Commission trade regulation rule."

[9] Pursuant to Section 3(c) of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). Section 19(a)(1) of the FTC Act, 15 U.S.C. § 57b(a)(1), provides that the FTC may commence a civil action against "any person, partnership, or corporation" who "violates any rule . . . respecting unfair or deceptive acts or practices."

observed that, under the structure of the FTC Act, if the FTC wanted to obtain

monetary relief for such violations, it must first bring an administrative action,

obtain a cease-and-desist order, and then file suit in federal court for monetary

relief. *Id.* at 1349. The Court was referring to Section 19(a)(2) of the FTC Act, 15

U.S.C. § 57b(a)(2), which provides that the FTC may commence a civil action for

monetary relief against a person or entity committing any unfair or deceptive act or

practice in violation of Section 5 of the FTC Act, but only after first issuing a final

cease-and-desist order.

Section 19(a)(1) of the FTC Act, 15 U.S.C. § 57b(a)(1), on the other hand,

provides that the FTC may commence a civil action for monetary relief against any

person or entity that violates a rule respecting unfair or deceptive acts or practices

proscribed by the FTC, without first issuing a cease-and-desist order. *See FTC v.

Cardiff*, 2021 U.S. Dist. LEXIS 155342, at *6-7 (C.D. Cal. Jun. 29, 2021).[10]

Indeed, the Supreme Court in *AMG Cap. Mgmt.* made clear that "[n]othing we say

today . . . prohibits the Commission from using its authority under § 5 and § 19 to

obtain restitution on behalf of consumers." *AMG Cap. Mgmt.*, 141 S. Ct. at 1352;

___

[10] The fact that CROA is a statute and not a rule is immaterial for purposes of
Section 19(a)(1). *See id.* at *7 ("Because Congress designated a violation of [the
Restore Online Shoppers' Confidence Act] as a rule violation under the FTC Act,
it may be enforced via a direct suit under the language of Section 19, without the
need for a final cease-and-desist letter."). As stated above, Congress designated a
violation of CROA as a rule violation. 15 U.S.C. § 1679h(b)(2).

*see also FTC v. Elegant Solutions, Inc.*, 2022 U.S. App. LEXIS 15934, at *6-7 (9th

Cir. Jun. 9, 2022) ("[A]lthough *AMG* held that monetary relief is not available

under section 13(b) of the FTC Act, 141 S. Ct. at 1347, section 19 of the Act

separately and specifically authorizes the FTC to seek monetary relief to address

violations of certain rules, including the TSR."); *FTC v. Hanley*, 2022 U.S. App.

LEXIS 1632, at *4 (9th Cir. Jan. 20, 2022) ("[T]he FTC may still obtain restitution

on behalf of consumers under section 19 of the FTC Act."); *FTC v. Am. Screening,*

*LLC*, 2022 U.S. Dist. LEXIS 124760, at *26 (E.D. Mo. Jul. 14, 2022) (holding that

the FTC may seek and obtain monetary relief for rule violations); *FTC v. QYK*

*Brands LLC*, 2022 U.S. Dist. LEXIS 67380, at *18 (C.D. Cal. Apr. 6, 2022)

("Section 19 of the FTC Act permits the FTC to seek monetary relief 'necessary to

redress injury to consumers' resulting from any rule violation."); *FTC v. Credit*

*Bureau Ctr., LLC*, 2021 U.S. Dist. LEXIS 173180, at *29-30 (N.D. Ill. Sep. 13,

2021), *appeal docketed*, Case No. 21-2945 (7th Cir. Oct. 22, 2021); *FTC v. Simple*

*Health Plans LLC*, 2021 U.S. Dist. LEXIS 168244, at *9 (S.D. Fla. Sep. 5, 2021)

("[F]or a civil action alleging a rule violation, § 19 authorizes courts to grant relief

to redress consumer injury."), *appeal docketed sub nom. FTC v. Dorfman*, Case

No. 21-13116 (11th Cir. Sep. 13, 2021); *Cardiff*, 2021 U.S. Dist. LEXIS 155342,

at *7-8 (holding that Section 19 authorizes the FTC to seek monetary relief such as

the refund of money resulting from rule violations).  Because the FTC brings this

action under Section 19(a)(1) for the Toloff Defendants' violations of CROA and

the TSR, the Court does have authority to enter monetary relief against them.

Accordingly, the Court should deny their motion to dismiss.

## IV.   CONCLUSION

For the above reasons set forth herein, the FTC respectfully requests that the

Court deny the Toloff Defendants' motion to dismiss in its entirety.

Dated:  August 8, 2022                      Respectfully submitted,

                                            _/s/Gregory A. Ashe_____
                                            GREGORY A. ASHE
                                            K. MICHELLE GRAJALES
                                            JULIA E. HEALD
                                            Federal Trade Commission
                                            600 Pennsylvania Avenue NW
                                            Washington, DC 20580
                                            Telephone: 202-326-3719 (Ashe)
                                            Telephone: 202-326-3172 (Grajales)
                                            Telephone: 202-326-3589 (Heald)
                                            Facsimile: 202-326-3768
                                            Email:gashe@ftc.gov, mgrajales@ftc.gov,
                                                    jheald@ftc.gov

                                            DAWN N. ISON
                                            United States Attorney

                                            SUSAN K. DECLERCQ (P60545)
                                            Assistant United States Attorney
                                            211 W. Fort Street, Suite 2001
                                            Detroit, MI 48226
                                            Telephone: 313-226-9149
                                            Email: susan.declercq@usdoj.gov

                                            Attorneys for Plaintiff
                                            FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 8, 2022, a true and correct copy of **FTC'S MEMORANDUM IN OPPOSITION TO THE TOLOFF DEFENDANTS' MOTION TO DISMISS** was filed electronically with the United States District Court for the Eastern District of Michigan using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/Gregory A. Ashe*
Attorney for Plaintiff Federal Trade Commission