**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

FEDERAL TRADE COMMISSION,

    Plaintiff,                              Case No. 2:22-cv-11120-BAF-APP

    v.

FINANCIAL EDUCATION SERVICES, INC., *et al*.,       Hon. Bernard A. Friedman

    Defendants.

**REPLY MEMORANDUM OF DEFENDANTS CHRISTOPHER TOLOFF, MICHAEL TOLOFF, VR-TECH MGT, LLC AND CM RENT, INC. IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF AND OTHER RELIEF**

**I.    INTRODUCTION**

Despite the FTC's investigation of Defendants for months prior to filing its Complaint, Plaintiff pleads no specific facts demonstrating that Defendants Michael and Christopher Toloff ("Toloff Defendants") are liable for violating Section 5 of the FTC Act, CROA and the TSR. The FTC tries to justify its reliance on generalized statements that merely track the language in the statutes instead of stating any specific facts about how the Toloff Defendants allegedly engaged in conduct giving rise to personal liability. The FTC also inappropriately tries to justify its general group allegations by relying on its common enterprise theory – which

1

applies only to the corporate defendants – not individuals. Lastly, the FTC states no facts in any way suggesting the occurrence of ongoing violations of the law, negating any claim for relief. For the reasons explained in Defendants' Motion and this Reply, Plaintiff's Complaint fails to state a claim for relief as to the Toloff Defendants' individually.

## II. LAW AND ARGUMENT

    A.    <u>Plaintiff's Complaint fails to state a claim for relief against the Toloff Defendants in their individual capacity.</u>

As a threshold matter, the FTC fails to specify which facts pled that, if proven true, impose individual liability on either of the Toloff Defendants. Plaintiff argues that its general allegations common to all Defendants sufficiently state a claim. However, Plaintiff cannot point to any specific fact pled *in the Complaint* that the Toloff Defendants engaged in conduct sufficient to impose individual liability. For example, the Complaint does not state that the Toloff Defendants reviewed and approved marketing materials, responded to consumer complaints or otherwise engaged in acts sufficient to put them on notice of any consumer harm or deception.

Plaintiff's opposition directs the Court to its Temporary Restraining Order filing. Relying on *Amini v. Oberlin College,* the FTC contends "matters of public record, orders, items appearing in the record of the case, and exhibits *attached to the complaint*, also may be taken into account." *Amini v. Oberline College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis added). The FTC's reliance on *Amini* is

2

misplaced. In particular, *Amini* is distinguishable because the plaintiff attached a copy of the "extrinsic" document to the complaint as an exhibit and incorporated it therein. *Id.* The complaint did not rely on separate court documents that were not referenced in the complaint.

Plaintiff also cites *Nieman v. NLO, Inc.* to support its argument that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim. *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1555 (6th Cir. 1997). The FTC does not refer to the Temporary Restraining Order in the Complaint whatsoever; nor does the FTC allege that it does.

Accordingly, none of the facts in that filing and exhibits may be considered. The law is well settled that in ruling on a motion to dismiss, the court confines its analysis to the allegations within the four corners of the complaint. *Powers v. United States*, No. 16-13668, 2018 WL 8345149, at *6 (E.D. Mich. Sept. 10, 2018), report and recommendation adopted, No. 16-CV-13668, 2019 WL 1424331 (E.D. Mich. Mar. 29, 2019) (citing *Koshani v. Barton*, 2018 WL 3150345, at *3 (E.D. Tenn. June 27, 2018); *see also Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 Fed. Appx. 246, 255 (6th Cir. 2015) (Typically, with respect to Rule 12(b)(6) motions, the Court is limited to the four corners of the complaint.)

    B.    <u>The FTC's assertion of common enterprise liability does not excuse it from pleading facts giving rise to individual liability.</u>

The FTC also contends that its allegations grouping all Defendants together is proper because it asserts a legal theory based on a "common enterprise." The FTC's argument misses the mark. While it is true that group allegations about *corporate* defendants may be appropriate if asserting a common enterprise, the same is not true with respect to allegations about individual liability under the FTC Act which necessitates a showing of control, authority, participation, and knowledge.

