UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff(s),                                     Civil Action 22-cv-11120

vs.                                              HON. BERNARD A. FRIEDMAN

FINANCIAL EDUCATION SERVICES
INC, et al.,

    Defendant(s).
_____/

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b), the following dates shall govern the progress of this case:

| | |
|---|---|
| Initial disclosures due by: | As required by Fed. R. Civ. P. 26(a)(1)(C). |
| Lay witness lists due by*: | 14 days before the end of fact discovery |
| Expert witness lists due by*: | As agreed by the parties. Refer to image for details |
| Discovery to be completed by: | May 1, 2023 |
| Parties to inform the Court of their intentions regarding ADR**: | April 3, 2023 |
| Parties to complete ADR**: | June 15, 2023 |
| Motions (except motions in limine, which may be filed up to one week before trial), including motions to join parties and/or to amend pleadings, due by: | July 17, 2023 |
| Proposed joint final pretrial order due by: | One week before the final pretrial conference |
| Final pretrial conference: | October 17, 2023 at 1:30 p.m. |
| Bench Trial | October 24, 2023 at 9:00 a.m. |

Dated:    September 1, 2022
            Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

\* With permission or consent, the parties may amend their lay witness lists after this date if they later learn of witnesses whose identities could not reasonably have been discovered by this date.

\*\* See next page for the Court's ADR requirements.

**Electronic Case Filing and Proposed Orders**
Pursuant to Local Rule 5.1.1 and Appendix ECF, electronic filing is mandatory. Registration procedures and on-line resources are available at the Court's website, www.mied.uscourts.gov. Please deliver a paper courtesy copy to chambers of any filing (including exhibits) that is more than twenty pages in length. Proposed orders must be submitted through the CM/ECF Utilities function.

**Alternative Dispute Resolution ("ADR")**
The Court requires the parties in all of its cases to engage in ADR, unless an exception applies (e.g., cases in which the United States is a party). The parties must inform the Court of their ADR intentions no later than 30 days before the discovery cutoff date by submitting a proposed stipulated order stating the date, time, place, and form of their ADR, as well as the name, address, telephone number, and email address of the facilitator/mediator/arbitrator the parties have chosen. The ADR proceeding must take place no later than 45 days after the discovery cutoff date.

If the parties cannot agree on the form of ADR or on the facilitator/mediator/arbitrator, they must inform the Court no later than 30 days before the discovery cutoff date, and in that event the Court shall appoint a facilitator, who will be directed to complete facilitation no later than 45 days after the discovery cutoff date.

The Court strongly encourages the parties to complete ADR before filing motions for summary judgment. Ordinarily, summary judgment motions filed before the completion of ADR will be held in abeyance until after the completion of ADR.

**Settlement Conferences with the Court**
The parties may request a settlement conference with the Court at any time. Whether the parties request one or not, the Court may conduct such a conference itself or require the parties to appear before a magistrate judge, a special master, or a facilitator for this purpose. Further, unless it indicates otherwise in a particular case, the Court always conducts a settlement conference at the final pretrial conference. Whenever the Court conducts a settlement conference, the parties themselves must attend. If a party is a governmental entity, counsel must bring the entity's chief administrative official. If a party is a corporation, counsel must bring its president, CEO, or vice-president for finance. In-house counsel may also attend, but he/she must be accompanied by one of these other, non-lawyer representatives. If a party has insurance coverage, counsel must bring a claims representative who has full authority to settle the claim in the full amount of the demand. These client representatives must personally attend the settlement conference. It is not sufficient for them to be "available by phone." Failure to comply with this requirement will result in the imposition of sanctions, including, as appropriate, dismissal of the complaint, entry of a default judgment, and/or requiring the disobedient party to pay all of the costs incurred by the other parties in attending the conference and in reconvening the conference at later date.

**Motion Filing**
The time for filing a response or reply brief is governed by Local Rule 7.1.  The Court strictly adheres to Local Rule 7.1(a) regarding seeking concurrence in motions.  If parties concur, a proposed stipulated order should be submitted via the CM/ECF, Utilities, Proposed Order function instead of filing a motion.
The Court directs that before moving for an order relating to discovery, the movant must request a conference with the court.  This conference may be held via telephone.

In addition, the Court strictly adheres to Local Rule 7.1(b)(2), which states that "A party must obtain leave of court to file more than one motion for summary judgment."  A party seeking leave of the Court to file more than one motion for summary judgment must do so at least ten days prior to the motion cut-off date.
Dispositive motions will be determined on the briefs, unless otherwise set for oral argument.

