# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**FEDERAL TRADE COMMISSION,**

    Plaintiff,

v.

**FINANCIAL EDUCATION SERVICES, INC.,** *et al.*,

    Defendants.

Case No. 2:22-cv-11120

Hon. Bernard A. Friedman

## MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF MONITOR'S AND PROFESSIONAL'S FEES AND COSTS FOR THE FIRST APPLICATION PERIOD

The Monitor, Patrick A. Miles, Jr. ("Monitor"), hereby submits this Motion for Order Approving and Authorizing Payment of Monitor's and Professional's Fees and Costs for the first application period, incurred from the inception of the Monitorship (July 18, 2022) through August 31, 2022. For the reasons stated in the accompanying Brief in Support and attachments hereto, including the Declaration of Patrick A. Miles, Jr., the Monitor respectfully requests that the Court grant this Motion in its entirety and approve and authorize for payment the fees and expenses of the Monitor and professionals working at the direction of the Monitor.

On May 25, 2022, on motion by the Federal Trade Commission ("FTC"), the Court (among other things) entered the appointment of Mr. Miles as Receiver in this action. On July 18, 2022, the Court entered an Order Denying Motion for Preliminary Injunction, Vacating Temporary Restraining Order, Terminating Asset Freeze, and Converting Receivership to Monitorship (the "Monitorship Order"), whereby the receivership was terminated and Mr. Miles was appointed as a Monitor for the Monitored Entities, as that term is defined in the Monitorship Order. (ECF No. 76). The Monitorship Order provides that the Monitor and all personnel hired by the Monitor as authorized in the Monitorship Order "are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Monitored Entities." (ECF No. 76, PageID.5557-5558). The Monitorship Order directs the Monitor to file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such fee request to be filed within sixty (60) days after entry of the Monitorship Order. (*Id.*).

WHEREFORE, the Monitor respectfully requests that the Court grant this Motion in its entirety and approve and authorize for payment the fees and expenses of the Monitor and professionals working at the direction of the Monitor.

Dated:  September 16, 2022                             BARNES & THORNBURG LLP

*/s/Anthony C. Sallah*
Patrick A. Miles, Jr. (P46379)
David A. Hall (P81426)
Anthony C. Sallah (P84136)
171 Monroe Ave NW, Suite 1000
Grand Rapids, Michigan 49503
Phone:  (616) 742-3930
Facsimile:  (616) 742-3999
Patrick.Miles@btlaw.com
David.Hall@btlaw.com
Anthony.Sallah@btlaw.com
*On behalf of the Court-appointed
Monitor Patrick A. Miles, Jr.*

## **STATEMENT OF THE ISSUES PRESENTED**

Whether the Court should enter an order approving and authorizing for payment the fees and expenses of the Monitor and professionals working at the direction of the Monitor, as detailed in the invoices submitted herewith, from the inception of the Monitorship through August 31, 2022.

Response: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

- Monitorship Order, Paragraph X, ECF No. 76, PageID.5557.

- *Commodity Futures Trading Comm'n v. Aurifex Commodities Rsch. Co.*, No. 1:06-CV-166, 2007 WL 2481015, at *1 (W.D. Mich. Aug. 29, 2007)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **FINANCIAL EDUCATION SERVICES, INC.,** *et al.*, <br><br> Defendants. | Case No. 2:22-cv-11120 <br><br> Hon. Bernard A. Friedman |

**BRIEF IN SUPPORT OF MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF MONITOR'S AND PROFESSIONAL'S FEES AND COSTS FOR THE FIRST APPLICATION PERIOD**

**I.      INTRODUCTION**

This lawsuit was commenced by the FTC on May 23, 2022 with a Complaint for Permanent Injunction, Monetary Relief, and Other Relief (the "Complaint") (ECF No. 1) against Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, VR-Tech Mgt, LLC, CM Rent Inc., Youth Financial Literacy Foundation, as well as Parimal Naik, Michael Toloff, Christopher Toloff, and Gerald Thompson.

The Receiver became temporary receiver under the Court's Temporary Restraining Order entered on May 24, 2022. (ECF No. 10). On July 18, 2022, the Court entered an Order Denying Motion for Preliminary Injunction, Vacating

3

Temporary Restraining Order, Terminating Asset Freeze, and Converting Receivership to Monitorship, whereby the receivership was terminated and Mr. Miles was appointed as a Monitor for the Monitored Entities, as that term is defined in the Monitorship Order. (ECF No. 76).

