UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

FINANCIAL EDUCATION SERVICES, INC., *et al*.,

    Defendants.
_____/

Case No. 2:22-cv-11120-BAF-APP

**CORRECTED[1] NOTICE TO THE
COURT IN RESPONSE TO MOTION FOR ORDER APPROVING AND
AUTHORIZING PAYMENT OF MONITOR'S
AND PROFESSIONAL'S FEES AND COSTS FOR THE FIRST
APPLICATION PERIOD**

Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik (the "FES Defendants") file this notice with the Court in response to the Monitor Patrick A. Miles, Jr.'s Motion for Order Approving and Authorizing Payment of Monitor's and Professional's Fees and Costs for the First Application Period (the "Fee Motion").

**I.    Introduction**

---

[1] This Corrected Notice corrects the error in the certificate of service in the prior filing, ECF Doc. No. 90. No other changes exist between this document and ECF Doc. No. 90.

1. On July 18, 2022, the Court entered an order, in part, converting the receivership then in place into a monitorship, consistent with the Court's ruling denying the FTC's request for a preliminary injunction against all defendants (ECF 76).

2. The Order specifically appointed Patrick A. Miles as the only Monitor of the Monitored Entities, defined in that Order. (ECF 76 at 5).

3. The Order provided that "[t]he Monitor and ***all personnel hired by the Monitor***…are entitled to reasonable compensation for the performance of duties pursuant to this Order" and required that the Monitor "file with the Court and serve on all parties period requests for the payment of such reasonable compensation."

4. The Order authorizes the Monitor to "[e]ngage attorneys…the Monitor deems advisable or necessary to the performance of duties or responsibilities…for which the Monitor shall provide the Monitored Entities, the FTC, and the Court, a proposed estimated budget." (ECF 76 at 8).

5. The Order required that the Monitor file the first request for compensation "no more than sixty (60) days after the date of entry of this Order," which sixtieth day was the date of the Monitor's filing. *Compare* (ECF 76 at 12) *with* (ECF 89).

II.   **Notice to the Court**

6.      The primary purpose of this Notice to the Court is to correct the misstatement by omission submitted in the Monitor's Fee Motion.

7.      On Friday, September 19, 2022, the Monitor field the Fee Motion. Included in the Motion was the following statement: "Prior to the filing of this application, the Monitor shared with counsel for the Monitored Entities and the FTC the billing records attached hereto." (ECF 89 at 8).

8.      Indeed, earlier that same day, at **11:56 AM Eastern Time**, counsel hired by the Monitor shared the invoices with the undersigned, providing the undersigned all of 5 hours and 9 minutes to review all the billing records prior to the Monitor filing his Fee Motion.

9.      Omitted from the Monitor's Fee Motion was the undersigned's response to the records being sent, which read in part "[y]ou have not given us a reasonable time to respond, so there is no way we can get back to you today about this." Counsel for other defendants in this action responded similarly. The Monitor made no mention of this in the Fee Motion.

10.     Even if the undersigned could have dropped everything Friday afternoon to address the invoices, there was absolutely no room for the parties to confer about the billing records in any meaningful manner, potentially forcing the parties to waste resources in motion practice over something that could have easily been resolved through meaningful and productive conversation.

11. The FES Defendants intend to respond to the Fee Motion, which continues to include, despite two warnings now, endless block billing and numerous vague and non-descript entries. Moreover, the Monitor has yet to submit any proposed estimated budget for engaging the law firm Barnes & Thornburg LLP, which he should have been required to do, **and his attorney promised would be done,** in advance of submitting the Fee Motion.

12. The FES Defendants submit this notice to inform the Court of the FES Defendants' anticipated opposition, and so not to prematurely enter an award consistent with the Monitor's request in the Fee Motion.

Dated:   September 19, 2022

Respectfully submitted,

*/s/ Richard Epstein*
RICHARD W. EPSTEIN
ROY TAUB
Greenspoon Marder LLP
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
Facsimile: 954-333-4027
richard.epstein@gmlaw.com
roy.taub@gmlaw.com

MATTHEW S. RAPKOWSKI
Greenspoon Marder LLP
590 Madison Avenue, Suite 1800
New York, New York 10022
Telephone: 212-524-5000
Facsimile: 212-524-5050
matthew.rapkowski@gmlaw.com

        GEORGE S. FISH
Young Basile Hanlon & MacFarlane, P.C.
3001 W. Big Beaver Road, Suite 624
Troy, MI 48084
fish@youngbasile.com

*Attorneys for Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 19, 2022, a true and correct copy of the foregoing was served on all counsel of record via ECF.

        /s/ Richard W. Epstein
        RICHARD W. EPSTEIN