# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 2:22-cv-11120 |
| Plaintiff, | Hon. Bernard A. Friedman |
| v. | **STIPULATION TO ENTER PROTECTIVE ORDER GOVERNING CONFIDENTIAL AND SENSITIVE PERSONAL INFORMATION** |
| **FINANCIAL EDUCATION SERVICES, INC.**, *et al.*, | |
| Defendants. | |

Come now Plaintiff Federal Trade Commission ("FTC), Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, VR-Tech MGT, LLC, CM Rent Inc., Youth Financial Literacy Foundation, Parimal Naik, Michael Toloff, Christopher Toloff, and Gerald Thompson ("Defendants"), and the Court-appointed Monitor, by and through their respective counsel, and hereby agree, stipulate, and move the Court, pursuant to Fed. R. Civ. P. 26(c) and 5.2(e), for the following protective order. A proposed order has been submitted in accordance with ECF Policies and Procedures R12.

## I.   DEFINITIONS

A. "Confidential Material" means any material that, after a good faith review, have been determined to: (1) contain information that is not known to be in the public domain such as trade secrets, confidential commercial or financial

information, confidential research and development information, proprietary information, information concerning proprietary internal policies, procedures, and/or strategy, information protected from disclosure by statute; and (2) reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons.

B. "Sensitive Personal Information" means any: (1) Social Security number; (2) sensitive health-related data including medical records; (3) biometric identifier; (4) any one or more of the following when combined with an individual's name, address, or phone number:  (a) date of birth, (b) driver's license or other state identification number, or a foreign equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, or (f) credit or debit card number; (5) an individual's name, if that individual is a minor; (6) an individual's telephone number, email address, or home address, unless relevant to a claim or defense of any party; or (7) other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

II. **DESIGNATING CONFIDENTIAL MATERIAL**

A. If a party or a non-party has a good faith belief that material required to be produced in discovery contains Confidential Material or Sensitive Personal Information, the party or non-party must designate such material as follows:

1. For paper materials, stamp "CONFIDENTIAL" on each page that contains Confidential Material in a manner which will not interfere with the legibility of the document.

2. For electronically stored information, brand it as "CONFIDENTIAL" and mark the storage medium holding the information as "CONFIDENTIAL" in a manner which will not interfere with the legibility of the document

3. Documents shall be designated confidential prior to, or contemporaneously with, the production or disclosure of the documents.

4. For deposition transcripts, identify the specific pages and line numbers that contain Confidential Material within 14 days of receipt of the final transcript.  If any testimony is identified as Confidential Material during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until 14 days after the designating entity's receipt of the final transcript.

B. The party or non-party making the designation ("the designating entity") must designate as confidential only those portions of materials that contain Confidential Material to the extent practicable.  Mass or indiscriminate designation of materials as Confidential Material is prohibited.

    C. A party's designation of materials as confidential, or a party's failure to object to another party's designation of materials as confidential, shall not constitute admissible evidence nor shall it be considered an admission that the designated material is Confidential Material or Sensitive Personal Information for purposes of determining the merits of any party's claims, defenses, or affirmative defenses in this action.

### III. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL MATERIALS

    A. An inadvertent failure to designate Confidential Material prior to disclosure does not preclude a subsequent designation, but a recipient's prior disclosure of newly designated Confidential Material shall not violate this Order. In the event of subsequent designation of Confidential Material after disclosure, the parties shall cooperate to protect such material from future dissemination or public access.

    B. The parties agree that this Section III shall be subject to maximum protections under Federal Rule of Evidence 502(d). The parties agree to protect certain privileged and otherwise protected documents and electronically stored information and documents against claims of waiver in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request, or informal production.

C. The parties agree that the inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege and the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

IV. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A. Any party receiving Confidential Material may challenge the designating entity's confidentiality designation by sending the designating entity a written objection that sets forth the objecting party's basis for why the material is not confidential.

B. Within 14 days of a written objection to the designation of Confidential Material, the designating entity and the objecting party must meet and confer in good faith to resolve the objection.

C. If the designating entity and the objecting party are unable to resolve the dispute, the designating entity must move the Court for a protective order to uphold the confidentiality designation within 21 days of the meet and confer. Failure to seek a protective order within 21 days of the meet and confer terminates confidential treatment for the material.

D. Any person or entity receiving Confidential Material may use the procedures set forth in this section to challenge the designating entity's confidentiality designation.

E. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated as confidential shall continue to be treated as confidential subject to the full protections of this Agreement until one of the following occurs:

   a. The party who claims that the documents are confidential withdraws such designation in writing; or

   b. The Court rules that the documents should no longer be designated as confidential, and the time for appellate review thereof has run.

F. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

V. **PERMITTED DISCLOSURES OF CONFIDENTIAL MATERIALS AND SENSITIVE PERSONAL INFORMATION**

   A. Documents designated confidential under this Agreement shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in this Section V for any purpose other than preparing for and conducting this litigation (including any appeal of this litigation), and shall not otherwise be directly or indirectly be used for any other purpose.

B. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated confidential under the terms of this Agreement to any other person or entity, except that the following categories of persons may be allowed to review documents which have been designated confidential pursuant to this Agreement, so long as such person(s) have signed the Agreement to Be Bound by Confidentiality Agreement, ***attached hereto as Exhibit 1***, and such executed document has been served on every party to this action, except execution and service of Exhibit 1 shall not be required for those persons designated in sub-subsection (1), (2), (4) and (6): Confidential Material or Sensitive Personal Information may be disclosed only to:

1. the Court and court personnel;
2. (a) the parties; (b) the parties' counsel; and (c) the parties' counsel's designated employees;
3. any expert, consultant, contractor, or other person consulted or retained by the parties or their counsel to assist in this litigation (including their employees;
4. (a) the Monitor and those individuals working at the direction of the Monitor from Barnes & Thornburg LLP; or (b) any counsel who enters an appearance in the action for the Monitor;

5. any expert, consultant, contractor, or other person consulted or retained by the Monitor or the Monitor's counsel to assist in the Monitor's exercise of his duties (including their employees);

6. Any mediator engaged by the parties in this action

7. any person (and his or her counsel) who had access to the Confidential Material or Sensitive Personal Information or participated in a communication that is the subject of the Confidential Material or Sensitive Personal Information prior to the filing of the Complaint in this action,

8. deposition and trial witnesses, and those witnesses' counsel, to the extent those witnesses and/or witnesses' counsel needs to know such information during the course of those witnesses' testimony or in preparation therefor

9. any other persons or entities as required by law, upon consent in writing by the producing party, or as authorized by this Court.

C. Notwithstanding the limitations set forth in this Section V and subject to taking appropriate steps to preserve confidentiality, the FTC may disclose Confidential Material or Sensitive Personal Information to other governmental entities, as provided by 16 C.F.R. §§ 4.9–4.11, 15 U.S.C. §§ 46(f) and 57b-2, or as otherwise authorized or required by law.  Such entities

include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the FTC) and congressional committees.

## VI. USE OF CONFIDENTIAL MATERIAL IN LITIGATION

A party or non-party seeking to file Confidential Material publicly must redact such material before filing or file such material under seal concurrently with a motion to seal the material, unless the designating entity consents to the public filing of such material or the Court orders that such material may be filed publicly.

## VII. USE OF SENSITIVE PERSONAL INFORMATION IN LITIGATION

No party or non-party may publicly disclose any Sensitive Personal Information without prior approval of this Court.  A party or non-party seeking to file Sensitive Personal Information publicly in the docket of any action must redact such information before filing, unless the Sensitive Personal Information is relevant and necessary for the Court's understanding of the issues presented.  In such circumstances, a party or non-party must file the Sensitive Personal Information in conformity with the Court's local rules governing filing such information.

**VIII.   TREATMENT OF CONFIDENTIAL MATERIALS AND SENSITIVE PERSONAL INFORMATION AFTER LITIGATION**

A. Within 60 days of final resolution of all claims asserted in this action, all parties, experts, contractors, consultants, or other persons retained by any party to assist in this litigation, as well as any witness or non-party, must destroy or return all Confidential Material and Sensitive Personal Information they obtained during the course of the litigation, except as follows:

1. Designating entities may maintain copies of all of their own Confidential Material and Sensitive Personal Information.

2. The FTC shall retain, return, or destroy Confidential Material or Sensitive Personal Information in accordance with 16 C.F.R. § 4.12, including retaining such information to assist with ongoing law enforcement or bankruptcy matters, enforcement of any final orders entered in this action, providing redress to consumers (if ordered by the Court), or any policy or research matters consistent with the FTC's mission, provided that the FTC continues to take all appropriate steps to protect the confidentiality of the materials.

3. Any law enforcement agency other than the FTC that has received copies of any Confidential Material or Sensitive Personal Information may retain such information to assist with other ongoing law enforcement

matters, provided that the law enforcement agency continues to take all appropriate steps to protect the confidentiality of the materials.

4. Any congressional committee may maintain copies of Confidential Materials and Sensitive Personal Information obtained from the FTC as required under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.11(b).

B. This Order continues to govern Confidential Material and Sensitive Personal Information after the conclusion of the case, absent further order of the Court.

