## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

FINANCIAL EDUCATION SERVICES, INC., *et al.*,

    Defendants.

Case No. 2:22-cv-11120-BAF-APP

Hon. Bernard A. Friedman

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MICHAEL TOLOFF, CHRISTOPHER TOLOFF, VR-TECH MGT, LLC, AND CM RENT TO PLAINTIFF'S COMPLAINT

Defendants Michael Toloff, Christopher Toloff, VR-Tech, MGT, LLC, and CM Rent, Inc. (collectively "Defendants") respectfully submit Answer and Affirmative Defenses to the Complaint of Plaintiff Federal Trade Commission ("Plaintiff") and state as follows:

### ANSWER

1.    Defendants admit that Plaintiff purports to bring this action under the Federal Trade Commission Act ("FTCA"), the Credit Repair Organization Act ("CROA"), the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), and the FTC's Telemarketing Sales Rule ("TSR").

### SUMMARY OF THE CASE

1

2.     Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.     Defendants deny the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.     The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.     The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

## PLAINTIFF

6.     The allegations contained in Paragraph 6 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the FTCA, CROA, the Telemarketing Act, and the TSR.

## DEFENDANTS

7.     Defendants admit that Financial Education Services, Inc. ("FES") is a Michigan corporation and has transacted business in this District.  Defendants lack

2

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore deny the same.

8.      Defendants admit that United Wealth Services, Inc. is a Michigan corporation and has transacted business in this District.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, and therefore deny the same.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore deny the same.

10.      Defendants admit that Defendant VR-Tech MGT, LLC ("VR-Tech MGT") is a Michigan limited liability company and has transacted business in this District.  Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.      Defendants admit that Defendant CM Rent, Inc. ("CM Rent") is a Colorado corporation, has done business as Credit My Rent, has transacted business in this District, and is registered as a foreign corporation in Michigan with an address of 1 Towne Square, Suite 1835, Southfield, Michigan.   Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.      Defendants admit that Youth Financial Literacy Foundation is a Michigan nonprofit corporation that has transacted business in this District.

Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit that Parimal Naik was an owner FES and VR-Tech, LLC and that he resides in this District.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore deny the same.

14.     Defendants admit that Defendant Michael Toloff was formerly an owner, officer, director, or manager of Youth Financial, FES, and VR-Tech Mgt, and has transacted business in this District. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit that Defendant Christopher Toloff was a signatory on many of Defendants' bank accounts and has transacted business in this District. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore deny the same.

## COMMON ENTERPRISE

17.     The allegations contained in Paragraph 17 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## COMMERCE

18.     The allegations contained in Paragraph 18 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

## DEFENDANTS' UNLAWFUL BUSINESS ACTIVITIES

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

5

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

## VIOLATIONS OF THE FTC ACT

63.    The allegations contained in Paragraph 63 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the FTCA.

64.    The allegations contained in Paragraph 64 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the FTCA.

## COUNT I
### Misrepresentations Regarding Credit Repair Services

65.    Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.    Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.    Defendants deny the allegations contained in Paragraph 67 of the Complaint.

## COUNT II
### Illegal Pyramid

68.    Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of the Complaint.

## COUNT III
**Misrepresentations Regarding Investment Opportunities.**

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

## COUNT IV
**Means and Instrumentalities**

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

## VIOLATIONS OF THE CREDIT REPAIR ORGANIZATION ACT

75.     The allegations contained in Paragraph 75 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating CROA.

76.     The allegations contained in Paragraph 76 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating CROA.

11

77.    The allegations contained in Paragraph 77 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating CROA.

78.    Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.    The allegations contained in Paragraph 79 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating CROA.

80.    The allegations contained in Paragraph 80 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating CROA.

81.    The allegations contained in Paragraph 81 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating CROA.

82.    The allegations contained in Paragraph 82 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating CROA.

83.    The allegations contained in Paragraph 83 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating CROA.

84.     The allegations contained in Paragraph 84 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating CROA.

85.     The allegations contained in Paragraph 85 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating CROA.

86.     The allegations contained in Paragraph 86 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required. To the extent a response is required Defendants deny violating CROA.

## COUNT V
**Misrepresentations Regarding Credit Repair Services**

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

## COUNT VI
**Violation of Prohibition against Charging Advanced Fees for Credit Repair**

**Services**

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

## COUNT VII
### Failure to Make Required Disclosures

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

## COUNT VIII
### Failure to Obtain Signed Contracts from Consumers

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

## COUNT IX
### Failure to Include Required Terms and Conditions in Contracts

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

14

## COUNT X
### Failure to Provide Cancellation Form

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

## COUNT XI
### Failure to Provide Consumers with Copy of Contract and Other Disclosures

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

## VIOLATIONS OF THE TELEMARKETING SALES RULE

101.    The allegations contained in Paragraph 101 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the TSR.

102.    The allegations contained in Paragraph 102 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the TSR.

103.    Defendants admit the TSR contains definitions of seller, telemarketer and telemarketing.    Defendants deny the remaining allegations contained in Paragraph 103 of the Complaint.

