## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

      Plaintiff,

      v.

FINANCIAL EDUCATION SERVICES,
INC., *et al*.,

      Defendants.

_____/

Case No. 2:22-cv-11120-BAF-APP

Hon. Bernard A. Friedman

## DEFENDANTS FINANCIAL EDUCATION SERVICES, INC., UNITED WEALTH SERVICES, INC., VR-TECH, LLC, YOUTH FINANCIAL LITERACY FOUNDATION, LK COMMERCIAL LENDING LLC, AND PARIMAL NAIK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, LK Commercial Lending LLC and Parimal Naik (collectively, the "FES Defendants") hereby file their Answer and Affirmative Defenses to the First Amended Complaint (DE 121) ("Complaint") filed by Plaintiff Federal Trade Commission, and state as follows:

## ANSWER

1.     The FES Defendants admit that Plaintiff purports to bring this action under the Federal Trade Commission Act, the Credit Repair Organizations Act, the Telemarketing and Consumer Fraud and Abuse Prevention Act, the FTC's

Telemarketing Sales Rule, section 621(a) of the Fair Credit Reporting Act, and section 522(a) of the Gramm-Leach-Bliley Act.

## SUMMARY OF THE CASE

2.      The FES Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      The FES Defendants deny the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, the FES Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, the FES Defendants deny the allegations contained in Paragraph 5 of the Complaint.

## PLAINTIFF

6.      With regard to the allegations contained in Paragraph 6 of the Complaint, the cited legal provisions speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

## **DEFENDANTS**

7.     The FES Defendants admit that Defendant Financial Education Services, Inc. ("FES") is a Michigan corporation was originally incorporated as Credit Education Services, Inc., has also done business as American Credit Education Premium Services, American Credit Education Services, United Credit Education Premium Services, United Credit Education Services, United Wealth Education, and VR-Tech Marketing Group, and transacts or has transacted business in this District, and deny the remainder of the allegations contained in Paragraph 7 of the Complaint.

8.     The FES Defendants admit that Defendant United Wealth Services, Inc. ("UWS") is a Michigan corporation with its principal place of business at 37735 Enterprise Court, Suite 600, Farmington Hills, Michigan, has also used an address of 37637 Five Mile Road, Suite 397, Livonia, Michigan, has also done business as United Wealth Education, and transacts or has transacted business in this District, and deny the remainder of the allegations contained in Paragraph 8 of the Complaint.

9.     The FES Defendants admit that Defendant VR-Tech, LLC ("VR-Tech") is a Michigan limited liability company with its principal place of business at 37735 Enterprise Court, Suite 600, Farmington Hills, Michigan, was formed from a merger involving VR-Tech Data Processing Solutions, LLC, VR-Tech Software Solutions, LLC, and VR-Tech Marketing Group, LLC, has also done business as

3

Financial Education & Services, LLC, and transacts or has transacted business in this District, and deny the remainder of the allegations contained in Paragraph 9 of the Complaint.

10.    The FES Defendants admit that, between May 23, 2017 and May 23, 2022, VR-Tech MGT, LLC was a Michigan limited liability company with its principal place of business at 37735 Enterprise Court, Suite 600, Farmington Hills, Michigan. The FES Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11.    The FES Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.    The FES Defendants admit that Defendant Youth Financial Literacy Foundation ("YFL") is a Michigan nonprofit corporation, was originally incorporated as MSU Common Sense, Inc., which changed its name to The Thompson Scholarship Foundation, Inc., which changed its name to Patro Scholarship Foundation, Inc., which changed its name to Youth Financial Literacy Foundation, has also done business as American Credit Education Services, Financial Education, Financial Literacy Education Services, and United Credit Education Services, and transacts or has transacted business in this District, and deny the remainder of the allegations contained in Paragraph 12 of the Complaint.

4

13.   The FES Defendants admit that LK Commercial Lending is a Michigan limited liability company with its principal place of business at 37735 Enterprise Court, Suite 500, Farmington Hills, Michigan, and deny the remainder of the allegations contained in Paragraph 13 of the Complaint.

