PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL TRADE COMMISSION,

        Plaintiff,               Case No. 2:22-cv-11120-BAF-APP

        v.                  Hon. Bernard A. Friedman

FINANCIAL EDUCATION SERVICES, INC., *et al.*,

        Defendants.

_____

## DEFENDANT, GERALD THOMPSON'S, ONLY, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant, GERALD THOMPSON, only, by and through his Attorneys, **Pentiuk, Couvreur & Kobiljak, P.C.**, ("Thompson") and hereby files his Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and states as follows:

## ANSWER

1.    Thompson admits that Plaintiff purports to bring this action under the Federal Trade Commission Act ("FTC Act"), the Credit Repair Organizations Act ("CROA"), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), the Fair Credit Reporting Act ("FCRA"), the Gramm-Leach-Bliley Act ("GLB Act") and the FTC's Telemarketing Sales Rule ("TSR").

1

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## SUMMARY OF THE CASE

2.    Thompson denies the allegations contained in Paragraph 2 of the First Amended Complaint.

3.    Thompson denies the allegations contained in Paragraph 3 of the First Amended Complaint

## JURISDICTION AND VENUE

4.    Paragraph 4 of the First Amended Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Thompson denies the allegations contained in Paragraph 4 of the First Amended Complaint.

5.    Paragraph 5 of the First Amended Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Thompson denies the allegations contained in Paragraph 5 of the First Amended Complaint.

## PLAINTIFF

6.    With regard to the allegations contained in Paragraph 6 of the First Amended Complaint, the cited legal provisions speak for themselves, and Thompson denies any characterization thereof.  Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## DEFENDANTS

7.      Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the First Amended Complaint.

8.      Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint.

9.      Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the First Amended Complaint.

10.     Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the First Amended Complaint.

11.     Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Amended Complaint.

12.     Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the First Amended Complaint.

13. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Complaint.

14. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Complaint.

15. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint.

16. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint.

17. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint.

18. Thompson admits he was formerly the President and a Director in title only of Defendant Youth Financial Literacy Foundation ("YFLF"), a 501(c)(3) exempt corporation and his digital signature automatically appeared on YFLF checks without him seeing or preauthorizing them. Denied that Thompson was ever an owner or manager of YFLF.  Denied that Thompson was an owner,

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

officer, director or manager of FES at any time relevant to the Complaint. Thompson admits that he resides and transacts business in this District. Denied that Thompson as President or Director of YFLF had authority to organize or carry on the business of YFLF to ensure compliance with the Acts referenced in Plaintiff's first amended complaint. Denied that Thompson's opinion as an attorney was sought regarding the Acts referenced in Plaintiff's first amended complaint. Thompson denies the remainder of the allegations contained in Paragraph 18 of the First Amended Complaint.

19.     Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Complaint.

## COMMON ENTERPRISE

20.     Paragraph 20 of the First Amended Complaint states legal conclusions as to which no response is required. To the extent a response is required, Thompson denies the allegations contained in Paragraph 20 of the First Amended Complaint.

## COMMERCE

21.     Paragraph 21 of the First Amended Complaint states legal conclusions as to which no response is required. To the extent a response is

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

required, Thompson denies the allegations contained in Paragraph 21 of the First Amended Complaint.

### DEFENDANTS' UNLAWFUL BUSINESS ACTIVITIES
### Defendants' Unlawful Credit Repair Services
### *Defendants' Deceptive Internet and Social Media Claims*

22.     Thompson denies the allegations contained in Paragraph 22 of the First Amended Complaint.

23.     Thompson denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24.     Thompson denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25.     Thompson denies the allegations contained in Paragraph 25 of the First Amended Complaint.

### *Defendants' Deceptive Telemarketing Activity*

26.     Thompson denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27.     Thompson denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28.     Thompson denies the allegations contained in Paragraph 28 of the First Amended Complaint.

