IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | |
| Plaintiff, | Case No. 2:22-cv-11120 |
| v. | Hon. Matthew F. Leitman |
| **FINANCIAL EDUCATION SERVICES, INC.,** *et al.*, | |
| Defendants. | |

<u>**UNOPPOSED MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF MONITOR'S AND PROFESSIONAL'S FEES AND COSTS FOR THE TWELFTH APPLICATION PERIOD**</u>

The Monitor, Patrick A. Miles, Jr. ("Monitor"), hereby submits this Unopposed Motion for Order Approving and Authorizing Payment of Monitor's and Professional's Fees and Costs for the twelfth application period, incurred from November 2024 through April 2025. For the reasons stated in the accompanying Brief in Support and attachments hereto, including the Declaration of Patrick A. Miles, Jr., the Monitor respectfully requests that the Court grant this Motion in its entirety and approve and authorize for payment the fees and expenses of the Monitor and professionals working at the direction of the Monitor, including the fees incurred in the Monitor's role as Receiver.

On May 25, 2022, on motion by the Federal Trade Commission ("FTC"), the Court (among other things) entered the appointment of Mr. Miles as Receiver in this

action. On July 18, 2022, the Court entered an Order Denying Motion for Preliminary Injunction, Vacating Temporary Restraining Order, Terminating Asset Freeze, and Converting Receivership to Monitorship, whereby the receivership was terminated and Mr. Miles was appointed as a Monitor for the Monitored Entities (the "Monitorship Order"), as that term is defined in the Monitorship Order. (ECF No. 76). On August 5, 2024, the Court entered an Order for Permanent Injunction against the Monitored Entities, which, among other things, authorized a continuation of the Monitorship for a period of eighteen (18) months after entry of the Order, and which states that the Monitor "shall have all of the powers, duties, and authorities as set forth in the" Monitorship Order. (ECF No. 183, PageID.9145).

The Monitorship Order provides that the Monitor and all personnel hired by the Monitor as authorized in the Monitorship Order "are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Monitored Entities." (ECF No. 76, PageID.5557-5558). The Monitorship Order directs the Monitor to file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation. (*Id.*).

Prior to the filing of this application, the Monitor conferred with counsel for the Monitored Entities and the FTC, and they do not object to the Monitor's request for payment of the fees and costs set forth in the invoices attached hereto.

WHEREFORE, the Monitor respectfully requests that the Court grant this Motion in its entirety and approve and authorize for payment the fees and expenses of the Monitor and professionals working at the direction of the Monitor.

| | |
|---|---|
| Dated: July 15, 2025 | BARNES & THORNBURG LLP |
| | */s/ Anthony C. Sallah*<br>Patrick A. Miles, Jr. (P46379)<br>David A. Hall (P81426)<br>Anthony C. Sallah (P84136)<br>171 Monroe Ave NW, Suite 1000<br>Grand Rapids, Michigan 49503<br>Phone:  (616) 742-3930<br>Facsimile:  (616) 742-3999<br>Patrick.Miles@btlaw.com<br>David.Hall@btlaw.com<br>Anthony.Sallah@btlaw.com<br>*On behalf of the Court-appointed Monitor Patrick A. Miles, Jr.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br><br>    Plaintiff,<br><br>v.<br><br>**FINANCIAL EDUCATION SERVICES, INC.**, *et al.*,<br><br>    Defendants. | Case No. 2:22-cv-11120<br><br>Hon. Matthew F. Leitman |

**BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF MONITOR'S AND PROFESSIONAL'S FEES AND COSTS FOR THE TWELFTH APPLICATION PERIOD**

1

## **STATEMENT OF THE ISSUES PRESENTED**

Whether the Court should enter an order approving and authorizing for payment the fees and expenses of the Monitor and professionals working at the direction of the Monitor, as detailed in the invoices submitted herewith, from November 2024 through April 2025.

Response: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

- Monitorship Order, Paragraph X, ECF No. 76, PageID.5557.

- Order for Permanent Injunction, Monetary Judgment, and Civil Penalty as to Defendants Financial Education Services, Inc., United Wealth Services, Inc., VR-Tech, LLC, Youth Financial Literacy Foundation, LK Commercial Lending LLC, and Parimal Naik, ECF No. 183.