One of the cases relied upon by the FTC illustrates this point. In particular, the FTC relies on *People v. Debt Resolve, Inc.* where the court held that the plaintiff pled specific facts against individuals sufficient to overcome a motion to dismiss. In contrast to the allegations presented here, the FTC alleged in *Debt Resolve* that "[the individuals] were *both aware of the deceptive scheme and directly participated in aspects of it*, or, at the very least, had authority to control some of the entities involved in the common enterprise. As described above, [one] *reviewed the operations* . . . and the representations the *Student Loan Advisors were instructed to make to borrowers*, *personally determined that Debt Resolve should continue entering into Equitable Credit Plans with borrowers and responded to individual borrower complaints*. [Another individual] oversaw the executive management of Progress Advocates and *personally signed an agreement with Equitable setting the terms for Equitable's purchase of the credit plans*." *People v. Debt Resolve, Inc.*, 387

4

F. Supp. 3d 358, 368–369 (S.D.N.Y. 2019) (emphasis added).  Here, the FTC makes no similar allegations against either of the Toloff Defendants.

The law is clear that where multiple *corporate entities* operate a "common enterprise," each interrelated *company* may be held liable for actions of the other. *People v. Debt Resolve, Inc.*, 387 F. Supp. 3d 358, 365 (S.D.N.Y. 2019) (emphasis added). If the structure, organization, and pattern of a *business venture* reveal a "common enterprise" or a "maze" of integrated *business entities*, the FTC Act disregards corporateness. Further, a "common enterprise" operates if, for example, businesses (1) maintain officers and employees in common, (2) operate under common control, (3) share offices, (4) commingle funds, and (5) share advertising and marketing. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 637 (6th Cir. 2014).

Plaintiff fails to cite a single case where a court applied the common enterprise theory to an individual.  For example, in *F.T.C. v. Tax Club, Inc,* the FTC sued a group of corporate defendants, along with four individual defendants. In its discussion, the court limits the theory of common enterprise to the corporate defendants and states, "[c]orporate entities that operate in a common enterprise may be held liable for one another's deceptive acts and practices." *F.T.C. v. Tax Club*, Inc., 994 F. Supp. 2d 461, 469 (S.D.N.Y. 2014). No discussion exists as to the common enterprise related to individual defendants' liability.  In sum, the FTC's contention that it's pleading deficiencies, *i.e.* grouping all individual defendants

together, is justified by allegations of common enterprise lacks merit because that theory does not extend liability to individuals.

### C. Plaintiff also fails to plead any facts establishing ongoing violations of the law.

Plaintiff's opposition also contends that the Court may properly effectuate final relief based on the allegations in the Complaint. When discussing Section 13(b) of the FTC Act, 15 U.S.C § 53(b), Plaintiff states that the Complaint uses a combination of present and present-perfect tense, clearly indicating current and ongoing conduct.  However, the only language in the Complaint with any specificity at all are the exact same for each of the Toloff Defendants – "he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint." (ECF No. 1 at ¶¶14, 15).  These allegations refer to the past.  No allegation exists that the conduct is currently occurring or may occur in the future.

Furthermore, the FTC ignores the fact that it effectively shut down the Toloff Defendants' businesses.  The FTC simply cannot plausibly plead ongoing unlawful conduct when Toloff Defendants are no longer engaged in the Corporate Defendants' business.  Even as some of the Corporate Defendants may resume operations, the Toloff Defendants will have no part in the ongoing operations because they resigned from their previous responsibilities. Future conduct related to the Toloff Defendants and the subject of this matter will certainly never occur.

The FTC also relies on the alleged violations for CROA and the TSR for "such relief as the court finds necessary, including the refund of money or return of property." This argument fails. Plaintiff makes no statement in the Complaint that Christopher or Michael Toloff violated CROA or the TSR. In the absence of such allegations, no basis for any form of relief exists.

### III.  CONCLUSION

For the reasons explained in Defendants' Motion and this Reply, Plaintiff's Complaint falls short of plausibly pleading any specific facts against the Toloff Defendants sufficient to establish individual liability. Accordingly, Defendants respectfully move the Court to dismiss Plaintiff's Complaint.

    Respectfully submitted,

    */s/ Helen Mac Murray*
    Helen Mac Murray (Ohio # 0038782)
    Lisa A. Messner (Ohio # 0074034)
    Mac Murray & Shuster LLP
    6525 West Campus Oval, Suite 210
    New Albany, Ohio 43054
    Tel: (614) 939-9955
    Fax: (614) 939-9954
    hmacmurray@mslawgroup.com
    lmessner@mslawgroup.com

    *Counsel for Defendants,*
    *Christopher Toloff, Michael Toloff,*
    *CM Rent, Inc. and VR-TECH MGT.,*
    *LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 22nd day of August, 2022, with the Clerk of the Court using CM/ECF, which will serve all parties and counsel having appeared in this matter.

*/s/ Helen Mac Murray*