Further, the Court believes that the page limits set forth in Local Rule 7.1(d)(3) are adequate.  If, however, a party seeks leave of the Court to file a brief that exceeds the page limits set forth in the Local Rules, such request must be made, via ex parte motion, at least two weeks prior to the motion or response cut-off date, and at least ten days prior to the reply date.

**Submitting Proposed Stipulated Orders**
If parties concur, a proposed stipulated order should be submitted via the CM/ECF, Utilities, Proposed Order function for Judge Friedman's consideration, instead of filing a motion.

**Final Pretrial Conference**

FURTHER INSTRUCTIONS:  If the client is a governmental entity, counsel is expected to bring the entity's chief administrative official.  If the client is a corporation, counsel is expected to bring the Corporate President, CEO, or Vice-President for finance; in-house counsel may attend, but must be accompanied by one of the other, non-lawyer representatives. If a client has insurance coverage, counsel is expected to bring a claims representative who has full authority to settle the claim in the full amount of plaintiff's demand.

THESE CLIENT REPRESENTATIVES MUST PERSONALLY ATTEND THE PRETRIAL CONFERENCE; IT IS NOT SUFFICIENT THAT THEY BE "AVAILABLE BY TELEPHONE."

Failure to strictly comply with this requirement will result in the imposition of appropriate sanctions, including dismissal of the complaint, entry of a default judgment and requiring the disobedient party to pay all of the costs incurred by the other parties in attending the conference and/or in reconvening the conference at a later date.

STANDING ORDER REGARDING JURY INSTRUCTIONS,
TRIAL EXHIBITS, DEPOSITIONS AND VOIR DIRE

1. The parties are hereby ordered to meet and confer prior to trial to discuss jury instructions. No later than the first day of trial, the parties are to submit to the court a single set of joint "proposed" jury instructions. All such instructions are to be typewritten and double spaced, but shall not contain any titles (e.g., "Duty to Deliberate) or references to authority (e.g., "Devitt and Blackmar, Sec. 11.08").  In addition, each party shall separately file any additional proposed instructions to which any party objects. The parties must make a concerted good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

2. Trial exhibits are to be numbered, not lettered (Plaintiff 1-50; and Defendant 51-100).  Counsel, not the court, is responsible for keeping exhibits during trial.  Counsel is to mark the exhibits with exhibit stickers.  When the jurors commence their deliberations, counsel is to have all of their respective exhibits in the courtroom and in sequential order, so that upon request of the jurors, they may immediately be sent into the jury room.

3. If depositions or portions of depositions are to be used at trial, the parties must meet to resolve disputes and redact the depositions.

4. The court may permit counsel a limited amount of voir dire. However, counsel shall submit in writing the voir dire questions they intend to cover prior to the commencement of trial.

5. Should counsel have any further questions regarding preparation for trial, please contract my Case Manager on 313-234-5170.


Dated:  September 1, 2022                    s/Bernard A. Friedman
Detroit, Michigan                            BERNARD A. FRIEDMAN
                                             SENIOR UNITED STATES DISTRICT JUDGE

**LR 16.2  Joint Final Pretrial Order**

(a) **Joint Final Pretrial Order**. The parties shall furnish a joint final pretrial order in every civil case at, or if the judge requires, before the final pretrial conference. This joint final order shall fulfill the parties' disclosure obligations under Fed.R.Civ.P. 26(a)(3), unless the Judge orders otherwise. All objections specified in Rule 26(a)(3) shall be made in this order. Counsel for plaintiff(s) or a plaintiff without counsel shall convene a conference for all parties to confer and collaborate in formulating a concise joint final pretrial order. Counsel for plaintiff(s) or a plaintiff without counsel shall compile the order. Counsel for all parties and any party without counsel shall approve and sign the order. Counsel for plaintiff(s) or a plaintiff without counsel shall submit an original and one copy of the order to the assigned Judge for approval and adoption. The order shall provide for the signature of the Court and when signed and filed in the Clerk's Office, becomes an order of the Court, superseding the pleadings and governing the course of trial unless modified by further order. The pretrial order shall not be a vehicle for adding claims or defenses. The order will not be filed in the Clerk's office until the Judge has signed it.

(b) **Contents of Order**. The joint final pretrial order shall contain, under numbered and captioned headings, the following:

   (1) **Jurisdiction**. The parties shall state the basis for Federal Court jurisdiction and whether jurisdiction is contested by any party.

   (2) **Plaintiffs' Claims**. The statement of the claim or claims of plaintiffs shall include legal theories.