As evidenced by the detailed billing records which accompany the Declaration of Patrick Miles in support of this Motion ("Miles Declaration") attached as **Exhibit A**, the initial period of this monitorship was marked by the need for the Monitor to render extensive services, including, among other things: finalizing the transition from the receivership to the monitorship (such as communications with pertinent banking institutions; review and approval of company transactions, and coordination with management); meeting with management, staff, and the legal team for the Monitored Entities to establish relationship and protocols for monitorship; analyzing and establishing specific work streams for the Monitor's on-going monitorship responsibilities; continued review of business, operational and financial related documentation (including review and analysis of various updated policies, procedures, and customer contracts prepared by Monitored Entities); interviews of various company personnel and independent sales agents; preparation and submission of requests for documents and information to the Monitored Entities and review and analysis of same; attendance and

monitorship of company training events in Florida; review and analysis of company operations; and continued preparations of the initial Monitor report.

The services of the Monitor, and those of Riveron RTS, LLC ("Riveron"), the Monitor's financial advisor, are summarized separately below and described in the detailed billing records attached as exhibits to the Miles Declaration. The Monitor's activities will also further be described in the Monitor's initial report, which is forthcoming. Prior to the filing of this application, the Monitor shared with counsel for the Monitored Entities and the FTC the billing records attached hereto.

## II. SUMMARY OF THE SERVICES OF THE MONITOR AND PROFESSIONALS

The Monitor seeks payment of the Monitor's fees and costs and of those professionals working at the direction of the Monitor, as set forth in the Monitor Riveron invoices attached to the Miles Declaration. The fees and costs set forth in invoices from the Monitor, the Monitor's team at Barnes & Thornburg, and Riveron cover the time period from July 18, 2022, the day the Monitorship Order was entered, through August 31, 2022. The period from July 18, 2022 through August 31, 2022 is referred to herein as the "Reporting Period."

During the Reporting Period, as set forth in the invoice and time entries attached as **Exhibit 1** to the Miles Declaration, the Monitor and professionals working at the direction of the Monitor from Barnes & Thornburg incurred fees and

costs in the amount of $119,926.38. Additionally, the Monitor submits the invoices attached as **Exhibit 2** for Riveron totaling $63,885 for professional services.

The Monitor and professionals at Barnes & Thornburg working on the Monitor's team commenced work for the Monitorship on July 18, 2022, the day the Monitorship Order was entered. The initial tasks performed by the Monitorship team, in addition to the items summarized above, included assessing and identifying tasks to carry out the duties of the Monitor as the receivership transitioned to the Monitorship. This includes the development of work streams to coordinate investigation of the Monitored Entities' activities by the Monitor team, assessing and identifying necessary individuals from the Monitored Entities and independent sales agents to interview, assessing and identifying documents and information to request from the Monitored Entities, and other tasks. These tasks were necessary and reasonable to carry out the Monitor's duties to monitor the Monitored Entities' compliance with (1) the Monitorship Order, (2) Section 5 of the FTC Act, 15 U.S.C. § 45, the Credit Repair Organizations Act, 15 U.S.C. § 1679- 1679*l*, and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310, and (3) all other laws, rules, and regulations. (Monitorship Order, ECF No. 76, PageID.5551).

The Monitor and professionals from Barnes & Thornburg also attended various in-person interview sessions and events coordinated by the Monitored Entities and their counsel. On July 26, 2022, select individuals from the Monitor

team attended a meeting at the Monitored Entities' offices. The Monitor team and management personnel from the Monitored Entities discussed protocols for the monitorship and coordination of information sharing, the Monitored Entities' activities subsequent to the Court's ruling on the preliminary injunction, including compliance protocols, potential personnel changes, communications by management to independent sales agents, and other actions being taken by the Monitored Entities following the FTC's initiation of this action. The Monitor team also conducted select interviews of management personnel, including Parimal Naik, Chet Seely, Aaron Blandsie, and Sue Griffin. In addition, the Monitor team attended a "Super Saturday" event conducted by Financial Education Services/United Wealth Education in Fort Lauderdale, Florida on August 6, 2022. This was the first company event following entry of the Monitorship Order, and which was attended by various company leaders as well as independent sales agents. The Monitor team also conducted interviews of select personnel and sales agents at this event.