**IT IS SO STIPULATED**:

| | |
|---|---|
| */s/Gregory A. Ashe* | */s/Richard W. Epstein (with consent)* |
| GREGORY A. ASHE | RICHARD W. EPSTEIN |
| K. MICHELLE GRAJALES | ROY TAUB |
| JULIA E. HEALD | Greenspoon Marder LLP |
| Federal Trade Commission | 200 E. Broward Blvd, Suite 1800 |
| 600 Pennsylvania Avenue NW | Fort Lauderdale, FL 33301 |
| Washington, DC 20580 | Telephone: 954-491-1120 |
| Telephone: 202-326-3719 (Ashe) | Facsimile: 954-333-4027 |
| Telephone: 202-326-3172 (Grajales) | Email: Richard.epstein@gmlaw.com, |
| Telephone: 202-326-3589 (Heald) | roy.taub@gmlaw.com |
| Facsimile: 202-326-3768 | |
| Email:gashe@ftc.gov, | MATTHEW S. RAPKOWSKI |
| mgrajales@ftc.gov, | Greenspoon Marder LLP |
| jheald@ftc.gov | 590 Madison Avenue, Suite 1800 |
| | New York, NY 10022 |
| DAWN N. ISON | Telephone: 212-524-5000 |
| United States Attorney | Facsimile: 212-524-5050 |
| SUSAN K. DECLERCQ (P60545) | Email: |
| Assistant United States Attorney | matthew.rapkowski@gmlaw.com |
| 211 W. Fort Street, Suite 2001 | |
| Detroit, MI 48226 | GEORGE S. FISH |
| Telephone: 313-226-9149 | Young Basile Hanlon & MacFarlane, PC |
| Email: susan.declercq@usdoj.gov | 3001 W. Big Beaver Road, Suite 624 |
| | Troy, MI 48084 |
| *Attorneys for Plaintiff Federal Trade Commission* | Email: fish@youngbasile.com |
| | *Attorneys for Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, and Parimal Naik* |

12

<div style="column-count:2">

*/s/Helen Mac Murray (with consent)*
HELEN MAC MURRAY
LISA A. MESSNER
WALTER C. BLACKHAM
ERICA R. HOLLAR
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, OH 43054
Telephone: 614-939-9955
Facsimile: 614-939-9954
Email:
hmacmurray@mslawgroup.com,
lmessner@mslawgroup.com,
wblackham@mslawgroup.com,
ehollar@mslawgroup.com

DAVID W. WARREN
EMILY R. WARREN
Joelson Rosenberg, PLC
30665 Northwestern Hwy, Suite 200
Farmington Hills, MI 48334
Telephone: 248-855-2233
Facsimile: 248-855-2388
Email: dwarren@jrlawplc.com,
ewarren@jrlawplc.com

*Attorneys for Defendants VR-Tech MGT, LLC, CM Rent Inc., Michael Toloff, and Christopher Toloff*

*/s/Kerry Lee Morgan (with consent)*
KERRY LEE MORGAN
Pentiuk, Couvreur & Kobiljak P.C.
2915 Biddle Avenue, Suite 200
Wyandotte, MI 48192
Telephone: 734-281-7100
Facsimile: 734-281-7102
Email: kmorgan@pck-law.com

*Attorney for Defendant Gerald Thompson*


*/s/Patrick A. Miles, Jr. (with consent)*
PATRICK A. MILES, JR.
DAVID A. HALL
ERIKA P. WEISS
ANTHONY C. SALLAH
Barnes & Thornburg LLP
171 Monroe Avenue NW, Suite 1000
Grand Rapids, MI 49503
Telephone: 616-742-3939 (Miles, Jr.)
Telephone: 616-742-3954 (Hall)
Telephone: 616-742-3984 (Weiss)
Telephone: 616-742-3976 (Sallah)
Facsimile: 616-742-3999
Email: david.hall@btlaw.com,
Patrick.miles@btlaw.com
Erika.weiss@btlaw.com,
Anthony.sallah@btlaw.com

*On behalf of the Court-appointed Monitor Patrick A. Miles, Jr.*

</div>

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **FINANCIAL EDUCATION SERVICES, INC.**, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-11120-BAF-APP <br><br> Hon. Bernard A. Friedman |

## ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge that I have been provided with a copy of the Stipulated Protective Order entered in this action, I have reviewed it and understand its terms, and I agree to be bound by its terms and be subject to the jurisdiction of this Court in all matters relating to the Protective Order.

I will treat all Confidential Material and Sensitive Personal Information, as defined in the Protective Order, strictly in accordance with the terms set forth in the Protective Order. I will not share Confidential Material or Sensitive Personal Information with any unauthorized individual or entities, other than my counsel. I acknowledge that any unauthorized use or disclosure of such materials by me may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____    _____
                        Signature

                        _____
                        Print Name

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _____, 2022, a true and correct copy of **STIPULATION TO ENTER PROTECTIVE ORDER GOVERNING CONFIDENTIAL AND SENSITIVE PERSONAL INFORMATION** was filed electronically with the United States District Court for the Eastern District of Michigan using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                   /s/Gregory A. Ashe
                               Attorney for Plaintiff Federal Trade Commission