104.    The allegations contained in Paragraph 104 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the TSR.

105.    The allegations contained in Paragraph 105 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the TSR.

106.    The allegations contained in Paragraph 106 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the TSR.

107.    The allegations contained in Paragraph 107 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the TSR.

108.    The allegations contained in Paragraph 108 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the TSR.

109.   The allegations contained in Paragraph 109 of the Complaint contain legal provisions and citations that speak for themselves and to which no response is required.  To the extent a response is required Defendants deny violating the TSR.

## COUNT XII
### Misrepresentations Regarding Credit Repair Services

110.   Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.   Defendants deny the allegations contained in Paragraph 111 of the Complaint.

## COUNT XIII
### Misrepresentations Regarding Investment Opportunities

112.   Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.   Defendants deny the allegations contained in Paragraph 113 of the Complaint.

## COUNT XIV
### Violation of Prohibition against Charging Advanced Fees for Credit Repair Services

114.   Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.   Defendants deny the allegations contained in Paragraph 115 of the Complaint.

## COUNT XV
## Use of Remotely Created Checks

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint.

## CONSUMER INJURY

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief, and demand entry of judgment in their favor.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff's claims are barred in whole or in part on the ground that, without admitting any violation of any law, some or all of the allegedly violative statements contained in the Complaint, if such statements were actually made, were not false or misleading statements of material fact but were good faith sales practices.

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

4.      To the extent Plaintiff seeks equitable relief or remedies, the balance of equities favors Defendants and imposition of any such relief should be barred as causing undue hardship to Defendants.

5.      Any injury or harm to any individual consumer or to the public in general alleged by Plaintiff in the Complaint is caused by acts or omissions of a third-party which Defendants have no authority control over.

6.      Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted under Section 5 of the FTC Act, 15 U.S.C. § 45(a).

7.      Plaintiff's claims are barred in whole or in part on the grounds that Plaintiff has failed to demonstrate that any alleged material representations of any of the Defendants were likely to mislead customers acting reasonably under the circumstances pursuant to Section 5.

8.      Plaintiff's claims are barred in whole or in part on the grounds that the Complaint fails to state a claim upon which relief can be granted under the Telemarketing and Consumer Fraud and Abuse Act, 15 U.S.C. §§ 6101-6108, or the Telemarketing Sales Rule, 16 C.F.R. Part 310.

9.    Plaintiff's claims are barred in whole or in part on the grounds that the Complaint fails to state a claim upon which relief can be granted under the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j.

10.    Plaintiff's claims are barred, in whole or in part, under the doctrine of mistake of law.

11.    Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

12.    Plaintiff's claims against Defendants for any monetary equitable relief are barred, given that Plaintiff has no right to such relief given the plain language and meaning of the Federal Trade Commission Act, 15 U.S.C. §§ 41-58.  *See AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341 (2021).

13.    Plaintiff's claims against Defendants Michael Toloff and Christopher are barred, in whole or in part, as there is no individual or personal liability under the Telemarketing and Consumer Fraud and Abuse Act, 15 U.S.C. §§ 6101-6108, the Telemarketing Sales Rule, 16 C.F.R. Part 310, or the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, and regardless of whether any corporate entities may have any such liability, with none being so admitted.

14.    Plaintiff's claims against Defendants Michael Toloff and Christopher Toloff are barred, in whole or in part, because they lacked the requisite control over

the corporate Defendants and/or knowledge of any deceptive conduct required in order to impute individual liability under applicable law.

**WHEREFORE**, Defendants Michael Toloff, Christopher Toloff, VR-Tech MGT, LLC, and CM Rent, Inc., respectfully request that this Court enter judgment against Plaintiff Federal Trade Commission and in favor of Defendants, dismiss this action with prejudice, award Defendants reasonable attorney's fees and costs incurred in defending this action, and for other such relief this Court deems just and proper.

Respectfully submitted,

*/s/ Helen Mac Murray*
Helen Mac Murray (Ohio # 0038782)
Lisa A. Messner (Ohio # 0074034)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
 New Albany, Ohio 43054
Tel: (614) 939-9955
Fax: (614) 939-9954
hmacmurray@mslawgroup.com
lmessner@mslawgroup.com

*Counsel for Defendants,*
*Christopher Toloff, Michael Toloff,*
*CM Rent, Inc. and VR-TECH MGT.,*
*LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing

has been furnished electronically on this 27th day of February, 2023 to all counsel

having appeared in this matter.

*/s/ Helen Mac Murray*