14.   The FES Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.   The FES Defendants admit that Defendant Parimal Naik is or was an owner, officer, director, or manager of FES, VR-Tech, CM Rent, and LK Commercial Lending, and that Naik resides and transacts or has transacted business in this District, and deny the remainder of the allegations contained in Paragraph 15 of the Complaint.

16.   The FES Defendants admit that Michael Toloff is or was an owner, officer, director, or manager of FES, CM Rent, LK Commercial Lending, and VR-Tech Mgt., and that Michael Toloff transacts or has transacted business in this District, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint.

17.   The FES Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.   The FES Defendants admit that Gerald Thompson was an officer of Youth Financial, and deny knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in Paragraph 18 of the Complaint.

19.    The FES Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

## COMMON ENTERPRISE

20.    Paragraph 20 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, the FES Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## COMMERCE

21.    Paragraph 21 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, the FES Defendants deny the allegations contained in Paragraph 18 of the Complaint.

## DEFENDANTS' UNLAWFUL BUSINESS ACTIVITIES

22.    The FES Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.    The FES Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.    The FES Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.    The FES Defendants deny the allegations contained in Paragraph 25 of the Complaint.

54194051v1

26.     The FES Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     The FES Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     The FES Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     The FES Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     The FES Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     The FES Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     The FES Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     The FES Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     The FES Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     The FES Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    The FES Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    The FES Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.    The FES Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    The FES Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.    The FES Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    The FES Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.    The FES Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    The FES Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    The FES Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    The FES Defendants admit that LK Commercial Lending has never issued any loan or other extension of credit and deny the remaining allegations in

Paragraph 45 of the Complaint.

46.     The FES Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     The FES Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     The FES Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     The FES Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     The FES Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     The FES Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     The FES Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     The FES Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     The FES Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     The FES Defendants deny the allegations contained in Paragraph 55 of

the Complaint.

56.    The FES Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.    The FES Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.    The FES Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.    The FES Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.    The FES Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.    The FES Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.    The FES Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.    The FES Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.    The FES Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.    The FES Defendants deny the allegations contained in Paragraph 65 of

54194051v1

the Complaint.

66.     The FES Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     The FES Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     The FES Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     The FES Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     The FES Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     The FES Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     The FES Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     The FES Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Paragraph 72 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, the FES Defendants deny the allegations contained in Paragraph 72 of the Complaint.

## VIOLATIONS OF THE FTC ACT

75.     With regard to the allegations contained in Paragraph 75 of the Complaint, the cited legal provision speaks for itself, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

76.     Paragraph 76 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, the FES Defendants deny the allegations contained in Paragraph 76 of the Complaint.

## COUNT I
### Misrepresentations Regarding Credit Repair Services

77.     The FES Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     The FES Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     The FES Defendants deny the allegations contained in Paragraph 79 of the Complaint.

## COUNT II
### Illegal Pyramid

80.     The FES Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     The FES Defendants deny the allegations contained in Paragraph 81 of

the Complaint.

**COUNT III**
**Misrepresentations Regarding Investment Opportunities**

82.     The FES Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     The FES Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     The FES Defendants deny the allegations contained in Paragraph 84 of the Complaint.

**COUNT IV**
**Means and Instrumentalities**

85.     The FES Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     The FES Defendants deny the allegations contained in Paragraph 86 of the Complaint.

**VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**

87.     With regard to the allegations contained in Paragraph 87 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

13

88.     With regard to the allegations contained in Paragraph 88 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

89.     With regard to the allegations contained in Paragraph 89 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

90.     The FES Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     With regard to the allegations contained in Paragraph 91 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

92.     With regard to the allegations contained in Paragraph 92 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants

14

respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

93.     With regard to the allegations contained in Paragraph 93 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

94.     With regard to the allegations contained in Paragraph 94 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

95.     With regard to the allegations contained in Paragraph 95 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

96.     With regard to the allegations contained in Paragraph 96 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants

respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

97.    With regard to the allegations contained in Paragraph 97 of the Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

98.    Paragraph 98 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, the FES Defendants deny the allegations contained in Paragraph 98 of the Complaint.