### *Defendants' COVID-Related Claims*

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

29.    Thompson denies the allegations contained in Paragraph 29 of the First Amended Complaint.

30.    Thompson denies the allegations contained in Paragraph 30 of the First Amended Complaint.

### *Defendants' Unlawful Enrollment Process*

31.    Thompson denies the allegations contained in Paragraph 31 of the First Amended Complaint.

32.    Thompson denies the allegations contained in Paragraph 32 of the First Amended Complaint.

33.    Thompson denies the allegations contained in Paragraph 33 of the First Amended Complaint.

34.    Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the First Amended Complaint.

35.    Thompson denies the allegations contained in Paragraph 35 of the First Amended Complaint.

36.    Thompson denies the allegations contained in Paragraph 36 of the First Amended Complaint.

37.    Thompson denies the allegations contained in Paragraph 37 of the First Amended Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

*Defendants Unlawfully Obtain Consumers' Credit Reports*

38.    Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the First Amended Complaint.

39.    Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the First Amended Complaint.

40.    Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the First Amended Complaint.

41.    Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the First Amended Complaint.

42.    Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the First Amended Complaint.

43.    Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the First Amended Complaint.

44.    Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the First Amended Complaint.

45.    Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the First Amended Complaint.

### *Defendants Do Not Follow Through on Credit Repair Promises*

46.    Thompson denies the allegations contained in Paragraph 46 of the First Amended Complaint.

47.    Thompson denies the allegations contained in Paragraph 47 of the First Amended Complaint.

48.    Thompson denies the allegations contained in Paragraph 48 of the First Amended Complaint.

### **Defendants' Unlawful Investment Opportunity and Pyramid Scheme**

49.    Thompson denies the allegations contained in Paragraph 49 of the First Amended Complaint.

### *Defendants' Deceptive Internet and Social Media Claims*

50.    Thompson denies the allegations contained in Paragraph 50 of the First Amended Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. · ATTORNEYS AND COUNSELLORS AT LAW · EDELSON BUILDING, SUITE 200 · 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 · (734) 281-7100

51.     Thompson denies the allegations contained in Paragraph 51 of the First Amended Complaint.

52.     Thompson denies the allegations contained in Paragraph 52 of the First Amended Complaint.

53.     Thompson denies the allegations contained in Paragraph 53 of the First Amended Complaint.

### Defendants' Deceptive Telemarketing Activity

54.     Thompson denies the allegations contained in Paragraph 54 of the First Amended Complaint.

### Defendants' COVID-Related Claims

55.     Thompson denies the allegations contained in Paragraph 55 of the First Amended Complaint.

### Signup Process

56.     Thompson denies the allegations contained in Paragraph 56 of the First Amended Complaint.

57.     Thompson denies the allegations contained in Paragraph 57 of the First Amended Complaint.

### Defendants Provide Consumers with Deceptive Advertising Materials

58.     Thompson denies the allegations contained in Paragraph 58 of the First Amended Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

59.     Thompson denies the allegations contained in Paragraph 59 of the First Amended Complaint.

60.     Thompson denies the allegations contained in Paragraph 60 of the First Amended Complaint.

### *Defendants' Investment Opportunity Is an Illegal Pyramid Scheme*

61.     Thompson denies the allegations contained in Paragraph 61 of the First Amended Complaint.

62.     Thompson denies the allegations contained in Paragraph 62 of the First Amended Complaint.

63.     Thompson denies the allegations contained in Paragraph 63 of the First Amended Complaint.

64.     Thompson denies the allegations contained in Paragraph 64 of the First Amended Complaint.

65.     Thompson denies the allegations contained in Paragraph 65 of the First Amended Complaint.

66.     Thompson denies the allegations contained in Paragraph 66 of the First Amended Complaint.

67.     Thompson denies the allegations contained in Paragraph 67 of the First Amended Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

68.    Thompson denies the allegations contained in Paragraph 68 of the First Amended Complaint.

69.    Thompson denies the allegations contained in Paragraph 69 of the First Amended Complaint.

70.    Thompson denies the allegations contained in Paragraph 70 of the First Amended Complaint.

71.    Thompson denies the allegations contained in Paragraph 71 of the First Amended Complaint.

72.    Thompson denies the allegations contained in Paragraph 72 of the First Amended Complaint.

### Consumer Harm

73.    Thompson denies the allegations contained in Paragraph 73 of the First Amended Complaint.

### Ongoing Nature of Defendants' Unlawful Practices

74.    Thompson denies the allegations contained in Paragraph 74 of the First Amended Complaint.

### VIOLATIONS OF THE FTC ACT

75.    With regard to the allegations contained in Paragraph 75 of the First Amended Complaint, the cited legal provision speaks for itself, and Thompson

denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provision for a complete and accurate statement of its contents.