- *Commodity Futures Trading Comm'n v. Aurifex Commodities Rsch. Co.*, No. 1:06-CV-166, 2007 WL 2481015, at *1 (W.D. Mich. Aug. 29, 2007)

## I. INTRODUCTION

This lawsuit was commenced by the FTC on May 23, 2022 with a Complaint for Permanent Injunction, Monetary Relief, and Other Relief (the "Complaint") (ECF No. 1) against Financial Education Services, Inc., United Wealth Services, Inc., VR-TECH, LLC, VR-TECH MGT, LLC, CM Rent Inc., Youth Financial Literacy Foundation, as well as Parimal Naik, Michael Toloff, Christopher Toloff, and Gerald Thompson.

Patrick Miles became temporary receiver under the Court's Temporary Restraining Order entered on May 24, 2022. (ECF No. 10). On July 18, 2022, the Court entered an Order Denying Motion for Preliminary Injunction, Vacating Temporary Restraining Order, Terminating Asset Freeze, and Converting Receivership to Monitorship, whereby the receivership was terminated and Mr. Miles was appointed as a Monitor for the Monitored Entities, as that term is defined in the Monitorship Order. (ECF No. 76). On August 5, 2024, the Court entered an Order for Permanent Injunction against the Monitored Entities, which, among other things, authorized a continuation of the Monitorship for a period of eighteen (18) months after entry of the Order, and which states that the Monitor "shall have all of the powers, duties, and authorities as set forth in the" Monitorship Order. (ECF No. 183, PageID.9145).

As evidenced by the detailed billing records which accompany the Declaration of Patrick Miles in support of this Motion ("Miles Declaration") attached as **Exhibit A**, the relevant billing period was marked by the need for the Monitor to continue to render continued services in furtherance of the monitorship, including, among other things: continued review of business, operational and financial related documentation; preparation for and observance of additional company events and presentations; review and analysis of company compliance documentation and weekly compliance reports; review of company personnel, including agents; continued interactions with company representatives concerning, among other things, compliance and financial related matters; and continued preparations for the Monitor's reporting to the Court on the Monitored Entities' activities.

The services of Riveron RTS, LLC ("Riveron"), are summarized separately below and described in the detailed billing records attached as exhibits to the Miles Declaration.

## II. SUMMARY OF THE SERVICES OF THE MONITOR AND PROFESSIONALS

The Monitor seeks payment of the Monitor's fees and costs and of those professionals working at the direction of the Monitor, as set forth in the Monitor, and Riveron invoices attached to the Miles Declaration. The invoices from the Monitor, the Monitor's team at Barnes & Thornburg and Riveron cover the time

4

period from November 2024 through April 2025, with the exception of one invoice for the receivership, Invoice 3322338 for work performed from August 13, 2024 to September 6, 2024. The period from November 2024 through April 2025, and the period for the receivership invoice, is referred to herein as the "Reporting Period."

During the Reporting Period, as set forth in the invoice and time entries attached as **Exhibit 1** to the Miles Declaration, the Monitor and professionals working at the direction of the Monitor from Barnes & Thornburg incurred fees and costs in the amount of: (i) $1,532.00 from November 1, 2024 through November 30, 2024; (ii) $1,148.00 from December, 2024 through December 31, 2024; (iii) $18,366.64 from January 1, 2025 through January 31, 2025; (iv) $61,374.55 from February 1, 2025 through February 28, 2025; and (v) $38,800.23 from March 1, 2025 through April 30, 2025. Furthermore, Mr. Miles, as Receiver, incurred fees in the amount of $1,524.00 from August 13, 2024 to September 6, 2024. (*See* Invoice 3322338).

Additionally, the Monitor submits the invoices attached as **Exhibit 2** to the Miles Declaration for Riveron totaling fees and costs during the Reporting Period in the amount of: (i) $3,780.00 from November 1, 2025 through November 30, 2025; (ii) $2,835.00 from December 1, 2024 through December 31, 2024; (iii) $8,032.50 from January 1, 2025 to January 31, 2025; (iv) $10,366.04 from February 1, 2025

5

through February 28, 2025; and (v) $10,158.75 from March 1, 2025 through March 31, 2025.