   (3) **Defendants' Claims**. The statement of the defenses or claims of defendants, or third parties, shall include legal theories.

   (4) **Stipulation of Facts**. The parties shall state, in separately numbered paragraphs, all uncontested facts.

   (5) **Issues of Fact to be Litigated.**

   (6) **Issues of Law to be Litigated.**

   (7) **Evidence Problems Likely to Arise at Trial**. Include objections to exhibits and to the use of deposition testimony, including the objections required under Fed.R.Civ.P.26(a)(3). The order shall list all motions in limine of which counsel or a party without counsel should reasonably be aware.

   (8) **Witnesses**. Each party shall list all witnesses whom that party will call and all witnesses whom that party may call. This listing shall include, but is not limited to, the disclosures required under Fed.R.Civ.P.26(a)(3)(A) and (B). A party may, without further notice, call a witness listed by another party as a "will call" witness. Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed. The list shall state whether the witness is an expert and whether testimony will be offered by deposition. Only listed witnesses will be permitted to testify, at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed.R.Civ.P.37(c)(1) shall apply to a failure to list a witness.

(9) **Exhibits**. The parties shall number and list, with appropriate identification, each exhibit, including summaries, as provided in Fed.R.Civ.P.26(a)(3). Objections to listed exhibits must be stated in the joint pretrial order. Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed.R.Civ.P.37(c)(1) shall apply to a failure to list an exhibit.

(10) **Damages**. The parties shall itemize all claimed damages and shall specify damages that can be calculated from objective data. The parties shall stipulate to those damages not in dispute.

(11) **Trial**

   (A) Jury or non-jury.

   (B) Estimated length of trial.

(12) **Settlement**. Counsel or a party without counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date, and state the current status of negotiations and any plans for further discussions. They may state that they wish the Court to schedule a settlement conference.

(c) **Failure to Cooperate**. For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

(d) **Filing of Trials Briefs, Findings and Instructions**. The joint final pretrial order shall further provide that trial briefs, proposed findings of facts and conclusions of law in non-jury cases or requests for instructions in jury cases shall be filed on the day of trial.

(e) **Additional Requirements**. A Judge, in an appropriate case, may add additional requirements to the joint final pretrial order, or may suspend application of this Rule, in whole or in part.

(f) **Juror Costs Attributable to Parties**. Each party shall also knowledge that the Court may assess juror expense under LR38.3

    **COMMENT**: Under LR 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial.

STANDING ORDER GOVERNING NONPARTY DEPOSITIONS
IN CASES ASSIGNED TO THIS COURT

It has come to the attention of this Court that nonparty witnesses subpoenaed to testify at depositions are, at times, subjected to abusive conditions.  This practice has produced public resentment of the courts and our profession.  To alleviate this problem and to afford nonparty deponents an avenue for redress, this Court adopts the following "Bill of Rights" for nonparty deponents:

ACCORDINGLY:

IT IS HEREBY ORDERED that in proceedings where a nonparty witness is being deposed, the attorney who has scheduled the deposition shall advise the witness in writing on the face of the subpoena or notice of taking deposition the following:

1. That should the date, time and place specified in the subpoena not be convenient, the deponent may contact the attorney and request that the deposition be reset.  Reasonable consideration should be given to accommodating the schedules of the attorneys for both sides and witnesses, where it is possible to do so without prejudicing the client's rights;

2. How long the deposition is expected to last;

3. The deponent's right to a witness fee and mileage and, if the witness is called as an expert or is a licensed professional, he/she may be entitled to additional compensation and the amount, if any, that will be paid;

4. That the deponent has a duty to answer all questions truthfully and completely and the right not to be burdened by repetitive or argumentative questions;

5. That the deponent has a right to reasonable breaks, including a lunch break, and may request breaks, if needed; and

6. That if the deponent believes that he/she is not being treated fairly or is being abused in any manner, he/she has a right to place any objection on the record and to notify the court at:

> Bernard A. Friedman
> United States District Judge
> Theodore Levin United States Courthouse
> Room 110
> 231 West Lafayette Boulevard
> Detroit, Michigan   48226
> (313) 234-5170

Failure to fully comply with this order will result in the imposition of appropriate sanctions, which may include dismissal of the complaint or entry of a default judgment.

Dated:  September 1, 2022                             s/Bernard A. Friedman
Detroit, Michigan                                                BERNARD A. FRIEDMAN
                                                                          SENIOR UNITED STATES DISTRICT JUDGE

8