Similarly, Riveron engaged in necessary tasks following entry of the Monitorship Order. Representatives from Riveron assisted the Monitor in meeting with company management and interview of company personnel. Riveron has also continued to review the Monitored Entities' financial transactions, communicate with company management regarding same, and summarize the Monitored Entities'

financial transactions to further advise the Monitor on the Monitored Entities' business activities.

The Monitor intends to more fully inform the Court of the steps taken by the Monitor to implement the terms of the Monitorship Order, whether the Monitored Entities are complying with the Monitorship Order or any other order entered by the Court, and other items as required by Paragraph XI of the Monitorship Order. (ECF No. 76, PageID.5558-5559).

### III. THE FEES AND COSTS OF THE MONITOR AND PROFESSIONALS ARE REASONABLE AND SHOULD BE PAID AS REQUESTED

The Monitorship Order provides that the Monitor and personnel hired by the Monitor as authorized in the Monitorship Order are entitled to "reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Monitored Entities." (*Id*. at PageID.5557-5558). The Monitorship Order requires the Monitor to submit its first request within sixty (60) days after entry of the July 18, 2022 Monitorship Order.

The "Court's primary concern in awarding professional fees is that the fees be reasonable." *Commodity Futures Trading Comm'n v. Aurifex Commodities Rsch. Co.*, No. 1:06-CV-166, 2007 WL 2481015, at *1 (W.D. Mich. Aug. 29, 2007) (involving receiver's request for professional fees) (citing *Reed v. Rhodes*, 179 F.3d

453, 471 (6th Cir. 1999)). The Court may review whether the services were "actually and necessarily performed … that the expenses billed were actually and necessarily incurred … and that the amount of the fees and expenses is reasonable as to the hourly rates charged, the hours expended, and the expenses billed." *Quilling v. Trade Partners, Inc.*, No. 1:03-CV-236, 2008 WL 4287824, at *1 (W.D. Mich. Sept. 17, 2008). The Court may evaluate supporting documentation, such as "detailed invoices which identify in descriptive detail the tasks performed, who performed each task, the person's position and billing rate, and how much time was devoted to each task." *F.T.C. v. Fortune Hi-Tech Mktg., Inc.,* No. CIV.A. 13-123, 2013 WL 4495829, at *3 (E.D. Ky. Aug. 20, 2013) (holding that receiver established prima facie case for reasonableness of attorney's fees). Here, the Monitor and its team have engaged in reasonable and necessary tasks to carry out the duties of the Monitor as set forth in the Monitorship Order as summarized above and in the invoices submitted with this application. This Motion and the accompanying Miles Declaration establish that the Monitor, its members, staff and professionals rendered reasonable and necessary services pursuant to the Monitorship Order. The Monitor respectfully submits the fees are reasonable in light of the services rendered and results obtained to date, and that the fees and expenses requested should be awarded in their entirety.

## IV. CONCLUSION

For the foregoing reasons, the Monitor respectfully requests that the Court grant this Motion in its entirety and approve and authorize for payment the fees and expenses of the Monitor and professionals working at the direction of the Monitor, to be paid from the assets now held by, in the possession or control of, or which may be received by, the Monitored Entities. (ECF No. 76, PageID.5557-5558).

Dated:  September 16, 2022                                       BARNES & THORNBURG LLP

*/s/ Anthony C. Sallah*
Patrick A. Miles, Jr. (P46379)
David A. Hall (P81426)
Anthony C. Sallah (P84136)
171 Monroe Ave NW, Suite 1000
Grand Rapids, Michigan 49503
Phone:  (616) 742-3930
Facsimile:  (616) 742-3999
Patrick.Miles@btlaw.com
David.Hall@btlaw.com
Anthony.Sallah@btlaw.com
*On behalf of the Court-appointed Monitor Patrick A. Miles, Jr.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 16, 2022 a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Dated:  September 16, 2022          BARNES & THORNBURG LLP

                                                       */s/ Anthony C. Sallah*
                                                       Patrick A. Miles, Jr. (P46379)
                                                       David A. Hall (P81426)
                                                       Anthony C. Sallah (P84136)
                                                       171 Monroe Ave NW, Suite 1000
                                                       Grand Rapids, Michigan 49503
                                                       Phone:  (616) 742-3930
                                                       Facsimile:  (616) 742-3999
                                                       Patrick.Miles@btlaw.com
                                                       David.Hall@btlaw.com
                                                       Anthony.Sallah@btlaw.com
                                                       *On behalf of the Court-appointed*
                                                       *Monitor Patrick A. Miles, Jr.*