## COUNT V
### Misrepresentations Regarding Credit Repair Services

99.    The FES Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.   The FES Defendants deny the allegations contained in Paragraph 100 of the Complaint.

## COUNT VI
### Violation of Prohibition against Charging Advanced Fees for Credit Repair Services

101.   The FES Defendants deny the allegations contained in Paragraph 101 of the Complaint.

54194051v1

102.   The FES Defendants deny the allegations contained in Paragraph 102 of the Complaint.

## COUNT VII
**Failure to Make Required Disclosures**

103.   The FES Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.   The FES Defendants deny the allegations contained in Paragraph 104 of the Complaint.

## COUNT VIII
**Failure to Obtain Signed Contracts from Consumers**

105.   The FES Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.   The FES Defendants deny the allegations contained in Paragraph 106 of the Complaint.

## COUNT IX
**Failure to Include Required Terms and Conditions in Contracts**

107.   The FES Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.   The FES Defendants deny the allegations contained in Paragraph 108 of the Complaint.

54194051v1

Case No. 2:22-cv-11120-BAF-APP

## COUNT X
### Failure to Provide Cancellation Form

109. The FES Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. The FES Defendants deny the allegations contained in Paragraph 110 of the Complaint.

## COUNT XI
### Failure to Provide Consumers with Copy of Contract and Other Disclosures

111. The FES Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. The FES Defendants deny the allegations contained in Paragraph 112 of the Complaint.

## VIOLATIONS OF THE TELEMARKETING SALES RULE

113. With regard to the allegations contained in Paragraph 113 of the Complaint, provisions of the Telemarketing Act and Telemarketing Sales Rule speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

114. With regard to the allegations contained in Paragraph 114 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants

18

respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

115.    With regard to the allegations contained in Paragraph 115 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and the FES Defendants deny any characterization thereof.   The FES Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

116.    With regard to the allegations contained in Paragraph 116 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and the FES Defendants deny any characterization thereof.   The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

117.    With regard to the allegations contained in Paragraph 117 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and the FES Defendants deny any characterization thereof.   The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

118.    With regard to the allegations contained in Paragraph 118 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and the FES Defendants deny any characterization thereof.   The FES Defendants

respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

119.   With regard to the allegations contained in Paragraph 119 of the Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and the FES Defendants deny any characterization thereof.   The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

120.   Paragraph 120 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, the FES Defendants deny the allegations contained in Paragraph 120 of the Complaint.

## COUNT XII
### Misrepresentations Regarding Credit Repair Services

121.   The FES Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.   The FES Defendants deny the allegations contained in Paragraph 122 of the Complaint.

## COUNT XIII
### Misrepresentations Regarding Investment Opportunities

123.   The FES Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.   The FES Defendants deny the allegations contained in Paragraph 124

of the Complaint.

## COUNT XIV
### Violation of Prohibition against Charging Advanced Fees for Credit Repair Services

125. The FES Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. The FES Defendants deny the allegations contained in Paragraph 126 of the Complaint.

## VIOLATIONS OF THE FCRA

127. With regard to the allegations contained in Paragraph 127 of the Complaint, provisions of the Fair Credit Reporting Act, the Fair and Accurate Credit Transactions Act, and the Dodd-Frank Act, speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

128. With regard to the allegations contained in Paragraph 128 of the Complaint, provisions of the Fair Credit Reporting Act speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

129. With regard to the allegations contained in Paragraph 129 of the

Complaint, provisions of the Fair Credit Reporting Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

130.   With regard to the allegations contained in Paragraph 130 of the Complaint, provisions of the Fair Credit Reporting Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

131.   With regard to the allegations contained in Paragraph 131 of the Complaint, provisions of the Fair Credit Reporting Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

132.   With regard to the allegations contained in Paragraph 132 of the Complaint, provisions of the Fair Credit Reporting Act speak for themselves, and the FES Defendants deny any characterization thereof.  The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

133.   With regard to the allegations contained in Paragraph 133 of the

Complaint, provisions of the Fair Credit Reporting Act speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

134. With regard to the allegations contained in Paragraph 134 of the Complaint, provisions of the Fair Credit Reporting Act speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

135. With regard to the allegations contained in Paragraph 135 of the Complaint, provisions of the Fair Credit Reporting Act speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

## COUNT XV
### Falsely Certifying Permissible Purpose

136. The FES Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137. The FES Defendants deny the allegations contained in Paragraph 137 of the Complaint.