76. Paragraph 76 of the First Amended Complaint states legal conclusions as to which no response is required. To the extent a response is required, Thompson denies the allegations contained in Paragraph 76 of the First Amended Complaint.

## COUNT I
### Misrepresentations Regarding Credit Repair Services

77. Thompson denies the allegations contained in Paragraph 77 of the First Amended Complaint.

78. Thompson denies the allegations contained in Paragraph 78 of the First Amended Complaint.

79. Thompson denies the allegations contained in Paragraph 79 of the First Amended Complaint.

## COUNT II
### Illegal Pyramid

80. Thompson denies the allegations contained in Paragraph 80 of the First Amended Complaint.

81. Thompson denies the allegations contained in Paragraph 81 of the First Amended Complaint.

13

## COUNT III
## Misrepresentations Regarding Investment Opportunities

82.    Thompson denies the allegations contained in Paragraph 82 of the First Amended Complaint.

83.    Thompson denies the allegations contained in Paragraph 83 of the First Amended Complaint.

84.    Thompson denies the allegations contained in Paragraph 84 of the First Amended Complaint.

## COUNT IV
## Means and Instrumentalities

85.    Thompson denies the allegations contained in Paragraph 85 of the First Amended Complaint.

86.    Thompson denies the allegations contained in Paragraph 86 of the First Amended Complaint.

## VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

87.    With regard to the allegations contained in Paragraph 87 of the First Amended Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

88.     With regard to the allegations contained in Paragraph 88 of the First Amended Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

89.     With regard to the allegations contained in Paragraph 89 of the First Amended Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

90.     Thompson denies the allegations contained in Paragraph 90 of the First Amended Complaint.

91.     With regard to the allegations contained in Paragraph 91 of the First Amended Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

92.     With regard to the allegations contained in Paragraph 92 of the First Amended Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.   Thompson

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

93. With regard to the allegations contained in Paragraph 93 of the First Amended Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

94. With regard to the allegations contained in Paragraph 94 of the First Amended Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

95. With regard to the allegations contained in Paragraph 95 of the First Amended Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof. Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

96. With regard to the allegations contained in Paragraph 96 of the First Amended Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof. Thompson

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

97.     With regard to the allegations contained in Paragraph 97 of the First Amended Complaint, provisions of the Credit Repair Organizations Act speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

98.     Paragraph 98 of the First Amended Complaint states legal conclusions as to which no response is required.   To the extent a response is required, Thompson denies the allegations contained in Paragraph 98 of the First Amended Complaint.

## COUNT V
## Misrepresentations Regarding Credit Repair Services

99.     Thompson denies the allegations contained in Paragraph 99 of the First Amended Complaint.

100.   Thompson denies the allegations contained in Paragraph 100 of the First Amended Complaint.

## COUNT VI
## Violation of Prohibition against Charging Advanced Fees for Credit Repair Services

101.   Thompson denies the allegations contained in Paragraph 101 of the First Amended Complaint.

17

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

102.    Thompson denies the allegations contained in Paragraph 102 of the First Amended Complaint.

## COUNT VII
## Failure to Make Required Disclosures

103.    Thompson denies the allegations contained in Paragraph 103 of the First Amended Complaint.

104.    Thompson denies the allegations contained in Paragraph 104 of the First Amended Complaint.

## COUNT VIII
## Failure to Obtain Signed Contracts from Consumers

105.    Thompson denies the allegations contained in Paragraph 105 of the First Amended Complaint.

106.    Thompson denies the allegations contained in Paragraph 106 of the First Amended Complaint.

## COUNT IX
## Failure to Include Required Terms and Conditions in Contracts

107.    Thompson denies the allegations contained in Paragraph 107 of the First Amended Complaint.

108.    Thompson denies the allegations contained in Paragraph 108 of the First Amended Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## COUNT X
## Failure to Provide Cancellation Form