The tasks performed by the Monitor team during the Reporting Period, in addition to the items summarized above, included assessing and analyzing documents and information provided by the Monitored Entities, reviewing continued compliance-related documentation and weekly compliance reports, conducting interviews of employees/agents, drafted prior motions for professional fees, attended annual national convention, etc. These tasks were necessary and reasonable to carry out the Monitor's duties to monitor the Monitored Entities' compliance with (1) the Monitorship Order, (2) Section 5 of the FTC Act, 15 U.S.C. § 45, the Credit Repair Organizations Act, 15 U.S.C. § 1679- 1679*l*, and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310, and (3) all other laws, rules, and regulations. (Monitorship Order, ECF No. 76, PageID.5551).

Similarly, Riveron engaged in necessary tasks during the Reporting Period. Riveron has continued to review and analyze the Monitored Entities' financial transactions, communicate regarding same, reviewed compliance-related documentation of the company, and prepared for and attended the annual national convention.

### III. THE FEES AND COSTS OF THE MONITOR AND PROFESSIONALS ARE REASONABLE AND SHOULD BE PAID AS REQUESTED

The Monitorship Order provides that the Monitor and personnel hired by the Monitor as authorized in the Monitorship Order are entitled to "reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Monitored Entities." (ECF No. 76, PageID.5557-5558).

The "Court's primary concern in awarding professional fees is that the fees be reasonable." *Commodity Futures Trading Comm'n v. Aurifex Commodities Rsch. Co.*, No. 1:06-CV-166, 2007 WL 2481015, at *1 (W.D. Mich. Aug. 29, 2007) (involving receiver's request for professional fees) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). The Court may review whether the services were "actually and necessarily performed … that the expenses billed were actually and necessarily incurred … and that the amount of the fees and expenses is reasonable as to the hourly rates charged, the hours expended, and the expenses billed." *Quilling v. Trade Partners, Inc.*, No. 1:03-CV-236, 2008 WL 4287824, at *1 (W.D. Mich. Sept. 17, 2008). The Court may evaluate supporting documentation, such as "detailed invoices which identify in descriptive detail the tasks performed, who performed each task, the person's position and billing rate, and how much time was devoted to each task." *F.T.C. v. Fortune Hi-Tech Mktg., Inc.,* No. CIV.A. 13-123, 2013 WL 4495829, at

7

*3 (E.D. Ky. Aug. 20, 2013) (holding that receiver established prima facie case for reasonableness of attorney's fees). Here, the Monitor and its team have engaged in reasonable and necessary tasks to carry out the duties of the Monitor as set forth in the Monitorship Order as summarized above and in the invoices submitted with this application. This Motion and the accompanying Miles Declaration establish that the Monitor, its members, staff and professionals rendered reasonable and necessary services pursuant to the Monitorship Order. The Monitor respectfully submits the fees are reasonable in light of the services rendered and results obtained to date, and that the fees and expenses requested should be awarded in their entirety.

## IV.   CONCLUSION

For the foregoing reasons, the Monitor respectfully requests that the Court grant this Motion in its entirety and approve and authorize for payment the fees and expenses of the Monitor and professionals working at the direction of the Monitor, to be paid from the assets now held by, in the possession or control of, or which may be received by, the Monitored Entities. (ECF No. 76, PageID.5557-5558).

Dated:  July 15, 2025                                       BARNES & THORNBURG LLP

/s/ Anthony C. Sallah
Patrick A. Miles, Jr. (P46379)
Anthony C. Sallah (P84136)
David A. Hall (P81426)
171 Monroe Ave NW, Suite 1000
Grand Rapids, Michigan 49503
Phone:  (616) 742-3930
Facsimile:  (616) 742-3999

8

                                              Patrick.Miles@btlaw.com
                                              David.Hall@btlaw.com
                                              Anthony.Sallah@btlaw.com
*On behalf of the Court-appointed Monitor Patrick A. Miles, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025 a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Dated:  July 15, 2025

BARNES & THORNBURG LLP

*/s/ Anthony C. Sallah*
Patrick A. Miles, Jr. (P46379)
Anthony C. Sallah (P84136)
David A. Hall (P81426)
171 Monroe Ave NW, Suite 1000
Grand Rapids, Michigan 49503
Phone:  (616) 742-3930
Facsimile:  (616) 742-3999
Patrick.Miles@btlaw.com
David.Hall@btlaw.com
Anthony.Sallah@btlaw.com
*On behalf of the Court-appointed Monitor Patrick A. Miles, Jr.*