## VIOLATIONS OF THE GLB ACT

138.   With regard to the allegations contained in Paragraph 138 of the Complaint, provisions of the GLB Act speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

139.   With regard to the allegations contained in Paragraph 139 of the Complaint, provisions of the GLB Act speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

140.   With regard to the allegations contained in Paragraph 140 of the Complaint, provisions of the GLB Act speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

141.   With regard to the allegations contained in Paragraph 141 of the Complaint, provisions of the GLB Act speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of

54194051v1

its contents.

142.   With regard to the allegations contained in Paragraph 138 of the Complaint, provisions of the GLB Act speak for themselves, and the FES Defendants deny any characterization thereof. The FES Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents.

## COUNT XVI
## Use of False Statements to Obtain Customer Information

143.   The FES Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.   The FES Defendants deny the allegations contained in Paragraph 144 of the Complaint.

## COUNT XVII – RELIEF DEFENDANT

145.   The FES Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 145 of the Complaint.

146.   The FES Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 146 of the Complaint.

147.   The FES Defendants deny knowledge or information sufficient to form

54194051v1

a belief as to the truth of the remaining allegations contained in Paragraph 147 of the Complaint.

## CONSUMER INJURY

148.   The FES Defendants deny the allegations contained in Paragraph 148 of the Complaint.

## PRAYER FOR RELIEF

The FES Defendants deny that Plaintiff is entitled to any relief, and demand entry of judgment in their favor.

## THE FES DEFENDANTS' AFFIRMATIVE DEFENSES

The FES Defendants assert the following affirmative defenses in accordance with Rule 8 and 12 of the Federal Rules of Civil Procedure:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that, without admitting any violation of any law, some or all of the allegedly violative statements alleged in the Complaint, if such statements were made, were not false or misleading statements of material fact, but were good faith sales practices, including, without limitation, reasonable statements of opinion and/or puffing.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted under Section 5 of

26

the FTC Act, 15 U.S.C. § 45(a).  Plaintiff has failed to demonstrate that any material representations of any of the FES Defendants were likely to mislead customers acting reasonably under the circumstances.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted under the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, or the Telemarketing Sales Rule, 16 C.F.R. Part 310.  Among other things, Plaintiff has failed to demonstrate that any of the alleged conduct relates to "telemarketing."

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted under the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j.  Among other things, Plaintiff has failed to and cannot demonstrate that any of the Defendants is a "credit repair organization," in particular YFL, which is a "nonprofit organization which is exempt from taxation under section 501(c)(3) of title 26," cannot be a "credit repair organization," and therefore exempt from CROA.  15 U.S.C. § 1679a(3)(B)(i).

## FIFTH AFFIRMATIVE DEFENSE

Any injury or harm to any individual consumer or to the public in general

27

alleged by the Plaintiff in the Complaint was caused by acts or omissions of a third-party over which Defendants had no authority or control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of mistake of law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of consumer redress or injury given the value of the products and services consumers received, the moneys they earned, and any refunds issued relating to the practices at issue.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or parts thereof, are barred by the doctrine of accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

Without admitting any violations occurred, any alleged violations by the FES Defendants, if any such violations occurred on their behalf, did not rise to the level of demonstrating the likelihood of repetition required to support injunctive relief against the FES Defendants.