109.   Thompson denies the allegations contained in Paragraph 109 of the First Amended Complaint.

110.   Thompson denies the allegations contained in Paragraph 110 of the First Amended Complaint.

## COUNT XI
## Failure to Provide Consumers with Copy of Contract and Other Disclosures

111.   Thompson denies the allegations contained in Paragraph 111 of the First Amended Complaint.

112.   Thompson denies the allegations contained in Paragraph 112 of the First Amended Complaint.

## VIOLATIONS OF THE TELEMARKETING SALES RULE

113.   With regard to the allegations contained in Paragraph 113 of the First Amended Complaint, provisions of the Telemarketing Act and Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof.  Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

114.   With regard to the allegations contained in Paragraph 114 of the First Amended Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof.   Thompson

respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

115.   With regard to the allegations contained in Paragraph 115 of the First Amended Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

116.   With regard to the allegations contained in Paragraph 116 of the First Amended Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provision for a complete and accurate statement of their contents.

117.   With regard to the allegations contained in Paragraph 117 of the First Amended Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provision for a complete and accurate statement of their contents.

118.   With regard to the allegations contained in Paragraph 118 of the First Amended Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof.   Thompson

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

respectfully refers the Court to the cited legal provision for a complete and accurate statement of their contents.

119.   With regard to the allegations contained in Paragraph 119 of the First Amended Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provision for a complete and accurate statement of their contents.

120.   With regard to the allegations contained in Paragraph 120 of the First Amended Complaint, provisions of the Telemarketing Sales Rule speak for themselves, and Thompson denies any characterization thereof.   Thompson respectfully refers the Court to the cited legal provisions for a complete and accurate statement of their contents.

**COUNT XII**
**Misrepresentations Regarding Credit Repair Services**

121.   Thompson denies the allegations contained in Paragraph 121 of the First Amended Complaint.

122.   Thompson denies the allegations contained in Paragraph 122 of the First Amended Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## COUNT XIII
## Misrepresentations Regarding Investment Opportunities

123.   Thompson denies the allegations contained in Paragraph 123 of the First Amended Complaint.

124.   Thompson denies the allegations contained in Paragraph 124 of the First Amended Complaint.

## COUNT XIV
## Violation of Prohibition against Charging Advanced Fees for Credit Repair Services

125.   Thompson denies the allegations contained in Paragraph 125 of the First Amended Complaint.

126.   Thompson denies the allegations contained in Paragraph 126 of the First Amended Complaint.

## VIIOLATIONS OF THE FCRA

127.   Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the First Amended Complaint.

128.   Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the First Amended Complaint.

22

129. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the First Amended Complaint.

130. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the First Amended Complaint.

131. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the First Amended Complaint.

132. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the First Amended Complaint.

133. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the First Amended Complaint.

134. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the First Amended Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

135.   Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the First Amended Complaint.

## COUNT XV
## Falsely Certifying Permissible Purpose

136.   Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the First Amended Complaint.

137.   Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the First Amended Complaint.

## VIOLATIONS OF THE GLB ACT

138.   Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the First Amended Complaint.

139.   Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the First Amended Complaint.

140.   Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the First Amended Complaint.

24

141. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the First Amended Complaint.

142. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the First Amended Complaint.

## COUNT XVI
## Use of False Statements to Obtain Customer Information

143. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the First Amended Complaint.

144. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the First Amended Complaint.

## COUNT XVII – RELIEF DEFENDANT

145. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the First Amended Complaint.

146. Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the First Amended Complaint.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

147.   Thompson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the First Amended Complaint.

## CONSUMER INJURY

148.   Thompson denies the allegations contained in Paragraph 148 of the First Amended Complaint.

## PRAYER FOR RELIEF

Thompson denies that Plaintiff is entitled to any relief, and demands entry of judgment in their favor.

## THOMPSON'S AFFIRMATIVE DEFENSES

Thompson asserts the following affirmative defenses in accordance with Rules 8 and 12 of the Federal Rules of Civil Procedure.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that, without admitting that any violation of any law, some or all of the allegedly violative statements alleged in the First Amended Complaint, if such statements were made, were not false or misleading statements of material fact, but were good faith sales practices.