Case No. 2:22-cv-11120-BAF-APP

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks equitable relief, the balance of equities tips in favor of the FES Defendants, as imposition of such relief would cause undue hardship to the FES Defendants.

## TWELTFH AFFIRMATIVE DEFENSE

Plaintiff's claims against the FES Defendants for any monetary equitable relief are barred as Plaintiff has no right to such relief given the plain language of the Federal Trade Commission Act, 15 U.S.C. §§ 41-58.  *See AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341 (2021).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Naik are barred, in whole or in part, as there is no individual or personal liability under the Federal Trade Commission Act, 15 U.S.C. §§ 41 *et seq.,* the Telemarketing and Consumer Fraud and Abuse Act, 15 U.S.C. §§ 6101-6108, the Telemarketing Sales Rule, 16 C.F.R. Part 310, or the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, regardless of whether any corporate entities may have any such liability, with none being admitted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the FES Defendants for any monetary relief are limited by the three-year statute of limitations imposed in section 19 of the FTC Act.

54194051v1

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the FES Defendants for any monetary relief is limited to actual consumer loss, and the value of the services that consumers did receive must be accounted for in the calculation of any damage request.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted under the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j.  Plaintiff is without authority to contest the tax exempt status of a nonprofit corporation granted by the Internal Revenue Service under § 501(c)(3), as that authority resides solely with the Internal Revenue Service. *See, e.g.*, 26 U.S.C. § 7428. No provision of the Internal Revenue Code authorizes the FTC to challenge a determination made under 501(c)(3), operationally or otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Court is without subject matter jurisdiction to consider a challenge to the tax exempt status of YFL.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the FES Defendants for any monetary relief are limited and/or unavailable, as the FTC can only seek damages related to a violation of a rule under the FTFC Act respecting unfair and deceptive practices, or a final

54194051v1

cease and desist order which is applicable to the FES Defendants, neither of which exist.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is without authority to seek damages against the FES Defendants as any alleged conduct by the FES Defendants did not, and was not likely, to cause substantial injury to consumers which was not reasonably avoidable by consumers themselves and not outweighed by the countervailing benefits to consumers.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FCRA are barred because consumers provided express written consent for requesting their credit reports.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's action against YFL is barred as YFL is not a "corporation organized to carry on business for its own profit or that of its members."

**WHEREFORE**, Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, LK Commercial Lending, and Parimal Naik respectfully request that this Court enter judgment against Plaintiff and in favor of the FES Defendants, dismiss this action with prejudice, and for such other relief this Court deems just and proper.

31

Dated:   April 24, 2023                    Respectfully submitted,

                                            /s/  Richard W. Epstein
                                           RICHARD W. EPSTEIN
                                           ROY TAUB
                                           Greenspoon Marder LLP
                                           200 E. Broward Blvd., Suite 1800
                                           Fort Lauderdale, FL 33301
                                           Telephone: 954-491-1120
                                           Facsimile: 954-333-4027
                                           richard.epstein@gmlaw.com
                                           roy.taub@gmlaw.com

                                           MATTHEW S. RAPKOWSKI
                                           Greenspoon Marder LLP
                                           590 Madison Avenue, Suite 1800
                                           New York, New York 10022
                                           Telephone: 212-524-5000
                                           Facsimile: 212-524-5050
                                           matthew.rapkowski@gmlaw.com

                                           GEORGE S. FISH
                                           Young Basile Hanlon & MacFarlane, P.C.
                                           3001 W. Big Beaver Road, Suite 624
                                           Troy, MI 48084
                                           fish@youngbasile.com

                                           *Attorneys for Defendants Financial
                                           Education Services, Inc., United Wealth
                                           Services, Inc., VR-Tech, LLC, Youth
                                           Financial Literacy Foundation, LK
                                           Commercial Lending and
                                           Parimal Naik*

Case No. 2:22-cv-11120-BAF-APP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 24, 2023, a true and correct copy of the foregoing was served on all counsel of record via ECF.

*/s/ Richard W. Epstein*
RICHARD W. EPSTEIN

33