26

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the First Amended Complaint fails to state a claim upon which relief can be granted under Section 5 of the FTC Act, 15 U.S.C. § 45(a). Plaintiff has failed to demonstrate that any material representations of Thompson's were likely to mislead customers acting reasonably under the circumstances pursuant to Section 5.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the First Amended Complaint fails to state a claim upon which relief can be granted under the Telemarketing and Consumer Fraud and Abuse Act, 15 U.S.C. §§ 6101-6108, or the Telemarketing Sales Rule, 16 C.F.R. Part 310. Among other things, Plaintiff has failed to demonstrate that any of the alleged conduct relates to "telemarketing."

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the First Amended Complaint fails to state a claim upon which relief can be granted under the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j. Plaintiff has failed to and cannot demonstrate that Thompson is a "credit repair organization," in particular, Thompson, who is an individual and President/Director of Defendant Youth YFLF, which is a "nonprofit organization which is exempt from taxation

under section 501(c)(3) of title 26," and therefore cannot be a "credit repair organization."  15 U.S.C. §§ 1679a(3)(B)(i).

### FIFTH AFFIRMATIVE DEFENSE

Any injury or harm to any individual consumer or to the public in general alleged by the Plaintiff in the First Amended Complaint was caused by the acts or omissions of a third-party over which Thompson had no authority or control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of mistake or law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of consumer redress or injury given the value of the products and services consumers received, the moneys they earned, and any refunds issued relating to the practices at issue.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## TENTH AFFIRMATIVE DEFENSE

Without admitting any violations occurred, any alleged violations by Thompson, if any such violations occurred on his behalf, did not rise to the level demonstrating the likelihood of repetition required to support injunctive relief against Thompson.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks equitable relief, the balance of equities tips in favor of Thompson, as imposition of such relief would cause undue hardship to Thompson.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson for any monetary equitable relief are barred as Plaintiff has no right to such relief given the plain language of the Federal Trade Commission Act, 15 U.S.C. §§ 41-58.  *See AMG Cap. Mgmt., LLC v. Fed. Trade Comm.*, 144 S. Ct. 1341 (2021).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson are barred, in whole or in part, as there is no individual or personal liability under the Telemarketing and Consumer Fraud and Abuse Act, 15 U.S.C. §§ 6101-6108, the Telemarketing Sales Rule, 16 C.F.R. Part 310, or the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j,

regardless of whether any corporate entities may have any such liability, with none being admitted.

## FOURTEENTH AFFIRMATIVE DEFENSE

YFLF is exempt from CROA because on December 31, 2003, MSU Common Sense Inc., as YFLF was then known, received a determination from the Internal Revenue Service ("IRS") that it was exempt from federal income tax under section 501(a) of the Internal Revenue Code as an organization described in section 501(c)(3). The IRS reconfirmed this 501(c)(3) classification for YFLF on August 23, 2010, after its name change to YFLF.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has admitted that Youth Financial was originally incorporated as MSU Common Sense, Inc., which changed its name to The Thompson Scholarship Foundation, Inc., which changed its name to Patro Scholarship Foundation, Inc., which changed its name to Youth Financial." ECF No. 1, PageID.7. Thus, Plaintiff's admission bars any challenge to YFLF's status as a federal tax-exempt entity and as a Michigan nonprofit corporation.

## SIXTEETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the grounds that the Complaint fails to state a claim upon which relief can be granted because

30

Defendant Thompson is neither a Telemarketer nor Seller under the Telemarketing Sales Rule.

### SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the ground that the Complaint fails to state a claim upon which relief can be granted because the FTC fails to allege any illegal pyramid involving Defendant Thompson.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for monetary damages against Thompson are barred because Thompson is a volunteer President/Director as per MCL 450.2110, MCL 450.2209(1)(d) and MCL 450.2541(6) of Defendant Youth Financial Literacy Foundation ("YFLF"), a 501(c)(3) tax exempt Michigan nonprofit corporation and therefore has no individual liability.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's CROA claims are barred in whole or in part on the ground that pursuant to MCL 450.2106, YFLF is a "Charitable purpose corporation" because it: (a) Is recognized by the United States internal revenue service as exempt or qualifies for exemption under section 501(c)(3) of the internal revenue code of 1986, 26 USC 501; and (b) Is a corporation whose purposes, structure, and activities are exclusively those that are described in section 501(c)(3) of the

internal revenue code of 1986, 26 USC 501. This IRS recognition binds the

Plaintiff FTC.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson are barred by MCL 450.2556 because

YFLF's articles of incorporation contain the provision authorized under MCL

450.2209(e), and Thompson is a volunteer officer and director. Consequently, a

claim for monetary damages for a volunteer director, volunteer officer, or other

volunteer's acts or omissions shall not be brought or maintained against a

volunteer director, volunteer officer, or other volunteer. The claim shall be

brought and maintained against the corporation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims challenging the nonprofit status of YFLF are barred

because it is declared to be a nonprofit corporation by state law, specifically and

MCL 450.2106(1)(a) and MCL 450.2108(2), and CROA's reference to

"organized" incorporates state law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims challenging the charitable (IRC 501(c)(3)) status of

YFLF are barred because only the IRS has standing to make that challenge.

Therefore, Plaintiff lacks standing to challenge YFLF's exemption under CROA

(15 USC 1679a(3)(B)(i)) because YFLF is both a nonprofit organization under

32

state law and is exempt from taxation under 26 USC 501(c)(3). Since Defendant Thompson was an officer and director of YFLF, he is exempted from Plaintiff's CROA claims.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson are barred, in whole or in part because Thompson as President or Director of YFLF had no corporate authority to organize or carry on the business of YFLF to ensure compliance with the Acts referenced in Plaintiff's first amended complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson are barred, in whole or in part because Thompson as President or Director of YFLF had no corporate authority to prevent persons, partnerships, or corporations, from using unfair or deceptive acts or practices in or affecting commerce, as wrongfully alleged by Plaintiff. 15 U.S.C. § 45(a)(2).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson are barred, in whole or in part because Thompson as President or Director of YFLF had no corporate authority to organize YFLF to carry on business for its own profit or that of its members, as wrongfully alleged by Plaintiff. 15 U.S.C. § 44.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson are barred, in whole or in part because the First Circuit Court of Appeals' decision in <u>Zimmerman v. Cambridge Credit Counseling Corp.,</u> 409 F.3d 473 (1st Cir. 2005) in both wrongfully decided and non-precedential because it contravenes the statutory text of CROA's unambiguous exclusion from the definition of a credit repair organization "any nonprofit organization which is exempt from taxation under section 501(c)(3)" of the Internal Revenue Code. 15 U.S.C. § 1679a(3)(B)(i).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson are barred, in whole or in part because Thompson did not participate directly in YFLF's alleged deceptive acts or practices, nor did he have the authority to control them, nor did he know or should have known about any alleged deceptive misrepresentations. FTC v. E.M.A. Nationwide, Inc., 767 F.3d 611, 636 (6th Cir. 2014).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Thompson are barred, in whole or in part because Consumers did not actually rely on any acts or practices to their detriment alleged by Plaintiff to be "deceptive acts or practices."

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

Thompson hereby incorporates by reference the affirmative defenses of each and every co-defendant as may be applicable to Thompson at his discretion.

**WHEREFORE**, Defendant, Gerald Thompson, respectfully requests that this Court enter judgment against Plaintiff and in favor of Defendant, Gerald Thompson, dismiss this action with prejudice, award Defendant, Gerald Thompson, his reasonable attorney's fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated:  December 4, 2023.

Respectfully submitted,
**PENTIUK, COUVREUR & KOBILJAK, P.C.**

By:  */s/Kerry L. Morgan*
Kerry L. Morgan (P32645)
*Attorneys for Defendant,*
 *Gerald Thompson, Only*
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
Telephone:  734-281-7100
Facsimile:    734-281-7102
Email: Kmorgan@pck-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 4, 2023, a true and correct copy of the foregoing was served on all counsel of record via ECF.

/s/ *Kerry L. Morgan*
Kerry L. Morgan